THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WACKER DRIVE EXECUTIVE SUITES, LLC, on behalf of itself, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JONES LANG LASALLE AMERICAS (ILLINOIS), LP, <br><br> Defendant. | Case No. 1:18-cv-5492 <br><br> Magistrate Judge Sunil R. Harjani |

## JOINT INITIAL STATUS REPORT

**1. Description of Claims and Relief Sought.**

    **A. Describe the claims and defenses raised by the pleadings, including the basis for federal jurisdiction.**

Plaintiff, individually and on behalf of all other tenants and subtenants in Defendant's Chicago Loop commercial buildings who incurred moving expenses or hired contractors to make improvements in their properties in the past four years, brings claims as a Class Action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff claims in its individual capacity and on behalf of the putative class that Defendant violated 18 U.S.C. §1962(c) and 18 U.S.C. §1962(d) by allowing three labor unions to restrict access to its building by any non-union contractors. Plaintiff believes such an agreement between the unions and Defendant violates the National Labor Relations Act, 29 U.S.C. §158(e) as a type of "unfair labor practice," a pact by an employer and a union to "cease handling" or otherwise dealing with an entity because it is not unionized ("hot cargo agreement"). Plaintiff further believes these actions also violate 18 U.S.C. §1951 (The Hobbs Act), as Defendant denied access into its buildings and loading docks for non-union movers, tradesmen and contractors, effectively barring Plaintiff from using their

services. Plaintiff alleges these are acts of racketeering pursuant to 18 U.S.C. §§1961(1)(B) and (C).

Defendant has moved to dismiss Plaintiff's complaint on two grounds. *See* Dkt. 31. First, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant asserts Plaintiff's complaint fails to state a claim upon which relief can be granted under RICO, based on its belief that Plaintiff has not and cannot adequately allege (1) the predicate violations of other statutes necessary to sustain its RICO claims and (2) that Defendant conducted the affairs of the alleged RICO enterprise. Second, pursuant to Rule 12(b)(1), Defendant asserts Plaintiff's complaint lacks subject-matter jurisdiction, because Plaintiff does not have Article III standing to assert its claims. Plaintiff's purported injury is not fairly traceable to the alleged actions of Defendant or redressable by a decision in Plaintiff's favor. These grounds for dismissal are detailed in Defendant's briefing in support of its pending motion. *See* Dkt. 32, 41, 45.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c) on the basis of federal question jurisdiction, as both Counts of the complaint assert violations of RICO, 18 U.S.C. § 1961, *et seq*.

**B.    State the relief sought, including an itemization of damages.**

Plaintiff alleges it was damaged by being required to pay significantly above comparable market rates for construction and moving services because of Defendant's requirement and agreement with the three labor unions that Plaintiff and class members only use more expensive union services for moving and construction. Pursuant to 18 U.S.C. §1964(c), Plaintiff seeks treble damages, attorney's fees, costs, and pre-judgment interest. Plaintiff also seeks a preliminary and permanent injunction prohibiting Defendant from continuing to enforce its union-only policy. Additionally, Plaintiff seeks class certification pursuant to Federal Rule of Civil Procedure, Rule 23(b)(2) and (b)(3).

The individual Plaintiff seeks damages under 18 U.S.C. §1964(c) for estimated overcharges exceeding $46,000.00, along with treble damages, reasonable attorneys' fees and costs, and pre-judgment interest. Plaintiff is unable to provide a precise itemization of class wide damages until the completion of discovery. However, Plaintiff seeks similar damages on behalf of all tenants in JLL Chicago Loop buildings who either contracted for work in their space and/or moved at any time in the past four years (from the date of the filing of the complaint).

**2.     Referral Cases.**

On October 18, 2018, in accordance with the provisions of 28 U.S.C. § 636(c), the parties voluntarily consented to have Magistrate Judge Sheila M. Finnegan conduct any and all further proceedings in this case, including trial, and order the entry of a final judgment. *See* Dkt. 28.

**3.     Discovery Schedule.**

No discovery cut-off dates have been set yet.

**A.     Mandatory Initial Discovery Pilot Project.**

On October 16, 2018, following the parties' joint request to stay all mandatory initial discovery responses until a ruling on Defendant's motion to dismiss (*see* Dkt. 23 at 4), Judge Andrea R. Wood issued an order striking the parties' obligations to provide mandatory initial discovery until further order of the Court, subject to reconsideration by the magistrate judge upon the then-anticipated reassignment.[1] *See* Dkt. 26. On October 22, 2018, this case was reassigned to Judge Finnegan (Dkt. 30), who did not issue any order regarding mandatory initial discovery.

**B.     Fact discovery.**

The parties request that all discovery in this matter be stayed pending the Court's ruling on Defendant's motion to dismiss. Should the Court deny Defendant's motion to dismiss, the parties

---

[1] Prior to this order, the parties' respective mandatory initial discovery responses were due November 14, 2018 and respective disclosures of ESI were due November 24, 2018.

propose completing fact discovery nine (9) months from the date the Court rules on the motion.

