IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WACKER DRIVE EXECUTIVE SUITES, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>JONES LANG LASALLE AMERICAS (ILLINOIS), LP,<br><br>    Defendant. | Case No. 1:18-cv-5492<br><br>Magistrate Judge Sunil R. Harjani |

**DEFENDANT'S REPLY TO PLAINTIFF'S**
**<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Throughout its responses to the Motion to Dismiss brought by Defendant Jones Lang LaSalle Americas (Illinois), LP ("JLL"), Plaintiff has tried in vain to avoid this dispositive fact: JLL, as the manager of the building in which Plaintiff leased office space, merely enforced a union-only rule ***imposed by the building's owner and agreed to by Plaintiff in its lease***.[1] Plaintiff tries to do the same once more in its Notice of Supplemental Authority, insisting that this case is "factually analogous" to the First Circuit case *United States v. Brissette.* Dkt. 51 at 2. Not so. To the contrary, the facts evident in *Brissette* but missing here reinforce that Plaintiff cannot plausibly allege that JLL violated the Hobbs Act—which is just one of the necessary prerequisites for Plaintiff's admittedly "complicated" and "three-tiered" theory of relief. Dkt. 40 at 1.

In *Brissette*, a production company entered into an agreement with the City of Boston to use the City's public space for music festivals. 2019 WL 1397579, at *1. This agreement "did

---

[1] The documents referenced in and relied upon by the Complaint establish this fact. *See* Dkt. 32 at 3-5. Thus, it is appropriate for the Court's consideration on JLL's Motion to Dismiss (*see id*. at n. 1-2, 4), and Plaintiff's repeated attempts to mischaracterize the building's rule as "JLL's rule" are of no moment (*see, e.g., id.* at 5; Dkt. 41 at 13-14; Dkt. 45 at 2).

not obligate [the company] to hire the workers that it needed to put on a festival from any union or otherwise place restraints on [the company's] hiring practices." *Id*. at *2. Subsequently, two government officials who held the power to issue permits necessary for the festivals allegedly "insisted that [the company] hire members of Local 11 to work at the upcoming festival." *Id.* The company did so. *Id.* The First Circuit held that the government officials' alleged conduct of "directing" property (i.e., money paid as wages) to Local 11 constituted "obtaining of that property" under the Hobbs Act's extortion provision. *Id.* at *5, *8.

Every one of these material facts in *Brissette* contrasts with the facts here. Whereas in *Brissette* the underlying contract for use of the City's space did not obligate the company to hire unionized workers, Plaintiff's lease for use of the building owner's space did precisely that. *See* Dkt. 32 at 3-4 and Exs. A-C. Whereas in *Brissette* the government officials leveraged their permit power to impose an extra-contractual obligation on the company to hire unionized workers, JLL merely enforced the pre-existing obligation between Plaintiff and the building owner. *Id.* at 4. Whereas in *Brissette* the government officials "directed" property (i.e., wages) to a *specific* union, JLL only prevented Plaintiff from directing wages to non-unionized workers *generally*,[2] in accord with the building owner's rule. *Id.* at 3-4.

---

[2] In an attempt to align this case with *Brissette*, Plaintiff contends for the first time in its Notice of Supplemental Authority that JLL "withheld permission to open or operate [Plaintiff's] business at 125 S. Wacker Dr. unless it hired *specific* union workers." Dkt. 51 at 2 (emphasis added). In the Complaint, however, Plaintiff alleges only that JLL denies non-union contractors (generally) entry to the building, absent "proof of union membership." Dkt. 1, ¶ 17.

This is the second time Plaintiff has tried to embellish JLL's alleged relationship to the three unions identified in the Complaint by way of further briefing, even though the allegations as pled tell a different story. *See* Dkt. 45 at 2 (contrasting Plaintiff's new assertion that JLL "empowered" the three unions with the Complaint, which alleges that the "three unions have exerted *their power* over JLL for years.") (*citing* Dkt. 1, ¶ 15).

2

So even if the Court is inclined to follow the First Circuit's (non-binding) view that the "obtaining property" element of a Hobbs Act violation does not require that a defendant receive "personal benefit," *Brissette* still does not demonstrate that Plaintiff has met its pleading burden on that element. Nor does *Brissette* have any bearing on whether Plaintiff has met its burden to plead the other necessary elements of a Hobbs violation[3] *or* the many other necessary elements of its "three-tiered" theory of relief. As set forth in JLL's motion papers, Plaintiff has not and cannot do so. Therefore, JLL respectfully requests that this Court grant its Motion to Dismiss with prejudice.

Dated: April 3, 2019

Respectfully submitted,

JONES LANG LASALLE
AMERICAS (ILLINOIS), LP

*/s/ Scott T. Schutte*
        One of Its Attorneys

Philip A. Miscimarra
Scott T. Schutte
Stephanie L. Sweitzer
Kevin F. Gaffney
Heather J. Nelson
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, 5th Floor
Chicago, IL 60601
Tel: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
scott.schutte@morganlewis.com
stephanie.sweitzer@morganlewis.com
kevin.gaffney@morganlewis.com
heather.nelson@morganlewis.com

*Attorneys for Defendant*

---

[3] Specifically, that JLL's alleged conduct was "wrongful" and that JLL's alleged conduct rises to the level of extortion under the Hobbs Act. *See* Dkt. 32 at 12-13; Dkt. 41 at 8-10.

## **CERTIFICATE OF SERVICE**

I certify that on the 3rd day of April 2019, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to the following attorneys of record for Plaintiff:

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
Tel: +1.312.233.1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com

Howard W. Foster
Matthew A. Galin
FOSTER PC
150 N. Wacker Drive, Suite 2150
Chicago, Illinois 60606
Tel: +1.312.726.1600
hfoster@fosterpc.com
mgalin@fosterpc.com

Aaron R. Walner
THE WALNER LAW FIRM LLC
555 Skokie Boulevard, Suite 250
Northbrook, Illinois 60062
Tel: +1.312.371.2308
awalner@walnerlawfirm.com
walner@walnerlawfirm.com

*Attorneys for Plaintiff*

*/s/ Scott T. Schutte*
Scott T. Schutte