THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WACKER DRIVE EXECUTIVE SUITES, LLC, on behalf of itself, individually, and on behalf of all others similarly situated, Plaintiff, v. JONES LANG LASALLE AMERICAS (ILLINOIS), LP, Defendant. | Case No. 1:18-cv-5492<br><br>Magistrate Judge Sunil R. Harjani |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### I. INTRODUCTION

"Leave to amend should be freely given if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *JP Morgan Chase Bank, NA v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 346 (N.D. Ind. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiff, for the first time, has requested leave of the Court to amend its complaint to add two additional subsections of the National Labor Relations Act ("NLRA"), 29 U.S.C. 158, which Plaintiff claims Defendant violated in addition to 29 U.S.C. 158(e). (D.E. 62). Defendant argues that the Court should deny Plaintiff's motion, claiming it is untimely and that Defendant will suffer prejudice by expending "further resources briefing issues" (D.E. 69 at 4). Because of the liberal standard with which motions to amend are granted, as well as the fact that Defendant's arguments do not survive even the most cursory review of this circuit's case law, this Court should grant Plaintiff's motion for leave to file an amended complaint.

### II. PROCEDURAL BACKGROUND.

Plaintiff filed its original complaint on August 13, 2018. (D.E. 1). Following an unopposed motion for an extension, Defendant extended their September 13, 2018 deadline to answer or

otherwise plead to October 15, 2018. (D.E. 18). Through a joint motion, Defendant was granted another extension of time to answer or otherwise plead by October 22, 2018. (D.E. 24). The motion was fully briefed by both parties in December and the Court denied Defendant's motion on May 28, 2019. (D.E. 55). Discovery has only very recently begun. Indeed, Defendant has not yet answered Plaintiff's discovery requests and has not issued its own discovery yet. Neither party has taken or noticed depositions.

### III. LEGAL STANDARD.

"A complaint merely serves to put defendants on notice, and should be 'freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant.'" *Luckett v. Conlan*, 561 F. Supp. 2d 970, 974 (N.D. Ill. 2008) (quoting *Umar v. Johnson*, 173 F.R.D. 494, 503 (N.D. Ill. 1997)). "A liberal approach to pleading amendments is particularly important where the law is uncertain, such as with pleading standards." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 855 (7th Cir. 2017); *see Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510, 520 (7th Cir. 2015) ("In the wake of *Twombly* and *Iqbal*, there remain considerable uncertainty and variation among the lower courts as to just how demanding pleading standards have become. . . . In the face of that uncertainty, applying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on their merits.") (citations omitted).

Delay alone– even if it were to exist here—is insufficient to deny leave because it must be coupled with another factor, such as prejudice to the defendant. *George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 789-91 (7th Cir. 2011). Here, there is no real delay, despite Defendant's protestations to the contrary. Even so, delay is not easily proven by a defendant. "Amendments to complaints are liberally allowed up to and *even after* trial, judgment, and appeal." *National*

*Organization for Women, Inc. v. Scheidler*, 267 F.3d 687, 707 (7th Cir. 2001) (emphasis added). Courts in this circuit allow amendments as many as two or three years after an initial complaint is filed, even after the completion of written discovery. *See, e.g., McDaniel v. Loyola University Medical Center*, 317 F.R.D. 72, 77 (N.D. Ill. 2016) (allowing amendment to complaint two years after first amended complaint filed, after the court granted in part and denied in part a motion to dismiss, and after written discovery deadline had passed); *King v. Cooke*, 26 F.3d 720, 722-23 (7th Cir. 1994) (allowing amendment to answer three years after the answer was filed).

IV. **ARGUMENT.**

Plaintiff has moved to file an amended complaint making a modest change: adding the additional statutory subsections of the National Labor Relations Act, 29 U.S.C. §158(b)(4)(ii)(A) and (B), as a basis for its claim. These subsections prohibit agreements between a labor union and an employer to refuse to deal with a second employer which is non-union. This is precisely what the Complaint already alleged by virtue of a different subsection of the statute, §8(e). The proposed amendment simply provides Plaintiff with another route to prove its case and is sought to address some of the contours of the Court's rulings with respect to §8(e). This is a minor change in the theory of the case.

Plaintiff has also sought this amendment quickly and expeditiously after that May 2019 ruling, bringing it to the Court's attention at the first subsequent status conference, which was held on July 31, 2019, and then sending Defendant a redlined version of the proposed amendment on August 1, 2019. That is not so prejudicial as to deny leave to amend because discovery has just commenced. *See, e.g., McDaniel v. Loyola University Medical Center,* 317 F.R.D. 72, 77 (N.D. Ill. 2016) (holding prejudice did not exist unless the proposed amendment was unduly delayed and advanced "new theories that require additional discovery" toward the end of the schedule).

