THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WACKER DRIVE EXECUTIVE SUITES, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JONES LANG LASALLE AMERICAS (ILLINOIS), LP,<br><br>Defendant. | Case No. 18-CV-5492<br><br>Magistrate Judge Sunil R. Harjani |

## ORDER

Plaintiff Wacker Drive Executive Suites LLC seeks leave to amend its Complaint [62, 72] under Federal Rule of Civil Procedure 15(a)(2) to add two additional subsections of alleged violations of 29 U.S.C. § 158(b)(4)(ii)(A) and (B). Defendant Jones Lang LaSalle Americas (Illinois), LP objects to the motion [69] and the proposed amendment.

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits amendments to complaints and further instructs that the Court should "freely" grant leave "when justice so requires." While Defendant is correct that Plaintiff bears the burden of establishing the basis for the request, the scrutiny is not as exacting as Defendant represents. As the Seventh Circuit recently stated, "applying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on their merits." *Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 518 (7th Cir. 2015). The decision to grant a plaintiff leave to further amend a complaint under Rule 15(a)(2) is also within the sound discretion of the Court. *See Pugh v. Tribune C*o., 521 F.3d 686, 698 (7th Cir. 2008).

Courts routinely grant leave to amend complaints, particularly early in the case, where discovery is still in its infancy, and the defendant has an opportunity to explore the basis for the allegation and take discovery on the matter. In contrast, courts often deny motions for leave to amend brought at the close of discovery. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)(affirming denial of leave to amend complaint brought three days before the close of discovery); *Coleman v. Ramada Hotel Operating Co*., 933 F.2d 470, 473 (7th Cir. 1991) (affirming denial of leave to amend complaint brought at the close of discovery); *Bohen v. City of East Chicago*, 799 F.2d 1180, 1184

(7th Cir. 1986) (affirming denial of leave to amend brought two weeks before the close of discovery because plaintiff was "less than diligent" and amendment prejudiced defendant). Moreover, district courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Right Field Rooftops, LLC v. Chi. Cubs Baseball Club*, LLC, 870 F.3d 682, 693 (7th Cir. 2017).

In this case, Defendant contends that the proposed amendment comes one year after the filing of the initial complaint. That, of course, is after a lengthy briefing period on Defendant's motion to dismiss, the Court's consideration of that motion, and its even lengthier opinion. "Delay on its own is usually not reason enough for a court to deny a motion to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). This is also Plaintiff's first request to amend and it comes shortly after the Court's ruling on Defendant's motion to dismiss and the filing of its answer to the complaint. Thus, the argument on delay is not persuasive. Discovery is also at its early stages in this case, and Defendant will have the opportunity to explore the basis for these additional claims, which can cure any prejudice to Defendant. Defendant also contends that Plaintiff has failed to sufficiently explain why it did not include the allegation in its first complaint. That may be true, but Plaintiff does not have to proffer a detailed explanation under the rule, and its explanation that it is adding two additional claims as a result of this Court's ruling on the motion to dismiss is enough. Futility is also not obvious from the Defendant's response brief and Defendant has also not fully developed the argument. Nor is the threat of another motion to dismiss from the Defendant sufficient to deny the motion – the filing of the motion is a choice in the hands of the Defendant and it could certainly opt not to file one now and wait until summary judgment to assert its arguments. While the Court certainly would have preferred to address all the claims in one opinion, the fact that the Court has to address another motion to dismiss on a more limited set of claims is not a sufficient basis to deny the amendment. Defendant's argument is also true for virtually all amendments under Rule 15(a)(2), which could inspire a second motion to dismiss, yet they are still freely granted by district courts. For the reasons stated above, the Court does not find that there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or futility of the amendment, which are the standards that the Seventh Circuit has laid out as a basis to deny a Rule 15(a)(2) amendment. *Right Field Rooftops*, 870 F.3d at 693.

Having said that, and because the potential for future amendments can cause disruption in the discovery schedule and the Court's Rule 16(b) scheduling order, the Court is establishing a deadline for Plaintiff to file an amended complaint with any additional claims by September 13, 2019. After that, any future requests to amend the Complaint will have to satisfy the good cause standard identified in *Alioto v. Town of Lisbon*, 651 F.3d 715, 718 (7th Cir. 2011) and *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016).

Plaintiff's motion for leave to file an amended complaint [62] is granted. Plaintiff shall file its amended complaint by September 13, 2019.

**SO ORDERED.**

Dated: September 4, 2019

_____
Sunil R. Harjani
United States Magistrate Judge