THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WACKER DRIVE EXECUTIVE SUITES, LLC, on behalf of itself, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:18-cv-5492 |
| v. | Magistrate Judge Sunil R. Harjani |
| JONES LANG LASALLE AMERICAS (ILLINOIS), LP, | Jury Trial Demand |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

In Paragraphs 13 and 36 of the First Amended Complaint ("FAC"), Plaintiff Wacker Drive Executive Suites, LLC ("Plaintiff") alleges, for the first time, that Defendant Jones Lang LaSalle Americas (Illinois), L.P. ("JLL") violated Section 8(b)(4)(ii)(A) and (B) of the National Labor Relations Act (the "NLRA"), 29 U.S.C. § 158(b)(4)(ii)(A) and (B). These new allegations should be dismissed because Section 8(b)(4)(A) and (B)—like every other provision in Section 8(b) of the NLRA—describes *union* unfair labor practices. JLL indisputably is not a union. Indeed, the unlawful conduct in which Plaintiff alleges JLL has engaged is *employer* conduct purportedly in violation of NLRA Section 8(e), which makes it unlawful for any "employer" to enter into certain types of union agreements, and Taft-Hartley Act Section 302, which makes it unlawful for any "employer" to pay or lend any thing of value to a union or union officers. *See* Compl. ¶¶13, 38-40; FAC ¶¶13, 36, 38-40. Because Plaintiff's new theories fail as a matter of law, their newly raised claims should be dismissed.

1

## I. STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555 (internal alterations, quotations and citations omitted). Mere legal conclusions "are not entitled to the assumption of truth" and, instead, "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Stated differently, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *see also Limestone Dev. Corp. v. Vill. of LeMont*, 520 F.3d 797, 802–803 (7th Cir. 2008) ("[A] defendant should not be forced to undergo costly discovery unless the complaint contains enough detail. . . to indicate that the plaintiff has a substantial case."). Where a plaintiff fails to allege an adequate factual basis for his claims for recovery, dismissal is appropriate.

## II. ARGUMENT

Plaintiff's new assertion—that JLL violated Section 8(b)(4)(ii)(A) and (B) of the NLRA should be dismissed because such claims are not facially plausible as a matter of law. Section 8(b) of the NLRA proscribes unlawful conduct by *unions*—not employers—and Plaintiff's allegations that JLL violated this section of the NLRA are nonsensical.

2

In the original Complaint, Plaintiff claimed JLL, as an *employer*, entered into "hot cargo" agreements with three unions in violation of Section 8(e) of the NLRA.[1] Compl. ¶¶11-13. Plaintiff has now amended the Complaint to allege the same conduct by JLL has violated NLRA Section 8(b)(4)(ii)(A) and (B), which can only be violated by a *union*.[2] FAC ¶36.

Such an assertion disregards the fundamental distinction that exists in the NLRA between employers and unions, and JLL cannot possibly be considered both. As stated in *NLRB v. Hendricks County Rural Electric Membership Corp.*, 454 U.S. 170 (1981), the demarcation between management and labor is "fundamental to the industrial philosophy of the labor laws in this country." *Id.* at 193 (Powell, J., concurring in part and dissenting in part). *See also NLRB v. Bell Aerospace Co., Div. of Textron, Inc.*, 416 U.S. 267, 284–85 n. 13 (1974) (recognizing "traditional distinction between labor and management"); *Caterpillar, Inc. v. Int'l Union, UAW*, 107 F.3d 1052, 1066 (3d Cir. 1997) (Circuit Judge Mansmann, dissenting), *cert. granted*, 521 U.S. 1152 (1997), *cert. dismissed*, 523 U.S. 1015 (1998) ("Congress insisted that the NLRB and the courts observe a sharp line between management and labor") (citations omitted). In fact, the NLRA makes it *unlawful* for any employer to attempt to serve as both an employer and a labor organization. *See* NLRA Section 8(a)(2), 29 U.S.C. § 158(a)(2) (making it unlawful for any

---

[1] Section 8(e) makes it an unfair labor practice "for any labor organization and any employer to enter into any contract or agreement, express or implied, whereby such employer ceases or refrains or agrees to cease or refrain from handling, using, selling, transporting or otherwise dealing in any of the products of any other employers, or to cease doing business with any person." 29 U.S.C. § 158(e).

[2] Section 8(b)(4)(A) and (B) make it unlawful for a *labor organization* to "threaten, coerce, or restrain any person" where an "object" or purpose is (A) "forcing or requiring any employer or self-employed person to join any labor or employer organization or to enter into any agreement prohibited by [Section 8](e)" or (B) "forcing or requiring any person […] to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization." 29 U.S.C. § 158(b)(4)(ii)(A) and (B).

3

employer to "dominate" or "interfere with the formation or administration of any labor organization. . . .").

In sum, Sections 8(b)(4)(ii)(A) and (B), just like every other provision in Section 8(b) of the NLRA, describe *union* unfair labor practices and thus exclusively imposes liability *on unions*. Because no unions are parties in the instant action, Plaintiff's attempt to shoehorn its allegations against JLL into Section 8(b) claims fails as a matter of law, and such claims should be dismissed.[3]

### III. CONCLUSION

For the foregoing reasons, JLL respectfully requests that the Court grant its partial motion to dismiss Plaintiff's Section 8(b) claims in Paragraphs 13 and 36 of the FAC.

Dated: September 20, 2019

Respectfully submitted,

JONES LANG LASALLE AMERICAS (ILLINOIS), LP

By: */s/ Scott T. Schutte*
    One of Its Attorneys

Scott T. Schutte
Philip A. Miscimarra
Stephanie L. Sweitzer
Kevin F. Gaffney
Heather J. Nelson
Morgan, Lewis & Bockius LLP
77 West Wacker Drive
5th Floor
Chicago, IL 60601
Tel: 312.324.1000
Fax: 312.324.1001
scott.schutte@morganlewis.com
philip.miscimarra@moganlewis.com
stephanie.sweitzer@morganlewis.com

---

[3] Section 2(5) of the NLRA defines a "labor organization" as "any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and *which exists for the purpose, in whole or in part, of dealing with employers* concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work" (emphasis added). This definition obviously has no application to JLL.

4

kevin.gaffney@morganlewis.com
heather.nelson@morganlewis.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on the 20th of September, 2019, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to the following attorneys of record for Plaintiff:

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
Tel: +1.312.233.1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com

Howard W. Foster
Matthew A. Galin
FOSTER PC
150 N. Wacker Drive, Suite 2150
Chicago, Illinois 60606
Tel: +1.312.726.1600
hfoster@fosterpc.com
mgalin@fosterpc.com

Aaron R. Walner
THE WALNER LAW FIRM LLC
555 Skokie Boulevard, Suite 250
Northbrook, Illinois 60062
Tel: +1.312.371.2308
awalner@walnerlawfirm.com
walner@walnerlawfirm.com

*Attorneys for Plaintiff*

*/s/ Scott T. Schutte*