THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WACKER DRIVE EXECUTIVE SUITES, LLC**, on behalf of itself, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:18-cv-5492 |
| v. | Magistrate Judge Sunil R. Harjani |
| **JONES LANG LASALLE AMERICAS (ILLINOIS), LP,** | |
| Defendant. | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## PARTIAL MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff Wacker Executive Suites, LLC ("Plaintiff" or "WDES"), by undersigned counsel, hereby submits its response to Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss" and "Amended Complaint" respectively).[1] For the reasons stated herein, the Motion to Dismiss should be denied.

## INTRODUCTION

Defendant Jones Lang LaSalle Americas (Illinois) LP ("JLL" or "Defendant") brings its new Motion to Dismiss with respect to WDES' Racketeer Influenced and Corrupt Organizations Act ("RICO") claims predicated upon 29 U.S.C. §§158(b)(4)(ii)(A) and (B) violations based on the argument that JLL is not a union and therefore cannot violate §§158(b)(4)(ii)(A) and (B) which are directed at union unfair labor practices. JLL's argument is flawed, however, because it fails to

---

[1] The Amended Complaint is Doc. 76. References will be to "¶_." Defendant's memorandum in support of its motion to dismiss is Court Doc. 78 and will be cited to as "Motion at _."

1

account for the allegations that it *conspired* with the three unions[2] to violate these subsections, which 18 U.S.C. §1962 permits.

## ARGUMENT

JLL is, of course, correct that it is an employer and not a union/labor organization. *See* Motion at 1. JLL may also be correct that since §§158(b)(4)(ii)(A) and (B) are directed at proscribed labor organization activities, WDES could not assert a direct claim against JLL for violations of these subsections. *See* Motion at 4 (" . . . Sections 8(b)(4)(ii)(A) and (B) . . . describe *union* unfair labor practices and thus exclusively imposes liability on *unions*.") (emphasis in original). JLL, however, misses an important distinction; namely, that the Amended Complaint alleges that JLL *conspired* with the three unions to violate these subsections in violation of 18 U.S.C. §1951 (Hobbs Act) and §1962 (RICO). *See* AC, ¶13, 36. The Amended Complaint does not assert a cause of action under §§158(b)(4)(ii)(A), (B). Conspicuously, the Motion to Dismiss makes no argument whatsoever about conspiracy.

Moreover, nowhere in JLL's Motion to Dismiss does it discuss RICO or the Hobbs Act, let alone even cite to these statutes. Both RICO and the Hobbs Act contain explicit conspiracy provisions. *See* §1951(a) and §1962(d). JLL does not argue that it cannot conspire to violate §§158(b)(4)(ii)(A), (B) or that a conspiracy by JLL to violate these subsections cannot serve as a basis for a Hobbs Act violation.[3]

---

[2] International Union of Operating Engineers Local 399, AFL- CIO, Service Employees International Union, Local 1, and Teamsters Local 705 are referred to as "the three unions" in the Amended Complaint. *See, e.g.,* ¶ 11, 13.

[3] Section 1962(d) states: "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." Section 1951(a) states, in pertinent part: "Whoever in any way or degree obstructs, delays, or affects commerce…by robbery or extortion or attempts *or conspires so to do*…" (emphasis added). And again, WDES is not asserting a direct claim under §§158(b)(4)(ii)(A), (B)—these subsections are alleged only to establish the

2

To be sure, civil RICO claims are routinely predicated on conspiracies to violate statutes that themselves do not contain any conspiracy provision on their own. By way of example, there is no conspiracy provision in the mail or wire fraud statutes (18 U.S.C. §§1341 and 1343), but civil RICO conspiracy claims are frequently premised upon these violations. *See, e.g., Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639, 644 (2008) ("Counts I–IV allege that petitioners violated and conspired to violate RICO by conducting their affairs through a pattern of racketeering activity involving numerous acts of mail fraud."); *RWB Servs., LLC v. Hartford Computer Grp., Inc.*, 539 F.3d 681, 685-686 (7th Cir. 2008) ("In addition to its injury, RWB Services alleged that the defendants had violat[ed] . . . sections 1962(c) and (d) . . . To prove the 'pattern of racketeering activity,' RWB Services pointed to the violation of . . . § 1341 (mail fraud) [and] 18 U.S.C. § 1343 (wire fraud)[.]"); *Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.*, No. 84 C 6746, 1987 WL 6862, at *1 (N.D. Ill. Feb. 17, 1987) ("Rockwell alleges injury due to defendants' violations of 18 U.S.C. Sections 1962(c) and 1962(d) . . . Rockwell alleges that defendants have run afoul of the mail fraud statute [§1341] by their use of the mail in sending advertising brochures and sales proposals[.]").

