# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WACKER DRIVE EXECUTIVE SUITES, LLC, on behalf of itself, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JONES LANG LASALLE AMERICAS (ILLINOIS), LP, <br><br> Defendant. | Case No. 1:18-cv-5492 <br><br> Magistrate Judge Sunil R. Harjani |

## DEFENDANT'S DISCOVERY STATUS REPORT

Pursuant to the Court's September 24, 2019 Order (Dkt. No. 82), Defendant Jones Lang LaSalle Americas (Illinois), LP ("JLL") respectfully submits the following status report.

### I. BUILDINGS FOR WHICH JLL WILL PRODUCE DOCUMENTS

JLL currently manages 15 buildings that fall within the putative class: 1 N. Franklin Street; 101 N. Wacker Drive; 111 S. Wacker Drive; 111 W. Jackson Boulevard; 123 N. Wacker Drive; 125 S. Wacker Drive; 175 W. Jackson Boulevard; 180 N. LaSalle Street; 20 N. Wacker Drive; 200 W. Adams Street; 200 W. Jackson Boulevard; 224 S. Michigan Avenue; 231 S. LaSalle Street; 36 S. Wabash Avenue; and 71 S. Wacker Drive. Subject to the issues described in Section II below, JLL is in the process of producing the following categories of documents related to these 15 buildings that are in JLL's possession, custody, or control: management agreements, building rules and regulations, tenant handbooks, moving procedures, any lists of preferred contractors (to the extent they exist), and any lists of preferred movers (to the extent they exist).

JLL no longer manages five buildings that fall within the putative class: 175 N. Franklin Street; 201 N. Clark Street; 300 S. Wacker Drive; 330 S. Wells Street; and 77 W. Wacker Drive. To the extent JLL still has in its possession, custody or control any of the above categories of

documents for the time period when JLL managed these five buildings, and subject to the issues described in Section II below, JLL will produce such documents.

## II. LANDLORD DOCUMENTS WHICH JLL CURRENTLY IS PRECLUDED FROM PRODUCING.

### A. Lease Agreements and Related Documents.

Plaintiff has requested that JLL "[p]roduce the lease provisions as to complying with building rules used by JLL at each of the buildings JLL has managed in the Chicago Loop since August 13, 2014." This request implicates hundreds (if not thousands)[1] of leases to which JLL is not a party (the leases are between the building landlords and their tenants) – which in and of itself makes this request unduly burdensome and not proportionate to the needs of this litigation. The landlords and tenants consider these leases – and, in some instances, even the fact that a party is a tenant of a particular building – highly confidential.

While JLL has access to the majority of the lease agreements for the 15 buildings it currently manages, JLL does not have the authority to produce them without consent from the landlords. The majority of the management agreements between JLL and the landlords contain confidentiality clauses with language similar to the following:

- "Except as otherwise required by law or court order, or as authorized or permitted by Owner, Manager shall not disclose or permit the disclosure of any confidential information regarding the Property to anyone other than Owner or to persons designated by Owner, except as reasonably required to carry out the duties of Manager under this Agreement. Manager shall immediately notify Owner of any court order or subpoena (at Owner's expense) requiring disclosure of confidential information, shall cooperate with Owner's counsel in the appeal or challenge of any such order or subpoena, and shall not disclose any confidential information pursuant to such court order or subpoena until Owner has exhausted any lawful or timely appeal or challenge that Owner elects to file or make."

---

[1] There are 20 buildings in the putative class, and the number of tenants in each building ranges from 40 to 175 at any given time. Additionally, tenants have consistently moved and leases have been amended and renewed throughout the putative class period.

2

- "Manager agrees, for itself and all persons retained or employed by Manager in performing its services, to hold in confidence and not to use or disclose to others any confidential or proprietary information of Owner heretofore or hereafter disclosed to Manager, which may become known to Manager in the performance of, or as a result of, its services, except where Owner specifically authorizes Manager to disclose any of the foregoing to others or such disclosure reasonably results from the performance of Manger's duties hereunder."

JLL has begun discussions with the landlords of the buildings that JLL currently manages about Plaintiff's requests for production of highly confidential information (specifically, the leases), and some of the leases may require the landlord to give notice to the tenants before assenting to production of these documents.

