THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WACKER DRIVE EXECUTIVE SUITES, LLC**, on behalf of itself, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**JONES LANG LASALLE AMERICAS (ILLINOIS), LP,**<br><br>　　　　　　　　　**Defendant.** | Case No. 1:18-cv-5492<br><br>**Magistrate Judge Sunil R. Harjani** |

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff Wacker Drive Executive Suites, LLC ("WDES" or "Plaintiff"), by undersigned counsel, hereby submits this proposed sur-reply in opposition to Defendant Jones Lang LaSalle Americas (Illinois), L.P.'s ("Defendant" or "JLL") Partial Motion to Dismiss the Amended Complaint.

## ARGUMENT

JLL's reply mischaracterizes and obfuscates Plaintiff's claims with respect to 29 U.S.C. §§158(b)(4)(ii)(A) and (B) by framing the secondary party in these disputes as JLL (which it is not), instead of WDES and the other tenants (which is the proper secondary party). JLL's reply wrongly assumes that JLL is not the primary employer, but is instead the neutral employer. *See* Reply (Doc. 86) at 2-3 ("Under Section 8(b)(4)(ii)(B), when a union has a *primary* dispute with nonunion contractors and their clients, it is unlawful for the union to 'threaten, coerce or restrain' a neutral *secondary* party like JLL with the 'object' of 'forcing or requiring' JLL to pressure or boycott the *primary* parties (*i.e.*, nonunion contractors and their clients).") (emphasis in original);

1

*Id.* at 3 ("Once again, Plaintiff's 'conspiracy' theory rests on the nonsensical claim that JLL—a secondary party having no primary dispute with the unions—has conspired with the unions 'to threaten, coerce, or restrain' *itself* with the object of 'forcing or requiring' *itself* to boycott nonunion contractors and clients (with which the unions have their *primary* dispute).") (emphasis in original). Once properly framed, JLL's reply arguments dissolve.

JLL's attempt to muddy the waters here is especially grievous with respect to §8(b)(4)(ii)(B) as this subsection does not even use/require the word "employer" (in the first clause relied on by WDES, cited below), but instead uses the word "person," making its application broader:

> (b) It shall be an unfair labor practice for a labor organization or its agents—(4)(ii) to threaten, coerce, or restrain *any person* engaged in commerce or in an industry affecting commerce, where in either case an object thereof is— (B) forcing or requiring *any person* to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer… (emphasis added).

Despite its now nearly ten pages of argument dedicated to this subsection, JLL's papers still do not explain why the three unions, cooperating and conspiring with JLL to threaten, coerce, or restrain tenants to cease using/dealing with nonunion contractors, is not "wrongful" for §1951/§1962(d) conspiracy claims. And there is nothing nonsensical about this theory; JLL is not "coercing itself" as suggested in the reply.

JLL's reply also wrongly assumes that a defendant cannot be sued for entering into a conspiracy under economic duress. The Seventh Circuit, following well-established antitrust jurisprudence from the Supreme Court, has rejected this argument. *See MCM Partners, Inc. v. Andrews-Bartlett & Assocs., Inc.*, 62 F.3d 967, 973-974 (7th Cir. 1995)(denying motion to dismiss Sherman Act §1 claim on this basis, collecting authorities). And the same decision applied the same reasoning to RICO, denying a motion to dismiss a §1962(d) claim and holding the coerced

conspirator's only recourse was to assert an affirmative defense of "economic coercion or duress." *Id.* at 979-80.

Moreover, the reply's argument wrongly assumes that Plaintiff's conspiracy theory rests solely on JLL being coerced into the conspiracy with the three unions. Plaintiff was obviously not privy to the alleged agreement between the unions and JLL, thus, at this stage, it does not know the exact circumstances for how JLL entered into the alleged agreement (voluntarily, acquiesced, coerced, etc.) and why it agreed to continue to carry it out at its Chicago loop buildings year after year. *See, e.g.,* Amended Complaint, ¶17. These are facts that can only be uncovered after discovery.[1] But to the extent the alleged conspiracy was forced (which discovery will ultimately determine the nature and extent of), that is not a bass for dismissal, and certainly not at the pleading stage. Furthermore, that there may be alternative theories/bases for liabilities (regarding JLL's entrance into the conspiracy) is certainly not a basis for dismissal either and is expressly permitted under Fed. R. Civ. P. 8(d), even if such claims are inconsistent with each other.

## CONCLUSION

For the reasons stated herein, and in Plaintiff's Response Brief, Defendant's Partial Motion to Dismiss the Amended Complaint should be denied.

Date:   10/4/2019                                           Respectfully Submitted,

/s/James B. Zouras
James B. Zouras
Ryan F. Stephan
Anna Ceragioli
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606
jzouras@stephanzouras.com
rstephan@stephanzouras.com

---

[1] As the Court is aware, discovery has recently begun and Plaintiff is still awaiting JLL's initial production of responsive documents in this case.

3

aceragioli@stephanzouras.com

Howard W. Foster
Matthew A. Galin
Foster PC
150 N. Wacker Drive, Suite 2150
Chicago, IL 60606
hfoster@fosterpc.com
mgalin@fosterpc.com

Aaron R. Walner
The Walner Law Firm LLC
555 Skokie Boulevard, Suite 250
Northbrook, IL 60062
awalner@walnerlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on October 15, 2019, I served the above-named document(s) and Notice of Filing using the ECF system to counsel of record as set forth below.

Heather J. Nelson
Kevin F. Gaffney
Scott F. Schutte
Stephanie L. Sweitzer
Philip A. Miscimarra
**MORGAN LEWIS & BOCKIUS, LLP**
77 W. Wacker Drive, 5th Floor
Chicago, Illinois 60601
Heather.nelson@morganlewis.com
Kevin.gaffney@morganlewis.com
Scott.schutte@morganlewis.com
Stephanie.sweitzer@morganlewis.com

    */s/ James B. Zouras*