IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WACKER DRIVE EXECUTIVE SUITES, ) | | |
| LLC, on behalf of itself, individually and on ) | | |
| Behalf of all other similarly situated, ) | No. 18-cv-5492 | |
| ) | | |
| Plaintiff, ) | | |
| vs. ) | | |
| ) | | |
| JONES LANG LASALLE AMERICAS ) | | |
| (ILLINOIS), LP, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

TO ALL PARTIES AND TO
THEIR ATTORNEYS OF RECORD:

**OBJECTIONS TO SUBPOENA DUCES TECUM**

The International Union of Operating Engineers, Local 399 (hereinafter 399), by counsel, pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure objects, for the reasons set for the below, to the subpoena duces tecum served on it October 29, 2019. [1]

**Introduction**

Neither 399 nor its officers or agents is a party to the litigation which led to the issuance of the subpoena. It is 399's understanding that the underlying litigation is based on allegations regarding the use of contractors at defendant Jones Lang LaSalle

---

[1] Attached as Exhibit A.

1

(hereinafter JLL) buildings. The persons 399 represents at JLL buildings are JLL employees, not contractor's employees. The subpoena seeks "…all CORRESPONDENCE and COMMUNICATION between you (and/or any of your members) and JLL for the RELEVANT PERIOD regarding…" Chicago Loop Buildings, JLL manages. The Subpoena Rider lists 15 buildings by address including building n. The relevant period is 71 months (Rider 3). During that period 399 had no contact of any kind with building n, and, based on a Google Map search, questions whether there is a building with that address. The Subpoena Rider defines correspondence and communication as including but not limited to emails, text messages, letters, memorandum, voicemails, social media messaging applications, and transcripts of conversation.

## **The Objections**

The subpoena duces tecum is overly burdensome to 399, a non-party, and it is entitled to protection from the significant expense which would result from compliance. DeGeer v. Gillis, 755 F. Supp. 2d 909, 917-918 (N.D. of IL 2010). Whether a subpoena duces tecum is unduly burdensome is a matter to be decided in light of all the circumstances in the case with an eye to the need for the material on the one hand, and the burden imposed and the possibility of lightening it through a protective order. Dow Chemicals v. Allen, 672 F. 2d 1262, 1268 (7th Cir. 1982). Most, if not all, of the material sought by plaintiff is available from JLL which would have the correspondence and communications between it, 399 and its employees.

When analyzing whether the burden of complying with a subpoena is "undue", the Seventh Circuit uses a relative hardship test, which takes into account a number of factors including whether (1) the party subpoenaed is a non-party in the underlying suit; (2) the information requested is relevant; (3) the requesting party has a substantial need for the documents; (4) the document request is overly broad; (5) the time period the request covers is reasonable; (6) the request is sufficiently particular; and (7) the request imposes a burden.  American Soc'y of Media Photographers v. Google, Inc. 2013 U.S. Dist. LEXIS 64041 at *12-*14 (N.D. IL. May 6, 2014).  There are four categories of document requests but even without a discussion of the Seventh Circuit factors, just reading the subpoena duces tecum makes clear it is unduly burdensome.  The subpoena seeks from a non-party correspondence and communication as defined, over a 71 month period at 15 buildings.  The "particularity" defect of this request is demonstrated by the first category of correspondence and communication sought:  labor relations at any of the 15 buildings during the 71 month period.

    **a. Labor relations.**

The first request is for all correspondence and communication between 399 and any of its members and or JLL relating to labor relations at any of the 15 buildings listed in Subpoena Rider 5.

This request runs afoul of a number of the factors considered by the Seventh Circuit in determining whether a subpoena is unduly burdensome.  First, the request is

not sufficiently particular. Labor relations is an expansive term touching any matter involving terms and conditions of the employment. The subpoena as written requires 399 to produce an inquiry from a member regarding employment opportunities at JLL, or an inquiry from JLL asking 399 to confirm entries on an individual's application. Grievances clearly fall within the term labor relations. As a consequence 399 is obligated to search for emails, text messages, letters, memorandum, voicemails, social media messaging applications and transcripts of conversations between it and its members regarding a grievance or potential grievance that arose over a 71 month period at 15 buildings. This example just scratches the surface of what could be covered by this request, and as previously noted most, if not all, material covered by the request is available from JLL. Moreover, 399 is forced to speculate as to exactly what plaintiff means by labor relations. Further, given the potential scope of the term labor relations and plaintiff's definition of the covered correspondence and communication, 399 will be forced to expend substantial time and effort searching for material most, if not all of which does not appear to be relevant to plaintiff's basis for the litigation.

When a subpoena seeks all communications for a given time period, many of the communications would contain irrelevant information. As a consequence, the subpoena is unduly burdensome. <u>Jump v. Montgomery County</u>, N.D. 13-cv-3084, 2015 U.S. Dist. LEXIS 9176 at *7 (C.D. IL July 27, 2015). Further, as to non-parties mere relevance is not

enough as non-parties are entitled to more protection. Patterson v. Bunge, 03-C-4433, 2005 U.S. Dist. LEXIS 1131 at *5 (N.D. IL. Jan. 5, 2005).

**b. Access.**

Each of plaintiff's document requests suffers from the same defect of requesting all correspondence and communication. Moreover, as to access, 399's members are employees of JLL, so it is hard to imagine documents beyond time cards or an employee being barred for disciplinary reasons which would be responsive.

**c. Tenant(s) use of nonunion movers and/or nonunion contractors at any Chicago Loop Building JLL manages or managed.**

399's experience is that decisions of the type described in this request involve building management or building security or both but not its members employed by JLL. Absent some specificity regarding the basis for this request being made to 399 it is clearly burdensome.

## Conclusion

The request seeks all correspondence and communication as defined between it and its members, it and JLL, and its members and JLL covering 15 buildings over a 71 month period. The 71 month period is unreasonable. Searching for all emails, text messages, letters, memorandum, voicemails, social media and transcripts at 15 buildings over that time period involves a massive expenditure of time and resources. It exemplifies an unduly burdensome request.

The subpoena is overly broad and the time period unreasonable. It is not sufficiently particular, i.e. labor relations; and clearly imposes a burden by forcing 399 to devote substantial time and effort reviewing records over a 71 month period involving 15 buildings and interactions between its agents and employees regarding JLL, interaction with JLL and its members' interactions with JLL. Plaintiff's subpoena meets the Seventh Circuit criteria of a subpoena which imposes an undue burden on 399, a non-party. Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(ii) 399 requests that this court make terms for compliance that protects 399 from the undue burden which would result from compliance.

                                      Respectfully Submitted,

                                      /s/ William A. Widmer, III
                                      Attorney for The International Union
                                      of Operating Engineers, Local 399

William A. Widmer, III
McGann, Ketterman & Rioux
111 E. Wacker Dr., Suite 2600
Chicago, IL 60601
(312) 251-9700  Fax (312) 251-9701
wwidmer@mkrlaborlaw.com
ARDC: 3010228