        **C.**     **Expert discovery.**

The parties believe it is premature to determine whether they will need expert discovery. If such discovery is needed, the parties propose that they disclose their experts within sixty (60) days following the completion of fact discovery.

**4.**     **Consideration of Issues Concerning ESI.**

The parties believe discovery may encompass ESI. At this time, the parties are not aware of any disagreements regarding disclosure or discovery of ESI, but will meet and confer regarding any such issues as soon as practicable in accordance with the Seventh Circuit Electronic Discovery Committee's Principles Relating to the Discovery of Electronically Stored Information.

The parties intend to file a stipulation for entry of a proposed order governing the production of ESI and treatment of confidential information. The proposed order will address the parties' agreement on the procedure for addressing the inadvertent disclosure of any material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege or doctrine.

**5.**     **Settlement.**

        **A.**     **Describe the status of settlement discussions.**

The parties have not discussed the possibility of settlement at this time.

        **B.**     **State whether the parties believe that a settlement conference would be productive at this time, and if not, briefly explain why.**

Given Defendant's pending motion to dismiss, the parties do not believe that a settlement conference would be productive at this time, but may request one at a later date.

**6.**     **Magistrate Judge Consent.**

The parties consent to have Judge Harjani conduct all further proceedings in this case, including trial and entry of final judgment, in accordance with 28 U.S.C. § 636(c) and Federal

Rule of Civil Procedure 73.

7. **Pending Motions.**

Defendant's motion to dismiss (Dkt. 31) is fully briefed[2] and pending before the Court.

8. **Trial.**

Plaintiff requests a jury trial. *See* Dkt. 1 ¶¶ 61, 70. The date when the parties expect to be ready for trial and the probable length of trial cannot be determined until the Court rules on any motion(s) regarding class certification.

9. **Other Matters.**

The parties are not aware of other matters that should be brought to the Court's attention for scheduling purposes.

Dated: January 16, 2019                                      Respectfully submitted,

| WACKER DRIVE EXECUTIVE SUITES, LLC | JONES LANG LASALLE AMERICAS (ILLINOIS), LP |
|---|---|
| */s/ James B. Zouras* <br>     One of Its Attorneys | */s/ Kevin F. Gaffney* <br>     One of Its Attorneys |
| Ryan F. Stephan <br> James B. Zouras <br> STEPHAN ZOURAS, LLP <br> 100 North Riverside Plaza, Suite 2150 <br> Chicago, Illinois 60601 <br> Tel: 312.233.1550 <br> Fax: 312.233.1560 <br> rstephan@stephanzouras.com <br> jzouras@stephanzouras.com <br><br> Howard W. Foster <br> Matthew A. Galin <br> FOSTER PC | Philip A. Miscimarra <br> Scott T. Schutte <br> Stephanie L. Sweitzer <br> Kevin F. Gaffney <br> Heather J. Nelson <br> MORGAN, LEWIS & BOCKIUS LLP <br> 77 West Wacker Drive <br> 5th Floor <br> Chicago, IL 60601 <br> Tel: 312.324.1000 <br> Fax: 312.324.1001 <br> philip.miscimarra@morganlewis.com <br> scott.schutte@morganlewis.com |

---

[2] On December 12, 2018, Plaintiff filed a motion for leave to file a sur-reply in further opposition to Defendant's motion to dismiss (Dkt. 42) and attached its proposed sur-reply as Exhibit A to the motion (Dkt. 42-1). Judge Finnegan granted Plaintiff's motion and further permitted Defendant to file a brief response to the sur-reply. *See* Dkt. 44. On January 3, 2019, Defendant did so. *See* Dkt. 45.

150 N. Wacker Drive, Suite 2150  
Chicago, Illinois 60606  
Tel: 1.312.726.1600  
hfoster@fosterpc.com  
mgalin@fosterpc.com  

Aaron R. Walner  
THE WALNER LAW FIRM LLC  
555 Skokie Boulevard, Suite 250  
Northbrook, Illinois 60062  
Tel: 1.312.371.2308  
awalner@walnerlawfirm.com  
walner@walnerlawfirm.com  

*Attorneys for Plaintiff*

stephanie.sweitzer@morganlewis.com  
kevin.gaffney@morganlewis.com  
heather.nelson@morganlewis.com  

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on the 16th day of January 2019, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to the following attorneys of record for Plaintiff:

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60601
Tel: 1.312.233.1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com

Howard W. Foster
Matthew A. Galin
FOSTER PC
150 N. Wacker Drive, Suite 2150
Chicago, Illinois 60606
Tel: +1.312.726.1600
hfoster@fosterpc.com
mgalin@fosterpc.com

Aaron R. Walner
THE WALNER LAW FIRM LLC
555 Skokie Boulevard, Suite 250
Northbrook, Illinois 60062
Tel: +1.312.371.2308
awalner@walnerlawfirm.com
walner@walnerlawfirm.com

*Attorneys for Plaintiff*

          */s/ Kevin F. Gaffney*