While Defendant argues that Plaintiff's bringing a motion to amend a year after filing the initial complaint constitutes delay, this is largely unsupported by this circuit's case law and it ignores that the case is still in its very early stages. The amendments Plaintiff seeks to make in its complaint would not alter the minor discovery that has commenced in this case in any significant way. And with motions to amend being granted as many as three years after an initial filing, Plaintiff's filing one-year later can hardly be construed as undue delay – especially as Defendant itself requested two extensions to file its motion to dismiss, and as the motion was denied only three months ago after the case was reassigned to this Court in January 2019. *See id.*

Even if Defendant had succeeded in arguing that Plaintiff's pre-discovery motion to amend was delayed, that would not be enough – Defendant would also have to show that it would suffer undue prejudice if Plaintiff did amend its complaint. Defendant makes no such argument. Instead, Defendant states that it would be required to file a second motion to dismiss if Plaintiff's motion was granted and then claims, without merit or support, that *this* constitutes undue prejudice.

No case law exists supporting this point because it is absurd – a plaintiffs' right to amend is not lost simply because a defendant is annoyed by the prospect of filing a motion to dismiss the amended complaint. Defendant cites no applicable precedent supporting its prejudice argument. Its sole basis for the "prejudice" is that it will move to dismiss the amended Complaint. (*See* D.E. 69 at 3 ("JLL intends to seek dismissal of WDES's new legal theories")). But if that were enough to establish prejudice, few amendments would ever be allowed after an order on a motion to dismiss. Thus, the Court should not accept that there will be any real prejudice here.[1] *See ,e.g.,*

---

[1]. And to the extent that Defendant is attempting to argue futility—which it merely alludes to in a footnote (*see* D.E. 69 at 3, n. 4)—that the RICO claim cannot be predicated upon these "unfair labor practices" because Defendant is not a union (and the unfair labor practices are directed at unions, not employers), misses the point. The RICO claim alleges Defendant has *conspired* with these three labor unions to commit these practices. This conspiracy with the unions is the basis of

*Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) ("The case for prejudice is stated, however, only in the most conclusory terms," reversing denial of leave to amend). And even if Defendant feels obliged to bring a meritless motion to dismiss, that would not be grounds for finding prejudice here. As discussed, it has ample time to deal with the new allegations.

Finally, Defendant's motion relies entirely on distinguishable case law, failing to supply any credence to its argument that Plaintiff should be barred from amending its complaint. (*See, e.g.,* D.E. 69 at 1 (citing *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) (where plaintiffs did not even seek leave to amend, but had an argument waived because it did not address it in motion briefing)); D.E. 69 at 1-4 (citing *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 347 (N.D. Ind. 2010) (denying leave to amend two years after the filing deadline, after discovery had closed, and where the amendment would require new discovery)); D.E. 69 at 2-3 (citing *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 855 (7th Cir. 2017) (denying motion to amend time-bared statutory claim brought seven years after original complaint)); D.E. 69 at 3 (citing *O'Boyle v. Real Time Resolutions, Inc.*, No. 17-C-0957, 2018 WL 1709412, at *3 (denying leave to amend after granting defendant's motion to dismiss, making plaintiff's amendment incurable)); D.E. 69 at 4 (citing *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (denying leave to amend complaint submitted one week before trial)); D.E. 69 at 3 (citing *Messner v. Calderone*, 407 Fed. Appx. 972, 974 (7th Cir. 2011) (Where the Court denied plaintiff's motion to amend because discovery had closed, the plaintiff lost at summary judgment, and because plaintiff did not even submit a proposed amended complaint or an explanation of the delay))).

---

the Complaint's allegation of a "hot cargo violation" violating §8(e). So the proposed amendment is not futile, and Defendant has not even put forth this argument in any real and meaningful way.

5

For all these reasons, Plaintiff respectfully requests that this Court grant Plaintiff's motion for leave to amend its complaint.

Date:   August 26, 2019

Respectfully Submitted,
*s/ James B. Zouras*
James B. Zouras
Ryan F. Stephan
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606
jzouras@stephanzouras.com
rstephan@stephanzouras.com

Howard W. Foster
Matthew A. Galin
Foster PC
150 N. Wacker Drive, Suite 2150
Chicago, IL 60606
hfoster@fosterpc.com
mgalin@fosterpc.com

Aaron R. Walner
The Walner Law Firm LLC
555 Skokie Boulevard, Suite 250
Northbrook, IL 60062
awalner@walnerlawfirm.com
walner@walnerlawfirm.com

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on August 26, 2019, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

                                                                      */s/ James B. Zouras*