Nor are there conspiracy provisions for many other RICO predicate acts, such as 18 U.S.C. §1952, 18 U.S.C. §1546, and/or 18 U.S.C. §2314, yet there are many civil RICO §1962(d) cases predicated on these violations, too. *See, e.g.*, *RWB Servs., LLC*, 539 F.3d at 685 (RICO conspiracy claim based on §2314 violations); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404, 411 (6th Cir. 2012) (RICO conspiracy claims involving §§1952, 2314, 1341, and 1343); *Abraham v. Singh*, 480 F.3d 351, 354 (RICO conspiracy claims involving, *inter alia*, §1952 Travel

---

"wrongfulness" needed for a Hobbs Act extortion violation (*see* §1951(b)(2)), something the Motion to Dismiss also fails to even address or mention.

3

Act violations); *Williams v. Mohawk Indus., Inc.,* 465 F.3d 1277, 1284 (11th Cir. 2006) (RICO conspiracy claims based on §1546 and other immigration RICO predicates).

Additionally, the Supreme Court has held that a defendant can be convicted of a RICO conspiracy violation even though he was acquitted of the substantive RICO offense. *Salinas v. U.S.,* 522 U.S. 52, 64 (1997) ("A person, moreover, may be liable for conspiracy even though he was incapable of committing the substantive offense."). All the conspirator needs to do to violate 18 U.S.C. §1962(d), which is alleged here, is agree to "adopt the goal of furthering or facilitating the criminal endeavor." *Id.* at 65. JLL posits no reason why it is beyond the reach of RICO's very broad conspiracy provision.

This is especially so because civil RICO is to be "liberally construed to effectuate its remedial purposes." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497–98 (1985); *see also Rotella v. Wood*, 528 U.S. 549, 557 (2000) ("The object of civil RICO is thus not merely to compensate victims but to turn them into prosecutors, 'private attorneys general,' dedicated to eliminating racketeering activity."). And co-conspirators are jointly and severally liable under RICO. *See, e.g., Empress Casino Joliet Corp. v. Johnston*, 763 F.3d 723, 732–33 (7th Cir. 2014); *Indiana ex rel. Zoeller v. Pastrick*, 696 F. Supp. 2d 970, 990 (N.D. Ind. 2010). There is no requirement that all co-conspirators be named as RICO Defendants.

All this is to say that while WDES may not be able to bring a direct claim against JLL for violating §§158(b)(4)(ii)(A), (B) on its own, there is no basis at the pleading stage for dismissing a civil RICO claim alleging that JLL conspired with three non-party unions to violate these subsections.

## **CONCLUSION**

For the reasons stated herein, the Motion to Dismiss should be denied in its entirety.

Date:   10/4/2019                                      Respectfully Submitted,


                                                       /s/James B. Zouras
                                                       James B. Zouras
                                                       Ryan F. Stephan
                                                       Anna Ceragioli
                                                       Stephan Zouras, LLP
                                                       100 N. Riverside Plaza, Suite 2150
                                                       Chicago, IL 60606
                                                       jzouras@stephanzouras.com
                                                       rstephan@stephanzouras.com
                                                       aceragioli@stephanzouras.com

                                                       Howard W. Foster
                                                       Matthew A. Galin
                                                       Foster PC
                                                       150 N. Wacker Drive, Suite 2150
                                                       Chicago, IL 60606
                                                       hfoster@fosterpc.com
                                                       mgalin@fosterpc.com

                                                       Aaron R. Walner
                                                       The Walner Law Firm LLC
                                                       555 Skokie Boulevard, Suite 250
                                                       Northbrook, IL 60062
                                                       awalner@walnerlawfirm.com

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on October 4, 2019, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

 /s/ James B. Zouras