To short-circuit this unwieldy issue, JLL proposes the parties attempt to agree on a sampling method to survey the leases from the buildings which JLL currently manages and, after receiving permission from the applicable building landlords, JLL will produce anonymous exemplars of lease provisions related to (i) compliance with building rules; and (ii) labor harmony. Based on discussions to date, JLL anticipates some of the landlords, including the landlords of 123 N. Wacker Drive and 101 N. Wacker Drive, will allow JLL to disclose certain confidential documents without a subpoena or court order, including anonymous exemplars of lease provisions sought by Plaintiff. JLL anticipates other landlords (and perhaps tenants as well) are likely to seek to preclude production of leases.[2] JLL's discussions with building landlords are ongoing.

In short: (i) JLL is not currently in a position to produce any documents on behalf of the buildings it currently manages that the landlords consider "Confidential" pursuant to the respective management agreements, which includes leases; (ii) JLL anticipates it may soon be in a position to produce anonymous exemplars of lease provisions for some buildings—namely 123 N. Wacker

---

[2] The concerns raised herein about the leases may apply to other documents that may be in JLL's possession, custody, or control, but that the landlords and/or tenants view as highly confidential. We will alert Plaintiff and the Court to any issues as they come into focus.

Dr. and 101 N. Wacker Dr.; and (iii) if Plaintiff continues to press its request for production of lease documents, there likely could be efforts by landlords and tenants to weigh in on the requests.

For the five buildings that JLL no longer manages, Plaintiff will have to subpoena lease agreements and related documents, as there no longer is any contract between JLL and the landlords that would provide JLL with a mechanism to seek even anonymous exemplar documents.

### B. Documents Related to Moves and Remodeling.

Plaintiff also requested that JLL produce "all documents which indicate the number and names of JLL tenants who have moved and/or conducted remodeling of their leased space" and "correspondence/email from tenants pertaining to the union contractor rule." These requests seek an exorbitant number of documents, as several hundred documents and communications may be generated for *each* construction project and/or move that takes place, and each tenant in each of the 20 buildings may have remodeled or moved several times within the putative class period.

In lieu of producing such documents at this time, JLL will agree to stipulate not to contest numerosity for purposes of class certification. The Parties may revisit whether production of such documents or communications are necessary after the Court has ruled on class certification.

## III. ANY "UNION STEWARDS" FOR THE BUILDINGS AT ISSUE

After a conducting a reasonable search and inquiry, JLL is only aware of one JLL employee working in the buildings at issue who is a "union steward" of any of the unions at issue in this lawsuit: the Chief Engineer at 180 N. LaSalle Street is a "union steward" for the International Union of Operating Engineers Local 399. JLL is not aware of any other JLL employees who serve as "union stewards" for the buildings at issue that it currently manages. Investigation continues, and JLL will update this response, as necessary.

Dated: October 4, 2019                    Respectfully submitted,

JONES LANG LASALLE AMERICAS (ILLINOIS), LP

*/s/ Scott T. Schutte*
    One of Its Attorneys

Philip A. Miscimarra
Scott T. Schutte
Stephanie L. Sweitzer
Kevin F. Gaffney
Heather J. Nelson
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
5th Floor
Chicago, IL 60601
Tel: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
scott.schutte@morganlewis.com
stephanie.sweitzer@morganlewis.com
kevin.gaffney@morganlewis.com
heather.nelson@morganlewis.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that on the 4th day of October 2019, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to the following attorneys of record for Plaintiff:

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60601
Tel: 1.312.233.1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com

Howard W. Foster
Matthew A. Galin
FOSTER PC
150 N. Wacker Drive, Suite 2150
Chicago, Illinois 60606
Tel: +1.312.726.1600
hfoster@fosterpc.com
mgalin@fosterpc.com

Aaron R. Walner
THE WALNER LAW FIRM LLC
555 Skokie Boulevard, Suite 250
Northbrook, Illinois 60062
Tel: +1.312.371.2308
awalner@walnerlawfirm.com
walner@walnerlawfirm.com

*Attorneys for Plaintiff*

/s/ Scott T. Schutte