# Exhibit E

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

_____

WACKER DRIVE EXECUTIVE SUITES, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,

Plaintiff,

v.                              No. 1:18-cv-5492

JONES LANG LASALLE AMERICAS (ILLINOIS), LP,

Defendant.

_____

REBUTTAL EXPERT REPORT AND DISCLOSURE OF

MARK J. HOSFIELD

Submitted June 12, 2020

CONFIDENTIAL

In the United States District Court for the Northern District of Illinois
Case No. 1:18-cv-5492

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated, v. Jones Lang LaSalle Americas (Illinois), LP

## Table of Contents

I.      Introduction...................................................................................................................1

II.     Scope of Retention........................................................................................................2

III.    Information Relied Upon................................................................................................3

IV.     Summary of Opinions....................................................................................................4

V.      Basis and Reasoning.....................................................................................................5

Exhibit 1:       Curriculum Vitae of Mark J. Hosfield

Exhibit 2:       Index to Documents Considered in Forming Opinions

CONFIDENTIAL

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

# I.     Introduction

I am currently a principal of Davis & Hosfield Consulting LLC.  I was previously a partner at Coopers & Lybrand, Arthur Andersen and, most recently, KPMG LLP, in the Forensic Services Practice area.  Since 1987, I have focused on providing consulting and expert witness assistance to clients in commercial disputes.  Prior to that, I gained financial management and operational experience as both a Controller and Vice President of Finance of a corporation, as well as in the consulting practice at Coopers & Lybrand.  I have also taught accounting classes and have lectured on finance and accounting topics.

I have performed a variety of economic, business, and financial analyses on behalf of clients in disputes, including breach of contract, lost profits, trademark and patent infringement, business valuation, construction cost and delay claims, lender liability, post-acquisition, computer software failure, economic damages in personal injury, wrongful death, employment discrimination and wrongful termination, and financial misrepresentation.  I have performed complex studies and analyses involving reasonable royalty, unjust enrichment, lost sales, lost profits, incremental profits, manufacturing and marketing capacities, fixed and variable costs, business valuation, prejudgment interest, and presumed economic and non-economic loss.  I have been involved with the damages aspect of disputes involving claims of misappropriation of confidential information, tortious interference, fraud, breach of contract, breach of fiduciary duty, breach of duty of loyalty, defamation, and other types of business disputes.  I have testified as an expert witness at deposition and trial in both state and federal courts, as well as at arbitrations.

I have significant experience in the construction cost and scheduling environment.  While I was a Vice President of Finance at Kretschmar from 1980 through the Fall of 1983, I was part of the team that managed plant expansion and renovation projects at both our St. Louis, Missouri and our Pittsburg, Kansas plants, including evaluating and hiring subcontractors, purchasing materials, and coordinating schedules.  As a consultant at Coopers & Lybrand from late 1983 through early 1997, I assisted with the development, programming, and implementation of an

In the United States District Court for the Northern District of Illinois
Case No. 1:18-cv-5492

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

integrated accounting, job cost, materials management, and critical path scheduling system used to manage a $500 million railroad project that included bridges, track, a hotel, a locomotive repair facility, and numerous other structures. I also assisted with the management of and accounting for the project through its completion. I also developed the design of an integrated project management system for the Port Authority of New York and New Jersey, and assisted with the project planning for the construction of a new building at 60 Wall Street in New York City for J.P. Morgan Chase and its move from 40 Wall Street to the new building. I was the team leader for the cost audit of the McCormick Place expansion project and developed the design for a new accounting and project management system for a large commercial contractor. I have also analyzed dozens of construction claims involving the analysis of numerous factors including schedules, delays and disruptions, acceleration, bids, estimates, costs, means and methods, and labor productivity and its impact on labor costs. I have been involved in the analysis of construction projects for a variety of structures including commercial buildings, convention centers, industrial plants, hotels, highways and bridges, locks and dams, waste treatment plants, and naval warships. I was a member if the Illinois CPA Society Construction Contractors Committee and served as Chairman of the Committee during the early 1990's.

A complete description of my background and qualifications is set forth in my curriculum vitae and list of testimony, which is attached as Exhibit 1.

## II.     Scope of Retention

Davis & Hosfield Consulting LLC has been retained by Morgan Lewis & Bockius LLP on behalf of JLL in the above-referenced matter to respond to (i) the Expert Opinion Report of Dr. Robert Kaestner and (ii) the Expert Opinion Report of James Raisher. I offer no opinion relating to the liability elements in this matter.

My engagement team and I have been engaged for this assignment at the hourly billing rates of the individuals assigned plus expenses. The current hourly billing rates range from $425 to $675

In the United States District Court for the Northern District of Illinois
Case No. 1:18-cv-5492

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

per hour. The amount of fees paid to my firm is not contingent upon the opinions expressed herein or on the outcome of this matter.

## III.    Information Relied Upon

My opinions are based upon information made available to me as of the date of this report. I, and professionals working under my direction, have relied upon and examined documents produced by the parties, along with publicly available information. In addition to any materials cited herein, I have included a list of materials considered attached as Exhibit 2. We also reviewed the following depositions and the exhibits thereto:

- Amy Lynn Grossman, Corporate Representative of Plaintiff Wacker Drive Executive Suites, LLC ("WDES" or "Plaintiff") and Vice President and Director of Operations at My Office Suite, LLC[1] ("MOS"), dated January 27, 2020 and February 24, 2020;
- Larry A. Grossman, Principal of My Office Suite, LLC,  dated January 6, 2020;
- Robert Kaestner, Ph.D., Plaintiff's damages expert, dated February 21, 2020;
- James Raisher, Plaintiff's tenant improvement allowance ("TIA") expert and founder and principal of Corporate Real Estate Solutions, dated March 18, 2020; and
- Stephen Zsigray, JLL's Regional Manager for the Midwest Region, dated December 20, 2019.

My opinions are also based on my skills, knowledge, experience, education, and training.

I understand that I may be asked to testify regarding my opinions contained herein as well as related matters, including those raised on cross examination; those necessary to address matters raised by Plaintiff's witnesses who testify concerning damages issues; or those otherwise raised at or before trial by Plaintiff's attorneys or the Court in relation to matters set forth in this report. I expect to further elaborate and expand on the content of my report as necessary to make my testimony understandable to the Court or factfinder. To the extent helpful to explain, or to put in

---

[1] WDES is a subsidiary of My Office Suite, LLC.  Response to Defendant's First Set of Interrogatories, dated September 27, 2019, p. 6.

In the United States District Court for the Northern District of Illinois
Case No. 1:18-cv-5492

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

context, the subject matters discussed throughout my report, I also expect to provide further general explanations of the matters I discuss. In connection with any testimony, I may rely on materials referenced in this report and in the attachments and demonstrative exhibits to be prepared and identified before my testimony.

To the extent any additional information is produced by either party, I will be prepared to incorporate any such additional information into my report, or otherwise amend or supplement my report as appropriate.

## IV.    Summary of Opinions

WDES, on behalf of the putative class, alleges a "hot cargo" agreement JLL entered into caused the putative class to suffer damages as a result of having to use union labor, which is allegedly more expensive than non-union labor, for moving and renovation projects in leased office spaces in buildings managed by JLL in the Chicago Loop.[2] To calculate damages on a classwide basis, WDES relies upon the general approach for estimating damages set forth in the Expert Opinion Report of Robert Kaestner. WDES also relies upon the Expert Opinion Report of James Raisher regarding the amortization of tenant improvement allowances ("TIAs") over the lease term. My opinions related to the Expert Opinion Reports of Dr. Kaestner and Mr. Raisher are as follows:

> **Opinion 1: Dr. Kaestner's methodology is flawed and cannot be used as a reliable basis to determine either the existence or quantification of the damages claimed by Plaintiff on behalf of itself or the putative class for the following reasons: (1) Dr. Kaestner purports to estimate the Union Wage Premiums ("UWPs") underlying his damages approach for downtown Chicago but relies on wage data for far broader geographic areas; (2) Dr. Kaestner fails to explain why or how his estimates of the UWPs relate to the alleged damages in this case, which are not wages paid to laborers but labor costs paid to contractors for moving and renovation projects; (3) Dr.**

---

[2] Amended Class Action Complaint, dated September 6, 2019, pp. 1-2.

In the United States District Court for the Northern District of Illinois
Case No. 1:18-cv-5492

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

> **Kaestner's damages approach depends on labor cost data that is not available, and therefore cannot actually measure any alleged damages.**
>
> **Opinion 2: Dr. Raisher's opinion regarding TIAs is flawed because the amounts and terms of TIAs arise from lease agreements, which are unique and highly individualized.  So, it is impossible to broadly conclude that all TIAs are "amortized" to the tenant, or that all TIAs are ultimately paid in whole by the tenant.**

## V.     Basis and Reasoning

> **Opinion 1:**
>
> **Dr. Kaestner's methodology is flawed and cannot be used as a reliable basis to determine either the existence or quantification of the damages claimed by Plaintiff on behalf of itself or the putative class for the following reasons: (1) Dr. Kaestner purports to estimate the Union Wage Premiums ("UWPs") underlying his damages approach for downtown Chicago but relies on wage data for far broader geographic areas; (2) Dr. Kaestner fails to explain why or how his estimates of the UWPs relate to the alleged damages in this case, which are not wages paid to laborers but labor costs paid to contractors for moving and renovation projects; (3) Dr. Kaestner's damages approach depends on labor costs data that is not available, and therefore cannot actually measure any alleged damages.**

### A.     *Summary of Dr. Kaestner's Opinion*

In his opinion, Dr. Kaestner contends that he "provide[s] evidence related to whether mandating the use of union labor to move in and out of, and renovate commercial office space in downtown Chicago affects the costs of such activities."[3]  The foundation of his purported evidence is "the

---

[3] Expert Opinion Report of Robert Kaestner, dated January 31, 2020, p. 1.

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

[UWP], which measures the difference between union and non-union wages and is expressed as a percent of non-union wages."[4]

Thus, Dr. Kaestner dedicates the majority of his report to calculating certain UWPs by "estimat[ing] the difference in wages (and fringe benefits) between union and non-union workers in occupations typically used to move into and renovate commercial space in downtown Chicago."[5] In determining the UWPs for certain categories of labor, such as carpentry, electricians, and plumbers, Dr. Kaestner adjusts the UWPs for age, education, gender, and race.[6] Dr. Kaestner then uses the UWPs in his approach to calculating damages. Dr. Kaestner's approach contains three steps: (1) the costs incurred for union services will be available and can be aggregated into occupational categories;[7] (2) the non-union cost for each category of labor can be calculated by dividing the union cost of that type of labor by the corresponding UWP in Table 1 of his report;[8] (3) the differences in costs of union and non-union labor for each category of labor can be calculated using steps 1-2 and totaled to obtain the "total excess costs of using union labor."[9]

> **B.** **_Dr. Kaestner's estimate of the UWPs by Occupational Group for downtown Chicago is flawed and based on unreliable assumptions because it derives from broader metropolitan and nationwide wage data._**

Plaintiff's claims relate to alleged practices within an area it defines as the "Chicago Loop."[10] As an initial matter, Dr. Kaestner's analysis fixates on "downtown Chicago" without explaining whether or to what extent that area coincides with Plaintiff's "Chicago Loop" definition.

Moreover, no part of Dr. Kaestner's analysis uses any data from the downtown Chicago area, or offers an opinion on the difference in union versus non-union wages specific to the downtown

---

[4] Expert Opinion Report of Robert Kaestner, dated January 31, 2020, p. 2.
[5] Expert Opinion Report of Robert Kaestner, dated January 31, 2020, p. 1.
[6] Expert Opinion Report of Robert Kaestner, dated January 31, 2020, pp. 4-6.
[7] Expert Opinion Report of Robert Kaestner, dated January 31, 2020, p. 9.
[8] Expert Opinion Report of Robert Kaestner, dated January 31, 2020, p. 9.
[9] Expert Opinion Report of Robert Kaestner, dated January 31, 2020, p. 9.
[10] Amended Class Action Complaint, dated September 6, 2019, p. 2.

In the United States District Court for the Northern District of Illinois
Case No. 1:18-cv-5492

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

Chicago area by Occupational Group.[11]  Instead, because there was insufficient data to be precise as to union wages and premiums at the occupation level in the downtown Chicago area, Dr. Kaestner estimated the union wage levels by Occupational Group using data for the entire country.[12]  Next, to estimate the union/non-union wage differentials, or UWPs, for the downtown Chicago area, Dr. Kaestner used an aggregate union wage premium for all Occupational Groups for the entire Chicago Metropolitan Area, specifically the "Chicago-Naperville-Joliet" area, as well as all of Cook County.[13]  Finally, Dr. Kaestner combines his union wage levels for the entire United States by Occupational Group with his estimated aggregate union wage premiums for Chicago, Naperville, and Joliet to estimate what the UWPs might be for the downtown Chicago area by Occupational Group.  This analysis is based on the unsupported assumptions that the relative wages for union workers by Occupational Group for the entire country are the same as those experienced in the downtown Chicago area and that the total union wage premiums for the "Chicago-Naperville-Joliet" area as well as all of Cook County is the same as the UWPs in the downtown Chicago area.

Thus, Dr. Kaestner's estimates of the UWPs for the downtown Chicago area is flawed and unreliable.  This infects Dr. Kaestner's entire damages approach, which relies on his estimates of the downtown Chicago area UWPs.

C. ***Dr. Kaestner's damages calculation methodology is flawed because he fails to explain why or how his estimates of the UWPs relate to the alleged damages in this case, which are not wages paid to laborers but labor costs paid to contractors for moving and renovation projects.***

Even if Dr. Kaestner's estimated UWPs were reliable, his damages approach is flawed because it makes unreliable assumptions about the relationship between wages paid to laborers and labor costs paid to contractors, and further fails to consider additional factors that impact the total labor cost of moving and renovation projects.

---

[11] Deposition of Robert Kaestner, Ph.D., dated February 21, 2020, pp. 18 and 59.
[12] Deposition of Robert Kaestner, Ph.D., dated February 21, 2020, pp. 63, 109-111, and 176-177; Expert Opinion Report of Robert Kaestner, dated January 31, 2020, p. 6.
[13] Deposition of Robert Kaestner, Ph.D., dated February 21, 2020, pp. 18, 59, 96, 174, and 185-186.

In the United States District Court for the Northern District of Illinois
Case No. 1:18-cv-5492

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

In his expert report, Dr. Kaestner claims that "evidence documenting that union labor in moving and construction occupations is substantially more costly than similar non-union labor is overwhelming" and that "the cost of union labor is significantly greater than the cost of non-union labor in Chicago."[14]  However, these claims come on the heels of his estimates of the UWPs and analysis of other evidence purportedly supporting his estimates.  Thus, the "costs" Dr. Kaestner refers to here must be *wage* costs, which are costs incurred by those who pay wages to laborers (contractors).  By contrast, Plaintiff does not allege it incurred wage costs.  Instead, Plaintiff alleges it was forced to hire union-affiliated contractors, who in turn charged Plaintiff labor costs for Plaintiff's moving and renovation projects.[15]

Dr. Kaestner's Report neither recognizes this distinction nor attempts to demonstrate or explain the link between his calculated UWPs and the total labor costs of moving and renovation projects in the downtown Chicago area.  This link is required to support his implicit conclusion that any wage rate differential between union and non-union labor directly causes the same differential in higher total labor costs between union and non-union contractors hired by Plaintiff and the putative class for moving and renovations projects.[16]

The total labor cost to a tenant for moving and renovation projects in commercial office space in downtown Chicago is based on a number of project-specific factors including the labor wage rate, the productivity of the contractor's labor force, the materials used, the competitive bidding environment, and the means and methods employed.  Dr. Kaestner's damages methodology is therefore flawed because it (i) is limited to an estimate of a wage differential and (ii) ignores several important factors that impact total labor costs.  Accordingly, Dr. Kaestner's incomplete measure of total labor costs does not provide a reliable basis for estimating damages to the Plaintiff and putative class.

---

[14] Expert Opinion Report of Robert Kaestner, dated January 31, 2020, p. 8.
[15] Amended Class Action Complaint, dated September 6, 2019, pp. 5-6.
[16] Deposition of Robert Kaestner, Ph.D., dated February 21, 2020, pp. 44-45; Expert Opinion Report of Robert Kaestner, dated January 31, 2020, p. 1.

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated, v. Jones Lang LaSalle Americas (Illinois), LP

1. *Dr. Kaestner has not properly accounted for any of the potential differences in productivity between union and non-union labor that would impact the total cost of labor to Plaintiff and the putative class.*

The total labor costs paid to a contractor are determined, in part, by the hours worked on a project and the labor wage rate the contractor pays. Higher labor wage rates do not necessarily translate directly into higher total costs of labor. The hours of labor required to perform the work is equally important to determining the total cost of labor for a project. Thus, productivity is an important consideration when estimating total labor costs because higher productivity will drive down the hours of labor required, which will in turn lower the total labor costs incurred.

To be sure, Dr. Kaestner claims he has accounted for potential productivity differences among laborers that could have worked on moving or renovation projects for Plaintiff or the putative class, but only according to certain demographic factors: age, education, gender, and race. [17] Dr. Kaestner estimates the Chicago Metropolitan Area UWPs "adjusted" based on these factors to be between 36 and 40 percent. [18]

However, Dr. Kaestner admits that there is limited evidence that age, education, gender, and race are actually related productivity and is unable to cite a single study showing how or whether these demographic factors impact productivity. [19] By adjusting for differences in age, education, gender, and race, Dr. Kaestner has merely controlled for the observed demographic characteristics of the workers within the union and non-union populations in the CPS data.

Further, Dr. Kaestner makes no attempt to account for differences in productivity attributable to whether laborers are union-affiliated or not. [20] Dr. Kaestner broadly claims no studies have "directly measured the productivity of union versus non-union workers." [21] This claim is not

---

[17] Expert Opinion Report of Robert Kaestner, dated January 31, 2020, pp. 4-5.
[18] Expert Opinion Report of Robert Kaestner, dated January 31, 2020, p. 5.
[19] Deposition of Robert Kaestner, Ph.D., dated February 21, 2020, pp. 124, 126-127, 129, 135-136, and 144-145.
[20] Deposition of Robert Kaestner, Ph.D., dated February 21, 2020, p. 190.
[21] Deposition of Robert Kaestner, Ph.D., dated February 21, 2020, pp. 135-136.

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated, v. Jones Lang LaSalle Americas (Illinois), LP

accurate, nor is it a reliable basis to fail to account for the many reasons why productivity differences exist between union and non-union laborers.

Union laborers typically benefit from training in both skills and in safety that are not necessarily available to non-union laborers.[22] Training can make a labor force more productive, allowing workers to produce more work in less labor hours than an untrained labor force. Training in safety helps to keep injuries to a minimum, reducing lost time, and reducing workers compensation and medical costs. A contractor with a well-trained labor force and low levels of injuries may estimate the hours for a particular project to be significantly less than a contractor using untrained non-union labor. Dr. Kaestner's methodology does not address or attempt to capture the impact on labor costs of improved productivity and safety.[23]

As it relates to potential damages in this case, the net effect of a potential wage differential for union workers can be mitigated by differences in the productivity of the union and non-union workers; a group of more productive workers can obtain higher wages without suffering from unfavorable unit costs.[24] The CPS dataset incompletely captures the human capital of workers because it does not include variables that measure training, such as certification or apprenticeship programs.[25] It is well documented that union members have superior access to training when compared to non-union members; unions ensure that each union member receives continued training and certification, while non-union workers are more likely to be trained informally, in a

---

[22] Allen, Steven G. "Developments in Collective Bargaining in Construction in the 1980s and 1990s," Contemporary Collective Bargaining in the Private Sector, 1994, p. 413; Belman, Dale and Voos, Paula B. "Union Wages and Union Decline: Evidence from the Construction Industry," Industrial & Labor Relations Review, 2006, p. 69; and Bilginsoy, Cihan "Union Wage Gap in the U.S. Construction Sector: 1983-2007," Industrial Relations, Summer 2013, p. 681.

[23] Dr. Kaestner does put forth a theory that age, education, gender, and race are factors that impact productivity. (Deposition of Robert Kaestner, Ph.D., dated February 21, 2020, pp. 126-127, 129, 135-136, and 144-145). I have seen no data suggesting that there are measurable differences in productivity based on these factors.

[24] Belman, Dale and Voos, Paula B. "Union Wages and Union Decline: Evidence from the Construction Industry," Industrial & Labor Relations Review, 2006, p. 68.

[25] Belman, Dale and Voos, Paula B. "Union Wages and Union Decline: Evidence from the Construction Industry," Industrial & Labor Relations Review, 2006, p. 69.

In the United States District Court for the Northern District of Illinois
Case No. 1:18-cv-5492

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

more limited set of skills, and for shorter periods of time.[26]  Stephen Zsigray, JLL's Regional Manager for the Midwest Region, testified that tenants often prefer to use union workers because there is a certain level of training, development, certification, and continuing education that union organizations provide for its members.[27]  Whereas unions invest millions of dollars annually in training of members,[28] non-union employers have faced serious problems in developing effective training programs.[29]  Unions invest heavily in training and continuing education; these variables are not directly observable in the CPS data but are generally associated with increased productivity.  The studies cited in Dr. Kaestner's Report offer evidence that union members' superior access to training enable union workplaces to offer productivity gains in construction projects.

In fact, according to a study cited by Dr. Kaestner, "[t]he competitiveness of union labor depends not just on the wage differential with the open shop, but also on the productivity differential."[30]  In regards to the productivity differential between union and non-union workers, a 2004 article stated that "union workers are more productive than like workers in a nonunion environment."[31]  In certain instances the productivity difference is demonstrably large enough to overcome the wage differential.[32]  Additionally, a study cited by Dr. Kaestner draws the conclusion that "[c]osts are nearly equal for union and nonunion contractors in the office building sample . . . indicating that the cost of higher wage rates is offset by greater productivity for union

---

[26] Bilginsoy, Cihan. "Union Wage Gap in the U.S. Construction Sector: 1983-2007," Industrial Relations, Summer 2013, p. 680.

[27] Deposition of Stephen Zsigray, dated December 20, 2019, pp. 68-70.

[28] Belman, Dale and Voos, Paula B. "Union Wages and Union Decline: Evidence from the Construction Industry," Industrial & Labor Relations Review, 2006, p. 69.

[29] Allen, Steven G. "Developments in Collective Bargaining in Construction in the 1980s and 1990s," Contemporary Collective Bargaining in the Private Sector, 1994, p. 413; Belman, Dale and Voos, Paula B. "Union Wages and Union Decline: Evidence from the Construction Industry," Industrial & Labor Relations Review, 2006, p. 69; and Bilginsoy, Cihan "Union Wage Gap in the U.S. Construction Sector: 1983-2007," Industrial Relations, Summer 2013, p. 681.

[30] Allen, Steven G. "Developments in Collective Bargaining in Construction in the 1980s and 1990s," Contemporary Collective Bargaining in the Private Sector, 1994, p. 430.

[31] Blanchflower, David G. and Bryson, Alex "What Effect Do Unions Have on Wages Now and Would Freeman and Medoff Be Surprised?," Journal of Labor Research, Summer 2004, p. 408.

[32] Belman, Dale and Voos, Paula B. "Union Wages and Union Decline: Evidence from the Construction Industry," Industrial & Labor Relations Review, 2006, p. 69.

In the United States District Court for the Northern District of Illinois
Case No. 1:18-cv-5492

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

contractors"[33] and "[i]n each case where the union-nonunion comparisons are made over a sample of privately owned structures, the productivity of union contractors emerges as higher than that of nonunion contractors and the productivity difference is large enough to offset the difference in wages, making unit costs comparable."[34]  Dr. Kaestner has not addressed the possibility that productivity differences associated with variables that are not directly observable in the CPS data enable union workplaces to overcome wage rate differences and allow union workers to achieve savings in total labor cost when compared to non-union workers.

The type of material used can also impact the number of labor hours required to perform work on a construction project.  A contractor may choose to use a more expensive product that requires more skill but less labor to install, whereas another contractor may choose to a less expensive product that requires more labor to install, as a result, the contractor spends less on material and more on labor to accomplish the same work. For example, prefabricated wood trusses are more expensive to purchase, but take less time and labor to install, than assembling the trusses onsite. Dr. Kaestner's methodology does not consider the impact of material on the cost of the project and on the number of labor hours expended.

Not only does the increase in productivity have a direct impact on the wage differential, but it can also provide an indirect impact as well.  For example, due to the increased productivity associated with union workers, a union employer can in turn use less workers to complete a job. Therefore, while the employer may have to pay its employees at a higher wage rate, it is also able to pay less workers, thus potentially offsetting any difference in costs.  Because Dr. Kaestner did not properly consider both the direct and indirect impact of the increased productivity among union workers compared to non-union workers, but instead assumed equal productivity without any reliable authority to do so, use of his damages methodology will overstate potential damages and is unreliable.

---

[33] Allen, Steven G. "Further Evidence on Union Efficiency in Construction," Industrial Relations, Spring 1988, p. 233.
[34] Allen, Steven G. "Further Evidence on Union Efficiency in Construction," Industrial Relations, Spring 1988, pp. 239-240.

In the United States District Court for the Northern District of Illinois
Case No. 1:18-cv-5492

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

2. ***Dr. Kaestner fails to analyze the effect of work means and methods on the total labor cost to complete a moving or renovation project***

Contractors bidding the same project may have different methods for performing the work. For example, a contractor may already own concrete forms that eliminate the need to build forms on site. Another contractor that does not own the forms, but instead elects to build the forms on site will require more labor hours to accomplish the same task. Dr. Kaestner's methodology does not consider how differences in work means and methods may affect total labor cost to complete a moving or renovation project.

3. ***Dr. Kaestner fails to analyze the effect of a competitive bidding environment or concurrent bids on a project to determine the actual relationship, if any, between union wage rates and the total labor cost to complete a moving or renovation project***

Dr. Kaestner admittedly has not considered or investigated, nor does he have any expertise in evaluating, the process by which either a general contractor or a subcontractor puts together a bid for work on a renovation project in the Chicago Loop.[35] The process by which bids are solicited from contractors by a project owner involves several general steps: (1) Creating plans and specifications for the work, (2) Identifying qualified service providers and soliciting bids, (3) Interview and clarification meetings with potential bidders, (4) Receiving and evaluating bids, (5) Choosing a contractor, and (6) Contract negotiations with the successful bidder. .

A contractor, using either union or non-union labor, that bids for a construction project is not singularly motivated to bid the lowest possible amount. Instead, a bid on a project will reflect a blended mix of anticipated labor costs, materials costs, overhead, and a profit margin that will vary depending upon project-specific considerations.[36] A bid on a project will also reflect the competitive bidding environment. A non-union contractor, bidding against union contractors, will have to take into consideration differences in labor productivity and may have to bid more hours for each task than its union competition. Even if non-union contractors had identical levels

---

[35] Deposition of Robert Kaestner, Ph.D., dated February 21, 2020, pp. 157, 159.
[36] Deposition of Stephen Zsigray, dated December 20, 2019, p. 67.

In the United States District Court for the Northern District of Illinois
Case No. 1:18-cv-5492

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

of labor productivity as union contractors, they would be motivated to factor in the wage differential and bid just under the union contractors to maximize their profit on the project, thus depriving the project owner of Dr. Kaestner's theoretical cost savings. In addition, as discussed above, the different means and methods used by contractors to perform projects can impact the labor hours and therefore labor costs by far more than different wage rates.

Further, a contractor that is less busy may submit a lower bid in an effort to keep its workforce employed. Alternatively, general contractors employing non-union labor will bid for a project in a total amount that enables the non-union contractor to win the project and capture as much revenue as possible for its labor and materials; as a result, it is entirely reasonable to assume that non-union contractors would attempt to undercut a union bid by as little as possible. Also, there are potential incentives for union employers to be willing to accept a lower profit margin in an effort to win a bid for a project. Examples of these incentives includes the exposure gained by participating in a potential high-profile project or bidding lower on a project to win the work in order to retain talented workers for future projects. Therefore a wage rate differential may not be indicative of total labor cost differences.

Dr. Kaestner's methodology does not consider any of this. Dr. Kaestner ignores the real-world complexities that surround the commercial construction bidding process; as a result, his damages methodology is too simplistic to be utilized in the calculation of damages.

Testimony in this case confirms any actual, project-specific differences between union and non-union labor costs to tenants like Plaintiff are not a simple reflection of broader trends in union and non-union wages. For example, Mr. Grossman, an experienced general contractor, admittedly is unable to determine with reasonable certainty whether union or non-union wage rates would be higher for any specific project.[37] Mr. Grossman testified that non-union workers would be billed at "prevailing rates" reflective of the value of the work done on a project specific basis.[38] Additionally, Mr. Grossman admits that, in his experience as a general contractor, there

---

[37] Deposition of Larry A. Grossman, dated January 6, 2020, p. 70.
[38] Deposition of Larry A. Grossman, dated January 6, 2020, pp. 67-68.

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated, v. Jones Lang LaSalle Americas (Illinois), LP

is no established relationship between union and non-union wage rates and that it is possible that a contractor will bill a non-union worker at a higher wage rate than a union worker.[39]

Dr. Kaestner has failed to analyze a single project bid that compares union versus non-union rates. Therefore, his analysis of the Outgoing Rotation Group Current Population Survey ("CPS") data inherently fails to account for the difference in projects undertaken by union and non-union workers. Specifically, Dr. Kaestner does not account for the possibility that large scale, complicated projects are more likely to employ union workers and pay higher wages. By not considering this, Dr. Kaestner has consequently overstated the wage premium for union workers. In a study published in 2006, the authors concluded that "[l]arger-scale construction projects typically have higher proportions of unionized workers, higher skill requirements, and more productive workers. . . . For those reasons, most standard estimates likely overstate the true union/nonunion differential in construction."[40]

4. ***Dr. Kaestner inappropriately assumes that each tenant would have elected to use non-union labor regardless of its options***

Dr. Kaestner's damages framework assumes that every member of the class, if given the choice, would have chosen non-union labor for moving and renovation projects.[41] Accordingly, Dr. Kaestner did not consider the possibility in his damages approach that a tenant would have elected to use union labor, even if presented with a less expensive non-union option.

A contract for a tenant's moving or renovation work is not necessarily awarded to the lowest bidder. Rather, other factors are often considered, such as recommendations, confidence in the bidder, perceived ability to work with the contractor, and the perceived likelihood of the contractor to be able to get the project done on schedule without problems or cost overruns. These considerations can play a strong role in the selection process.

---

[39] Deposition of Larry A. Grossman, dated January 6, 2020, p. 70.
[40] Belman, Dale and Voos, Paula B. "Union Wages and Union Decline: Evidence from the Construction Industry," Industrial & Labor Relations Review, 2006, p. 69.
[41] Deposition of Amy Lynn Grossman, dated January 27, 2020, p. 30.

Mr. and Ms. Grossman appear to agree with this.  Ms. Grossman recognized that when choosing a contractor, putative class members are likely to analyze more than just price, including the timing of the work, availability of the contractors, experience, and referrals.[42]  Both Mr. and Ms. Grossman agreed that a tenant may have chosen union labor, even at a higher cost, in certain situations where a relationship existed between a tenant and a union member.[43]

Further, Mr. Zsigray believes that even if there was not a union-only rule, some tenants would still choose union contractors because "individual tenants . . . have their own views of union contractors based upon their organization."[44]  For example, an individual tenant may prefer to hire union contractors because that the tenant is a union organization and has a proclivity or a mandate to support union workers.[45]  Another reason that tenants may choose union workers over non-union, as I discuss in detail above, relates to the superior reputation and increased level of training associated with union workers when compared to non-union workers.[46]  Dr. Kaestner's damages calculation does not consider that tenants may have opted for union labor, irrespective of a non-union option.

### D.    *Dr. Kaestner's conclusions do not support a practical means of estimating potential damages in this matter*

Dr. Kaestner's conclusions regarding the UWPs by Occupational Group, even if they were reliable estimates of a downtown Chicago union versus non-union wage differential, are not helpful in evaluating damages to WDES or other similarly situated potential class members because it is not practical or possible to calculate damages on a project basis by applying the general approach described in his Expert Opinion Report.  Tellingly, despite proposing a damages framework, Dr. Kaestner does not actually use that framework to offer any opinion on

---

[42] Deposition of Amy Lynn Grossman, dated January 27, 2020, pp. 34 and 119.
[43] Deposition of Larry A. Grossman, dated January 6, 2020, pp. 226, 90; Deposition of Amy Lynn Grossman, dated January 27, 2020, pp. 30-33.
[44] Deposition of Stephen Zsigray, dated December 20, 2019, p. 68.
[45] Deposition of Stephen Zsigray, dated December 20, 2019, p. 27.
[46] *See also* Deposition of Stephen Zsigray, dated December 20, 2019, pp. 68-70.

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

whether or to what extent damages were actually incurred by Plaintiff or any other prospective class member.[47]

Any attempt to calculate damages using Dr. Kaestner's union wage premium analysis would require the application of Dr. Kaestner's estimate of a UWP by Occupational Group to the union labor cost component related to that Occupational Group for each project.[48] This would require specific identification of union labor costs by Occupational Group for each project undertaken by potential members of the putative class.[49] However, there is evidence that suggests that general contractors do not specifically isolate union labor costs by Occupational Group during the bidding or construction process.

According to Ms. Grossman, it is not typical or practical to break out various line items, including union vs. non-union labor costs, for renovations and it is difficult to recreate this analysis after the project is completed.[50] In the absence of the actual labor cost evidence his framework requires, Dr. Kaestner has not provided any way to estimate labor costs on a classwide basis given that the information available aggregates labor cost, material cost, and profit margin.[51] For example, the detailed invoices produced by WDES related to the 2014 and 2017 construction projects fail to provide itemized detail for the cost of labor by Occupational Group, materials cost, and overhead cost, making the application of Dr. Kaestner's damages methodology impractical.[52]

Additionally, it is possible that putative class members, despite the union-only rule, employed non-union labor for moving and renovation projects during the alleged damages period. Non-union labor is not subject to damages under Dr. Kaestner's methodology. Based on the limited

---

[47] Deposition of Robert Kaestner, Ph.D., dated February 21, 2020, pp. 46, 55-56.
[48] Deposition of Robert Kaestner, Ph.D., dated February 21, 2020, pp. 160-161.
[49] Deposition of Robert Kaestner, Ph.D., dated February 21, 2020, pp. 159-160.
[50] Deposition of Amy Lynn Grossman, dated January 27, 2020, p. 118 and Deposition of Amy Lynn Grossman, dated February 24, 2020, p. 169.
[51] Deposition of Robert Kaestner, Ph.D., dated February 21, 2020, pp. 173.
[52] JLL00001050- JLL00001067; Deposition of Amy Lynn Grossman Exhibit 15 (JLL00003494-JLL00003539); and Deposition of Amy Lynn Grossman, dated February 24, 2020, p. 170.

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

data contained in the invoices for moving and construction produced by WDES, it is not practicable to identify and exclude on a classwide basis any non-union labor potential class members used for their projects during the alleged damages period.

For example, WDES was able to utilize non-union labor during the 2014 and 2017 renovations.[53] Ms. Grossman testified that the work for line items in the invoice below for "Painting – Offices" and "Furniture Moving" was performed by a non-union contractor.[54]  Ms. Grossman conceded that the only way to discern whether tenants used non-union labor during the class period would be to ask each tenant about each specific project performed.[55]

| Bill To | Invoice | |
|---|---|---|
| Mason Taylor, LEED AP<br>Vice President/General Manager<br>Jones Lang LaSalle<br>125 South Wacker Dr., Suite 210<br>Chicago, IL 60606 | **DATE** | **INVOICE NO.** |
| | 9/5/2014 | 116006 |
| | **SUITE NO.** | **DUE DATE** |
| | | 10/5/2014 |

| Description | Amount |
|---|---|
| Miscellaneous Contracting – Ostrander Construction Inc | 232,104.00 |
| Millwork –  Specialty Woodworking Inc. | 24,942.10 |
| Supplies | 7,174.92 |
| Porcelain Tile (Material only lobby, lobby wall and kitchen)– Damar Natural Stone & Tile | 6,757.00 |
| Lighting Fixtures –  Lighting by Fox | 1,454.40 |
| Data Room – Installers Choice | 5,279.52 |
| Data Systems – Wun Systems | 28,383.19 |
| Lighting Fixtures – Restoration Hardware | 2,392.59 |
| Painting - Offices | 4,315.00 |
| Furniture Moving | 12,300.00 |
| | 1300 |
| Cleanup | 1,800.00 |
| Supervision | 6,682.27 |
| Insurance | 3,628.70 |
| Fee | 13,867.33 |
| Cost in Addition to Allowance $355,520.00 This amount will be  billed on the "Second Installment" invoice | -5,030.48 |
| Invoices to be provided upon request. | |

---

[53] Deposition of Amy Lynn Grossman, dated January 27, 2020, pp. 80-81, 83, 86-87, and 106-108.
[54] Deposition of Amy Lynn Grossman, dated January 27, 2020, pp. 80-81, 84-86.
[55] Deposition of Amy Lynn Grossman, dated January 27, 2020, pp. 82-83.

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

Moreover, to use Dr. Kaestner's damages approach, labor costs would also need to be separated from non-labor costs, such as materials, insurance, and supervision costs. Ms. Grossman demonstrated the impossibility of separating labor costs from material costs using WDES's invoices alone.[56]

In addition to separating union from non-union labor and labor costs from non-labor costs (*i.e.*, material costs), to use Dr. Kaestner's damages approach, each type of labor performed would need to fit into one of his specified categories of labor listed in Table 1 of his report (*i.e.*, carpenter, electrician, drywaller, plumber, laborer, installer, operating engineer, or mover).[57] This is not a straightforward process, as even Dr. Kaestner could not determine which category of Table 1 corresponded to the cost for general contracting fees.[58]

Dr. Kaestner's damages framework does not consider the impracticality of (1) specific identification and deduction of labor costs of non-union workers, (2) the separation of labor costs from non-labor costs, and (3) determining which categories of labor in Table 1 of his report correspond with labor performed for renovation and moving projects. Because determining these three pieces of information is required to accurately measure damages, his damages methodology is impracticable and unreliable for a class of thousands of tenants.

> **Opinion 2: Dr. Raisher's opinion regarding TIAs is flawed because the amounts and terms of TIAs arise from lease agreements, which are unique and highly individualized. So, it is impossible to broadly conclude that all TIAs are "amortized" to the tenant, or that all TIAs are ultimately paid in whole by the tenant.**

> **A.** *Summary of Mr. Raisher's Opinion*

---

[56] Deposition of Amy Lynn Grossman, dated February 24, 2020, pp. 199-207.
[57] Expert Opinion Report of Robert Kaestner, dated January 31, 2020, p. 6.
[58] Deposition of Robert Kaestner, Ph.D., dated February 21, 2020, pp. 167-170.

Mr. Raisher contends that "[a] TIA is essentially a loan from the landlord for the additional allowance that the tenant is required to pay back over the life of their lease term."[59] Accordingly, the TIA is "added to the total rent due at an interest rate the landlord charges and divided by the number of months in the lease term."[60] Mr. Raisher ultimately concludes that "if there are TIAs as a component of the lease transaction, I recognize that the TIAs are amortized to the tenant as a component of the transaction."[61]

### B. *Mr. Raisher has not accounted for the fact that each lease and TIA negotiation are unique*

According to Mr. Zsigray, a TIA "is a dollar amount that is provided in a lease negotiation to a tenant to perform construction management in the building for their space."[62] Mr. Zsigray testified that each lease transaction is unique, and TIAs are negotiated by the landlord and built into each lease contract in order to enable the landlord to achieve a desired return over the life of the lease.[63] In particular, as Mr. Raisher testified, TIAs are negotiated on a deal-by-deal basis; a landlord considers the market and its desire to lease space on a risk return trade off when negotiating the TIA and other rent abatements.[64] Mr. Raisher characterized the TIA as a contribution by the landlord. Specifically, he stated that "[h]ow much a landlord is willing to contribute toward a TIA depends on the tightness of the market (a tenant market yields better TIA dollars), the value of the tenant, and the extent to which a build-out improves the property."[65] Mr. Raisher agreed that a landlord might give more TIA dollars to a build-out that would improve the value of the building.[66] Mr. Raisher conceded that a landlord might be

---

[59] Expert Opinion Report of James Raisher, dated January 31, 2020, p. 2.
[60] Expert Opinion Report of James Raisher, dated January 31, 2020, p. 2.
[61] Expert Opinion Report of James Raisher, dated January 31, 2020, p. 2.
[62] Deposition of Stephen Zsigray, dated December 20, 2019, p. 56.
[63] Deposition of Stephen Zsigray, dated December 20, 2019, p. 58.
[64] Deposition of James Raisher, dated March 18, 2020, pp. 93-94.
[65] Expert Opinion Report of James Raisher, dated January 31, 2020, p. 1; Deposition of James Raisher, dated March 18, 2020, pp. 99-101.
[66] Deposition of James Raisher, dated March 18, 2020, pp. 104-105.

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

willing to contribute more TIA dollars to a more valuable tenant than to a less valuable tenant,[67] and that there "is not a direct correlation between a landlord's risk and a tenant market, their value and tenant improvement allowance. [Landlords] are taking everything in one big bubble[.]"[68] Because each lease agreement, including the TIA amount, is unique and negotiated on a deal-by-deal basis considering a multitude of factors, Mr. Raisher's blanket opinion that "if there are TIAs as a component of the lease transaction, I recognize that the TIAs are amortized to the tenant as a component of the transaction" is unreliable.

### C.    *Landlords are not able to recover all TIA costs through increased rent*

The only way that TIA costs can be damages to the Plaintiff and putative class is if landlords are able to recover some or all of the TIA through increased rent. This is not always the case. Certain TIA costs that represent improvements to the building that will outlast the tenant's lease, such as restructuring space to be more efficient, may not be recovered at all by the landlords. An Office Investor Sentiment Report by Real Capital Markets identified the cost of TIAs as one of the two greatest challenges facing landlords.

> "Increases in tenant improvements can be problematic, especially in markets with lower rents. While there can be greater disparity in rental rates from primary to secondary and tertiary markets, tenant improvement costs, from materials to labor, are more consistent, regardless of geography. Unfortunately, costs are not expected to decrease. It's especially a concern if the lease term is less than 10 years, as it is difficult for an owner to recover those costs."[69]

The same study quoted Paul Noland, VP Acquisitions, L&B Realty Advisors, LLP as saying, "[t]enant improvements are the biggest underwriting challenge. Universally, tenant improvement costs are going up a lot faster than rents have increased."[70] An article analyzing the Office Investor Sentiment Report further explains, "[t]enant improvements are a bet on the

---

[67] Deposition of James Raisher, dated March 18, 2020, p. 96. Mr. Raisher defines a valuable tenant is one that can pay the rent while operating a business (*see* Deposition of James Raisher, dated March 18, 2020, pp. 94-95).
[68] Deposition of James Raisher, dated March 18, 2020, p. 99.
[69] Office Investor Sentiment Report, Real Capital Markets, June 2019, p. 8.
[70] Office Investor Sentiment Report, Real Capital Markets, June 2019, p. 8.

In the United States District Court for the Northern District of Illinois
Case No. 1:18-cv-5492

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

future of a property. If and when the market finally hits a downturn, many sellers won't be able to find a taker at the price they had in mind when spending on TIs."[71] The amount of tenant improvement costs that are actually paid by the tenant varies from lease to lease. ("[t]enant improvement costs are rising much faster than rents" but clarifying "[j]ust how much TIs cost, and their relationship to rental rates, is **hugely dependent** on the individual tenant and market context") (emphasis added).[72] As Mr. Raisher conceded, rental rates that a landlord negotiates in the lease terms may not absorb the TIA cost contributed by the landlord.[73] Moreover, Mr. Raisher has not offered any methodology to determine how much, if any, of landlord TIA costs are recovered by rent.[74] Therefore, Mr. Raisher's assumption that the tenant ultimately pays the landlord back for the TIA through rent is flawed.[75]

###### D. *The amortization of TIA costs by a landlord over the term of a lease does not transfer the cost to a tenant*

Mr. Raisher appears to have misunderstood the accounting concept of amortization.[76] Mr. Raisher believes that the TIA is originally paid for by the landlord as the invoices come in.[77] And as a component of direct payments, it is amortized, spread out, through a specific term to be repaid back to the landlord for the cost of construction."[78] Landlords do recognize the cost of TIAs over time by amortizing them over the term of the lease, or some longer period depending on the nature of the improvements. This is simply an accounting treatment of a landlord's costs and is in no way equivalent to a direct repayment of the TIA costs by the tenant Accordingly, Mr. Raisher's opinion that "[a] TIA is essentially a loan from the landlord for additional allowance that the tenant is required to pay back over the life of their lease term" and that a TIA

---

[71] Rothstein, Matthew "Even With Growing Rents, Tenant Improvement Allowances Are Eating Into Landlord Margins," BISNOW https://www.bisnow.com/national/news/office/tenant-improvements-outweighing-rent-growth-smaller-margins-99738.

[72] Rothstein, Matthew "Even With Growing Rents, Tenant Improvement Allowances Are Eating Into Landlord Margins," BISNOW https://www.bisnow.com/national/news/office/tenant-improvements-outweighing-rent-growth-smaller-margins-99738.

[73] Deposition of James Raisher, dated March 18, 2020, pp. 92-94.

[74] Deposition of James Raisher, dated March 18, 2020, p. 94.

[75] Expert Opinion Report of James Raisher, dated January 31, 2020, p. 2.

[76] Deposition of James Raisher, dated March 18, 2020, pp. 107-108.

[77] Deposition of James Raisher, dated March 18, 2020, p. 108.

[78] Deposition of James Raisher, dated March 18, 2020, p. 82.

In the United States District Court for the Northern District of Illinois
Case No. 1:18-cv-5492

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated,
v. Jones Lang LaSalle Americas (Illinois), LP

is "added to the total rent due at an interest rate the landlord charges and divided by the number of months in the lease term" is unreliable.[79]

***********

My report, with supporting exhibits, is contained herein, and presents a summary of my opinions and the bases and reasons therefore as of this date. To the extent any additional information is produced by either party, I will be prepared to incorporate any such additional information into my report, or otherwise to amend or supplement my report as appropriate.

This report is to be used only for the purpose of this litigation and may not be published or used for any other purpose without prior written consent.

By:

Mark J. Hosfield
June 12, 2020

---

[79] Expert Opinion Report of James Raisher, dated January 31, 2020, p. 2.

# Mark J. Hosfield, CPA, CMA

20 North Wacker Drive – Suite 2150
Chicago, Illinois 60606

Tel:  312-506-1515
Fax:  312-506-1510
mhosfield@dhllc.com

Mark J. Hosfield is a Principal at Davis & Hosfield Consulting LLC. His practice is focused on providing consulting and expert witness assistance to clients and counsel in commercial disputes. A former Controller and Vice President of Finance, he has financial management and operational experience in industry as well. Mark has extensive experience developing damage theories and performing analyses involving lost profits, economic damages, incremental profits, fixed and variable costs, reasonable royalties, price erosion, unjust enrichment, business valuations, discounted cash flows, lost compensation, business interruption, construction claims, and prejudgment interest. He has issued expert reports reflecting his professional opinions in these respective areas.

Mark has testified as an expert witness in both state and federal court at deposition, trial and arbitration. He has worked on behalf of both plaintiffs and defendants in disputes, including:

- Accounting and GAAP Issues
- Antitrust
- Breach of Contract
- Construction Cost and Delay Claims
- Class Actions
- Employment Agreement Disputes
- Employment Discrimination
- Fraud and Financial Misrepresentation
- Patent, Trademark and Copyright Infringement
- Post-Acquisition Disputes
- Securities Account Damages
- Wrongful Death
- Valuation

Mark has provided financial consulting services in a variety of industries including, but not limited to, consumer products, computer hardware and software, construction, financial institutions, insurance, health care, manufacturing, pharmaceuticals, real estate, retail, securities and transportation.  He also has experience in management consulting, specifically for construction project management and construction claims. Mark has designed and developed integrated scheduling and cost management systems for controlling projects as well as for performing delay and productivity analyses.

**Employment**

**Davis & Hosfield Consulting LLC** - *Principal*, June 2003 – Present

**KPMG LLP** – Forensics Practice / Dispute Analysis Services - *Office Coordinating Partner*, 2002 – 2003

**Arthur Andersen LLP** – Claims & Disputes Practice - *Partne*r, 1997 – 2002

**Coopers & Lybrand LLP** – Financial Advisory Services / Litigation & Claims Services Practice - *Partner-in-Charge,* Midwest Region, 1995 – 1997, *Chicago Practice Leader*, 1994 – 1997, *Partner*, 1992 – 1994, *Manager,* 1987 – 1992

**Coopers & Lybrand LLP** – Management Consulting Services - *Manager*, 1986 – 1987, *Supervising Consultant*, 1985 - 1986, *Consultant*, 1983 - 1985

**Kretschmar Brands, Inc**. – *Vice President of Finance and Controller*, 1981 – 1983, *Manager*, 1980

**Educational Background**

Masters of Management - Northwestern University Kellogg Graduate School of Management, Finance, Accounting and Operations Management, 1980

Bachelor of Science - University of Illinois at Urbana – Champaign, Secondary Education – Mathematics, and Teaching Minor in Physics, 1978

Accounting Coursework - Southern Illinois University at Edwardsville, evening studies, additional accounting and business law coursework, 1980 –1982

**Professional Certifications**
- Certified Public Accountant – Licensed, State of Illinois
- Certified Management Accountant

**Professional Affiliations**
- American Institute of Certified Public Accountants
- Institute of Management Accountants
- Illinois CPA Society
- American Bar Association (Associate)
- Economic Club of Chicago

**Publications**
- *Proving and Pricing Construction Claims*, (Contributing Author), John Wiley & Sons, NY, 1990, Second Edition 1996
- *Environmental Dispute Handbook*, (Contributing Author), John Wiley & Sons, NY, 1991

**Teaching Experience**
- Accounting Principles I and Accounting Principles II, Mallinkrodt College, Wilmette IL, 1986
- Guest Lecturer, J.L. Kellogg Graduate School of Management, for Professor Carla Hayne, 1990 – 1993, Financial analysis D41
- Various Seminars at Coopers & Lybrand LLP
- Conducting a Successful Engagement, Arthur Andersen LLP, 1999

**Speeches and Seminars**
- Choosing an Estimating System, Illinois CPA Society Construction Contractors Committee annual seminar
- Pricing Damages from a Construction Failure, Construction Litigation Super conference
- ITT Kent College of Law, Presentation of a construction claims in a mock trial
- Proving and Pricing Construction Claims, Construction Litigation Super conference
- Representing the Sophisticated Owner, Construction Litigation Super conference
- Designing and Using Project Management Systems, Metier Management Systems Seminars
- Contingent Environmental Liabilities, Wisconsin CPA Society and Wisconsin Bar Association
- Financial Analysis in Litigation, Missouri Bar Association Seminar
- Minimizing Environmental Costs for the 90's, National Association of Accountants for Cooperatives
- Effective Expert Witness Testimony, American Bar Association, Committee on Corporate Counsel, February 1999

- How to Find, Use and Defend Against the Expert Witness, American Bar Association, Franchising Without Borders, October 2000
- High Tech Experts in High Tech Trials, Legal Works 2000, Glasser Legal Works, October 2000, April 2001
- Damages:  Measure for Measure, Really?  Representing Estate and Trust Beneficiaries and Fiduciaries 2016, American Law Institute Continuing Legal Education, Chicago, Illinois, July 8, 2016

# Mark J. Hosfield
## Testimony Experience

| *Lawsuit* | *Court* | *Law Firm* | *Type* | *Testimony* |
|---|---|---|---|---|
| Match Group, LLC v. <u>Bumble Trading, Inc., Bumble Holding, Ltd., Badoo Trading Limited, Badoo Limited, Badoo Software Limited, and Badoo Technologies Limited</u> Case No. 6:18-cv-00080-ADA-JCM | U.S. District Court for the Western District of Texas Waco Division | Cooley LLP | Patent Infringement | Report: 2020 |
| <u>American Guardian Warranty Services, Inc. and American Guardian Funding Corporation</u> v. JCR-Wesley Chapel, LLC; Jesus Rosario; Cynthia Rosario; and Automobile Protection, Inc. Case No. 16-cv-11407 | U.S. District Court Northern District of Illinois, Eastern Division | Konicek & Dillion, P.C. | Breach of Contract | Dep: 2020 Report: 2019 |
| The Trustees of Columbia University in the City of New York v. <u>Symantec Corporation</u> Case No. 3:13-cv-00808-MHL | U.S. District Court for the Eastern District of Virginia Richmond Division | Quinn Emanuel LLP | Patent Infringement | Dep: 2020 Report: 2019 |
| <u>Midwest Real Estate Investment Company, Atlantic Municipal Corporation, and Wheeler Financial, Inc.</u> v. Robert A. Palasz, CPA Case No. 16 L 12434 | Circuit Court of Cook County, Illinois County Department, Law Division | Swanson, Martin & Bell LLP | Fraud | Dep(2): 2019 Report: 2019 |
| Bradley Bakotic and Joseph Hackel v. <u>Bako Pathology LP and BPA Holding Corp.</u> Case No. N17-C-12-337 WCC | Superior Court of the State of Delaware | Jackson Lewis P.C. | Breach of Contract | Trial: 2020 Dep: 2019 Report: 2019 |
| Stericycle, Inc. v. <u>RQA, Inc., Lawrence E. Platt, RQA Services, Inc. and Kevin L. Platt</u> Case No. 13 CH 2223 | Circuit Court of Cook County, Illinois County Department, Chancery Division | K&L Gates | Breach of Contract | Dep(2): 2019 Report: 2019 |
| Midwest Material Management, LLC v. <u>Beverly Materials, LLC; Green Soils Management, LLC; Plote Construction, Inc.; and Thelen Sand & Gravel, Inc.</u> Case No. 16 L 11440 | Circuit Court of Cook County, Illinois County Department, Law Division | Freeborn & Peters LLP | Breach of Contract | Dep: 2019 Report: 2019 |
| <u>Exelon Business Services Company, LLC</u> v. Pelco Structural, LLC Case No. 1:16-cv-00611 | U.S. District Court for the Northern District of Illinois, Eastern Division | Exelon Law Department | Breach of Contract Breach of Warranty | Trial: 2019 Dep: 2018 Report: 2018 |
| Optimus Hospitalists & Pediatric Subspecialists, Ltd d/b/a Midwest Neoped Associates, Ltd. v. <u>Franciscan Alliance, Inc. d/b/a Franciscan St. James Health f/k/a Sisters of St. Francis Health Services, Inc. d/b/a St. James Hospital and Health Centers</u> Case No. 16 cv 07760 | U.S. District Court for the Northern District of Illinois Eastern Division | Cassiday Schade LLP | Breach of Contract | Dep: 2019 Report: 2019 |
| Stone Brewing Co., LLC v. <u>MillersCoors LLC</u> Case No. 3:18-cv-00331-BEN-LL | U.S. District Court Southern District of California | Wilmer Cutler Pickering Hale and Dorr LLP | Trademark Infringement | Dep: 2019 Report(2): 2019 |

# Mark J. Hosfield
# Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---------|-------|----------|------|-----------|
| SecurityPoint Holdings, Inc. v. The United States of America Case No. 1:11-cv-00268-EGB | U.S. District Court of Federal Claims | Sheppard Mullin Richter & Hampton LLP | Patent Infringement | Report(2): 2019 |
| State of Illinois ex rel. Kenny Gilman, Kevin Reynolds, and Jennifer Bennett v. Fieldturf USA, Inc., Fieldturf, Inc., Fieldturf Tarkett, and Tarkett Case No. 2017-L-006277 | Circuit Court of Cook County, Illinois County Department, Law Division | Winston & Strawn LLP | General Commercial Dispute | Dep: 2019 Report: 2019 |
| Consultants in Pathology, S.C. v. Kalisha Hill, M.D. AHLA DRS: Claim #4273 | American Health Lawyers Association LaPorte County, Indiana | McDonald Hopkins LLC | Breach of Contract | Arbitration: 2019 Report: 2019 |
| North Avenue Group Holdings, LLC and Redstone M&A Group, LLC v. LaSalle Capital Group II-A, L.P. and LaSalle Capital Group Partners II-A, LLC Case No. 1:18-cv-03659-AT | U.S. District Court Northern District of Georgia, Atlanta Division | Winston & Strawn LLP | Breach of Contract | Dep: 2019 Report: 2019 |
| Charles C. Piano, Jr., et al. v. Estate of Alex A. Piemonte, Jr. Case No. 15 CH 1138 | Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Chancery Division | Latimer LeVay Fyock LLP | Breach of Fiduciary Duty | Dep: 2019 Report: 2019 |
| Aaron Brett Tucker, Irina Tucker, C.J.L.E, LLC, and A.B.I.T., LLC v. US Foods, Inc. and USF Propco I, LLC Case No. 5:18-cv-00239-SLP | U.S. District Court Western District of Oklahoma | Baker & Hostetler LLP | General Commercial Dispute | Report: 2019 |
| Illinois Mine Subsidence Insurance Fund v. Union Pacific Railroad Company Case No. 3:17-cv-3199-SEM-TSH | U.S. District Court for the Central District of Illinois, Springfield Division | Tressler LLP and The Quinlan Law Firm | Analysis of Merger Damages from Coal Mine Subsidence | Trial: 2019 Dep: 2018 Report: 2018 |
| Flexible Steel Lacing Company v. Conveyor Accessories, Inc. Case No. 1:17-cv-05540 | U.S. District Court for the Northern District of Illinois Eastern Division | Hinshaw & Culbertson LLP | Trade Dress Infringement | Report (2): 2019, 2018 |
| Concrete Structures/Sachi, J.V. v. Clark/Bulley/OVC/Powers, A Joint Venture; et.al. Case No. 01-18-0000-5932 | American Arbitration Association | Laurie & Brennan, LLP | Construction Litigation | Trial: 2019 Dep: 2019 Report: 2018 |
| EISAI Co., Ltd. v. Abbvie Biotechnology Ltd and Abbvie GK ICC Case No. 23415/MK | International Chamber of Commerce International Court of Arbitration | Winston & Strawn LLP | Breach of Contract | Trial: 2018 Report: 2018 |
| Rachelle Baker and Jason Dittmann, individually and on behalf of others similarly situated v. Equity Residential Management, L.L.C., and EQR-Walden Park, LLC Case No. 18-cv-11175 PBS | U.S. District Court District of Massachusetts | Baker & Hostetler LLP | General Commercial Dispute | Dep: 2018 Report: 2018 |

underline indicates client

# Mark J. Hosfield
## Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---|---|---|---|---|
| DTN, LLC, f/k/a Telvent DTN, LLC v. Pioneer Hi-Bred International, Inc. Case No. 1:18-cv-00384-LPS | U.S. District Court for the District of Delaware | Faegre Baker Daniels LLP | Tortious Interference | Report: 2018 |
| J&B Sign, Inc. and Chicago Title Land Trust Company v. Commonwealth Edison Company Case No. 11 CH 36912 | Circuit Court of Cook County, Illinois County Chancery Division | Locke Lord LLP | Breach of Contract | Dep: 2018 Report: 2018 |
| SS&C Technologies, Inc. v. Bradley Rossa and Clearwater Analytics, LLC Case No. 2015-CH-15891 | Circuit Court of Cook County, Illinois County Department, Chancery Division | Latham & Watkins | Trade Secret | Dep: 2018 Report: 2018 |
| Foreign Trade Corporation d/b/a Technocel v. Otter Products, LLC, Tessco Technologies, Inc., Nite Ize, Inc., Brightstar Corporation and Ingram Micro Case No. 1:14-cv-03133-RPM | U.S. District Court for the District of Colorado | Barnes & Thornburg LLP | Anti-Trust Dispute | Report (3): 2018 |
| Laveraneus Coles, et al. v. Chuhak & Tecson, P.C., Gary Stern, Jeanne Kerkstra, David Shiner, and Lindsey Markus Case No. 18 L 1095 | Circuit Court of Cook County, Illinois County Department, Law Division | Konicek & Dillon, P.C. | General Commercial Dispute | Report: 2018 |
| Debra F. Ruderman, Individually and as Trustee of the Debra Freed Ruderman Declaration of Trust v. Laurance H. Freed and DDL, LLC Case No. 1:14-cv-09079 | U.S. District Court for the Northern District of Illinois Easter Division | Baker & Hostetler LLP | Fraud | Dep: 2018 Report: 2018 |
| Amdocs (Israel) Limited v. Openet Telecom, Inc. and Openet Telecom Ltd Case No. 1:10cv910 (LMB/TRJ) | U.S. District Court Eastern District of Virginia Alexandria Division | Wilmer Cutler Pickering Hale and Dorr LLP | Patent Infringement | Trial: 2018 Dep: 2017, 2011 Report (3): 2017, 2011 |
| GJM LLC, d/b/a KUMFY TAILZ v. Bankier Companies, Inc. Case No. 2014-L-005148 | Circuit Court of Cook County, Illinois County Department, Law Division | The Howard Law Firm LLC | Breach of Contract | Dep: 2018 Report: 2018 |
| Nina Greene and Gerald Greene v. Sears Protection Company and Sears Roebuck and Co. Case No. 1:15-cv-02456 | U.S. District Court for the Northern District of Illinois | Baker & Hostetler LLP | Class Action Dispute | Dep: 2017 Report: 2017 |
| Finjan, Inc., v. Symantec Corp. Case No. 4:14-cv-02998-HSG | U.S. District Court for the Northern District of California Oakland Division | Quinn Emanuel LLP | Patent Infringement | Dep: 2017 Report: 2017 |
| Federal Deposit Insurance Corporation v. Chicago Title Insurance Company, Chicago Title and Trust Company, and Jo Jo Real Estate Enterprises, d/b/a Property Valuation Services Case No. 1:12-cv-05198 | U.S. District Court for the Northern District of Illinois | Fidelity National Law Group | Breach of Contract and Breach of Fiduciary Duty | Trial: 2017 Dep: 2016 Report: 2015 |

# Mark J. Hosfield
## Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---|---|---|---|---|
| Sprint Communications Company L.P., et al. v. COX Communications, Inc., et al.<br>Case No. 1:12-487 SLR | U.S. District Court for the District of Delaware | Winston & Strawn LLP | Patent Infringement | Dep (2): 2017, 2016<br>Report (2): 2017, 2016 |
| Enbridge Energy Limited Partnership v. Oldcastle APG South, Inc. and Village of Romeoville<br>Case No. 11 L 0727 | Circuit Court for the Twelfth Judicial District Circuit Will County, IL | Sidley & Austin LLP | Environmental Liability | Trial: 2017<br>Dep: 2015<br>Disclosure: 2015 |
| Howard Samuels, as Assignee/Trustee of the TAG Creditor's Trust f/k/a The American Group of Constructors, Inc. v. BP Products North America, Inc.<br>Case No. 01-15-0003-9125 | American Arbitration Association | Greensfelder, Hemker & Gale, P.C. | Breach of Contract and Business Valuation | Trial: 2017<br>Dep: 2016<br>Report (2): 2016 |
| Stryker Sales Corporation v. Johnny McNany and Integra Lifesciences Corporation<br>Case No. 15-cv-01110-JTN-ESC | U.S. District Court for the Western District of Michigan | Morgan, Lewis & Bockius LLP | Trade Secret | Dep: 2016<br>Report: 2016 |
| Mark A. Barry, MD v. Medtronic, Inc.<br>Case No. 1:14-cv-00104-RC | U.S. District Court for the Eastern District of Texas, Beaumont Division | Greenberg Traurig LLP | Patent Infringement | Trial: 2016<br>Dep: 2016<br>Report: 2016 |
| Play Beverages, LLC and CirTran Beverage Corp. v. Playboy Enterprises International, Inc. Jimmy Esebag, United Licensing Group, Inc. Ron Coopersmith, RLC Partners, LLC, Redi FZE and Paul Levin<br>Case No. 2012-L-012181 | Circuit Court of Cook County, Illinois County Department, Chancery Division | Richards Brandt Miller Nelson | Breach of Contract | Trial: 2016<br>Dep: 2015<br>Report (2): 2015 |
| Solargenix Energy, LLC v. Acciona Solar Energy LLC, Acciona Energia, S.A., Acciona Solar Power, Inc., Acciona Energy North America Corporation, and Acciona, S.A<br>Case No. 14-L-10618 | Circuit Court of Cook County, Illinois, County Department, Law Division | Sidley & Austin LLP | Breach of Contract and Breach of Fiduciary Duty and Business Valuation | Trial: 2016<br>Dep: 2015<br>Report (2): 2015 |
| CNH Industrial America LLC v. Jones Lang LaSalle Americas, Inc.<br>Civil Case No. 2:15-cv-00981-JPS | U.S. District Court for the Eastern District of Wisconsin | Barnes & Thornburg LLP | Breach of Contract | Trial: 2016<br>Report: 2016 |
| Mary M. Shannon, et al. v. William O'Malley, et al.<br>Case No. 11 L 2261<br>Case No. 11 L 914 | Circuit Court of Cook County, Illinois County Department, Law Division | Johnson & Bell, Ltd | Breach of Contract | Dep: 2016<br>Report: 2016 |
| The Scoular Company, v. Ceres Global AG Corp. and Riverland AG Corp.<br>Case No. 14-CV-01881 | U.S. District Court for the District of Minnesota | Bassford Remele | Breach of Contract - Valuation | Dep: 2016<br>Report: 2016 |

underline indicates client

# Mark J. Hosfield
## Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---------|-------|----------|------|-----------|
| Beef Products, Inc., BPI Technology, Inc. and Freezing Machines, Inc. v. American Broadcasting Companies, Inc., ABC News, Inc., Diane Sawyer, Jim Avila, David Kerley, Gerald Zirnstein, Carl Custer, and Kit Foshee Case No. 12-292 | State of South Dakota in the County of Union First Judicial Circuit | Winston & Strawn LLP | Lost Earnings and Business Value Defamation | Dep: 2016 Report (2): 2016 |
| Howard Labkon v. General Iron Marilyn Labkon, Mark Labkon and Adam Labkon Case No. 01-5-0002-4103 | American Arbitration Association | Goldberg Kohn LLP | Fraud Investigation and Breach of Contract | Trial: 2016 Report: 2016 |
| The Bureaus Inc. v. James Janousek Case No. 11 CH 19317 | Circuit Court of Cook County, Illinois, County Department, Chancery Division | Akerman LLP | Breach of Contract and Trade Secrets | Trial: 2016 Dep: 2013 Report: 2013 |
| Legat Architects, Inc., an Illinois Corporation v. Scottish Rite Cathedral Association of Chicago, an Illinois Corporation, and Unknown Others and Non-Record Claimants Case No. 10 CH 001534 | Circuit Court of the Eighteenth Judicial Circuit DuPage County, Illinois Chancery Division | Stein Ray LLP | Breach of Contract | Dep: 2016 Report (2): 2015, 2013 |
| Thomas Mervyn v. Atlas Van Lines, Inc. and ACE World Wide Moving & Storage Co., Inc. Case No. 13-cv-03587 | U.S. District Court for the Northern District of Illinois | Hinshaw & Culbertson LLP | Class Action | Affidavit: 2016 |
| James Janousek, individually and on behalf of Bureaus Investment Group, LLC v. Michael Slotky, Burton Slotky, Bureaus Investment Group LLC and Bureaus Investment Group III LLC Case No. 09 CH 22216 | Circuit Court of Cook County, Illinois County Department Chancery Division | Akerman LLP | Valuation Litigation | Trial: 2015 Dep: 2015 Report: 2015 |
| Bureaus Investment Group, LLC, an Illinois limited liability company and Bureaus Investment Partners II, an Illinois general partnership v. James Janousek Case No. 11 CH 36871 | Circuit Court of Cook County, Illinois County Department, Chancery Division | Shaw Fishman Glantz & Towbin LLC | Breach of Contract | Dep: 2015 Report: 2015 |
| Marnie Hammel v. Marsh USA, Inc and Marsh & McLennan Companies, Inc. Case No. 1:14-cv-00943-CKK | U.S. District Court for the District of Columbia | Winston & Strawn LLP | Employment Discrimination | Dep: 2015 Report: 2015 |
| Amcor Flexibles, Inc. v. Fresh Express, Inc. Case No. 3:14-cv-01025-LB | U.S. District Court for the District of California | Hinshaw & Culbertson LLP | Breach of Contract | Report: 2015 |
| Daisy, Inc. v. Pollo Operations, Inc., Edward Priore and John Does 1-10 Case No. 2:14-cv-00564-SPC-CM | U.S. District Court Middle District of Florida | Akerman LLP | Class Action Dispute | Report: 2015 |
| Anthony Banaszak v. CitiMortgage, Inc. Case No. 13-cv-13710 | U.S. District Court for the Eastern District of Michigan Northern Division | Mayer Brown LLP | SCRA Act Class Action Dispute | Report: 2015 |

underline indicates client

# Mark J. Hosfield
## Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---|---|---|---|---|
| King Koil Licensing Co, Inc. v. <u>Roger B. Harris, et al.</u> Case No. 11 L 3020, 11 L 2984 | Circuit Court of Cook County, Illinois, County Department, Law Division | Hinshaw & Culbertson LLP | Legal Malpractice | Trial: 2015 Dep: 2015 Report (2): 2015, 2014 |
| <u>Kristopher Konrad</u> v. Annaly Management Company LLC and Annaly Capital Management, Inc. Case No. 01-14-0001-2748 | American Arbitration Association | Baker & Hostetler LLP | Breach of Contract | Trial: 2015 Report: 2015 |
| Heartland Dental Care, Inc. v. <u>Mortenson Family Dental Center, Inc. and Mortenson Family Dental Holdings</u> Case No. 11-L-20 | Circuit Court for the Fourth Judicial Circuit of Illinois Effingham County, Effingham, Illinois | Lynch, Cox, Gilman & Goodman P.S.C. | Breach of Contract | Report (2): 2015, 2014 |
| Raymond Wray v. <u>CitiMortgage, Inc.</u> Case No. 3:12-3628-CMC | U.S. District Court For the District of South Carolina, Columbia Division | Mayer Brown LLP | SCRA Act Class Action Dispute | Dep: 2014 Report (2): 2014, 2013 |
| <u>Hendrickson USA, L.L.C.</u> v. SKF USA, Inc. Case No. 2013CV01170 | In the Court of Common Pleas Stark County, Ohio | Winston & Strawn LLP | Contract Dispute | Disclosure: 2014 |
| <u>Gillespie Community Unit School District No. 7</u> v. Union Pacific Railroad Company Case No. 2009-L-22 | Circuit Court of the Seventh Judicial Circuit Macoupin County, Illinois | Swanson Martin & Bell LLP | Analysis of Merger Damages from Coal Mine Subsidies | Dep (2): 2017, 2014 Affidavit: 2014 Report (2): 2017, 2014 |
| E.K. Shaw, et al. v. <u>The Northern Trust Company, et al.</u> Case No. 07 CH 24749 | Circuit Court of Cook County, Illinois County Department, Chancery Division | Sidley & Austin LLP, Jenner & Block LLP | Trust & Estate and Business Valuation | Trial: 2014 Dep (2): 2014, 2012 Report (2): 2012, 2011 |
| <u>Alcatel-Lucent USA, Inc.</u> v. ThinkFire USA, Ltd. Case No.: 50 133 T 00714 12 | American Arbitration Association | Quinn Emanuel LLP | Breach of Contract and Patent Infringement | Trial: 2014 Report: 2014 |
| Robert H. Goodman, Saturn Southwest Florida and Saturn Holding Company v. <u>Deloitte & Touche LLP</u> Case No. 10-CA-001249 | Court of the Twentieth Judicial Circuit in and for Lee County, Florida | Sidley & Austin LLP | Breach of Contract and Auto Dealership Valuation | Dep: 2014 Report: 2013 |
| <u>AMW Latin America, Inc.</u> v. PLR IP Holdings, LLC and Trade Financial Solutions Case No. 50-133-T-00491-12 | International Centre for Dispute Resolution International Division of the American Bar Association | Bassford Remele | Breach of Contract | Trial: 2013 Report: 2013 |
| Dr. George Frey, M.D. v. Warsaw Orthopedic, Inc. and <u>Medtronic Sofamor Danek USA, Inc.</u> Case No. 1:11-cv-00767-RPM | U.S. District Court, District of Colorado | Kirkland & Ellis LLP | Breach of Contract | Dep: 2013 Report (3): 2014, 2013 |

# Mark J. Hosfield
## Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---|---|---|---|---|
| C. Geoffrey Hampson, Christopher Hampson and Hampson Equities, Ltd., Claimants, v. <u>Live Current Media, Inc. and David Jeffs, Respondents, and Live Current Media, Inc., Also as Nominal Respondents</u> Case No. 1260002566 | Jams Arbitration | Hinshaw & Culbertson LLP | Breach of Contract | Trial: 2013 Dep: 2013 Report (3): 2013 |
| Federal Trade Commission v. <u>Consumer Health Benefits Association, et al.</u> Case No. CV-10-3551 | U.S. District Court for the Eastern District of New York | Katten Muchin Zavis & Rosenman LLP | Consumer Protection Act | Dep: 2013 Report: 2013 |
| Marc S. Kirschner (trustee for Le-Nature's Liquidation Trust) v. <u>Marshall Financial, Inc. and Marshall Investments Corporation</u> Case No. 08-cv-1518 | U.S. District Court, Western District of Pennsylvania | Faegre Baker Daniels LLP | Fraud, Breach of Fiduciary Duty | Report: 2013 |
| <u>Uthe Technology Corporation</u> v. Aetrium, Inc., Harry Allen, et al., Case No. 3:95-cv-02377-WHA | U.S. District Court for the Northern District of California | Wildman Harrold Allen & Dixon | Lost Earnings | Dep: 2013 Report (2): 2013 |
| Constantine Frantzides, MD. PH.D and Chicago Institute of Minimally Invasive Surgery, Ltd v. <u>Northshore University Healthsystem Faculty Practice Associates, Northshore University Healthsystem, Mark Talamonti, M.D. and Illinois Collection Services, Inc.</u> Case No. 2011 L 6090 | Circuit Court of Cook County, Illinois, County Department, Law Division | Winston & Strawn LLP | Breach of Contract | Dep: 2013 Report: 2013 |
| <u>Google, Motorola Mobility and General Instrument Corporation</u> v. Tivo, Inc. Case No. 5:11-CV-53-JRG | U.S. District Court for the Eastern District of Texas | Quinn Emanuel LLP | Patent Infringement | Dep: 2013 Report: 2013 |
| <u>Heery International, Inc., E.R. Mitchell & Company d/b/a Heery Mitchell a joint venture</u> v. DeKalb County School District, Georgia Case No. 07CV2532-3 | Superior Court of DeKalb County State of Georgia | DLA Piper | Construction Litigation | Dep: 2012 Report (2): 2012 |
| Elizabeth Arden, Inc. v. <u>The Merchant of Tennis, Inc., U.S. Merchants Financial Group, Inc., and Jeff Green</u> Case No. CV-10-9949-PA-AGR | U.S. District Court for the Central District of California Western Division | Affeld Grivakes Zucker LLP | Breach of Contract | Report: 2012 |
| Sandy Judd, Tara Herivel and Columbia Legal Services and plaintiff class v. <u>American Telephone and Telegraph Company</u> and T-Netix, Inc. Case No. 00-2-17565-5 SEA | Superior Court of Washington for King County | Sidley & Austin LLP, Schiff Hardin | Class Action Dispute and TCPA | Dep: 2012 Report: 2012 |
| <u>Center Partners, Ltd, et al.</u> v. Urban Shopping Centers, L.P. et al. Case No. 04 L 012194 | Circuit Court of Cook county, Illinois County Department, Law Division | Kirkland & Ellis LLP | Breach of Duty Fiduciary and Business Valuation | Dep: 2012 Report (4): 2014, 2013, 2011 |

# Mark J. Hosfield
# Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---|---|---|---|---|
| Steven I. Valfer, M.D. v. Evanston Northwestern Healthcare Case No. 07 L 2782 | Circuit Court of Cook County, Illinois, County Department, Law Division | Winston & Strawn LLP | Breach of Contract | Report: 2012 |
| Snowstorm Acquisition Corporation v. Tecumseh Products Company, AlixPartners, LLP, AP Services LLC, and James Bonsall Case No. 009-866-SLR | U.S. District Court for the District of Delaware | K&L Gates LLP | Post-Acquisition Disputes | Dep: 2012 Report: 2012 |
| The Freedom Family Trust v. Timothy E. Weilandt and McCarthy Duffy, LLP Case No. 10L7612 | Circuit Court of Cook County, Illinois | Swanson Martin & Bell LLP | Trust and Breach of Contract | Dep: 2012 Report: 2009 |
| CDW Direct LLC and CDW LLC v. Amy Peterson, Ann Garcia, Rick Dinkins and Nicole Sawa Case No. 10CV2144 | State of Wisconsin Circuit Court, Dane County | Perkins Coie LLP | Trade Secret and Employment Agreement | Dep: 2012 Report: 2012 |
| CDW LLC, CDW Direct, LLC and Berbee Information Networks Corporation v. Netech Corporation Case No. 1:10-cv-0530-SEB-DML | U.S. District Court, Southern District of Indiana, Indianapolis Division | Perkins Coie LLP | Trade Secret and Employment Agreement | Dep: 2011 Report: 2011 |
| Tegrant Alloyd Brands, Inc. v. The Merchant of Tennis, Inc. Case No. 08 C 50041 | U.S. District Court, Northern District of Illinois, Western Division | Wildman Harrold Allen & Dixon | Breach of Contract | Dep: 2011 Report: 2011 |
| Randall S. DeGeer v. M. Scott Gillis, Joseph R. Shalleck and Leroy J. Mergy Case No. 09 cv 06974 | U.S. District Court, Northern District of Illinois, Eastern Division | Canel Davis & King | Breach of Contract | Dep: 2011 Report: 2011 |
| Alexsam, Inc. v. UnitedHealth Group Incorporated, United HealthCare Services, Inc., Exante Bank, Inc. and Exante Financial Services, Inc. Case No. 2:07-cv-00512-CE | U.S. District Court for the Eastern District of Texas Marshall Division | Fulbright & Jaworski LLP | Patent Infringement | Report (2): 2011 |
| Laurel Center Group v. DSW, Inc. Case No. BC405487 | Superior Court of the State of California for the County of Los Angeles Central District | Valorem Law Group | Breach of Contract | Trial: 2011 Dep: 2011 Disclosure: 2011 |
| Dr. Sining Mao, Western Digital Corp and Western Digital Technologies v. Seagate Technology LLC Case No. 65 160 00129 07 | American Arbitration Association | Bassford Remele | Trade Secret | Trial: 2011 Report (2): 2010 |
| Carl Zeiss Vision GMBH and Carl Zeiss Vision International GMBH v. Signet Armorlite, Inc. and related companies Case No. 09 CV 0657 | U.S. District Court for the Southern District of California | Ice Miller LLP | Patent Infringement | Trial (2): 2011, 2010 Dep: 2009 Report (4): 2011, 2009 |

underline indicates client

# Mark J. Hosfield
## Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---|---|---|---|---|
| Ms. Lyndsey M.D. Olson v. <u>Citibank, et al.</u> Case No. 0:10-cv-02992-PAM-JJK | U.S. District Court for the District of Minnesota | Mayer Brown LLP | SCRA Act Class Action Dispute | Report: 2011 |
| Michael N. Kreiger and Arthur P. Kreiger, as Trustee for the Kreiger Sycamore Trust v. <u>Robert T. Boey</u> Case No. 1:10cv910 (LMB/TRJ) | Circuit Court of the Sixteenth Judicial Circuit, DeKalb County, IL | Hinshaw & Culbertson LLP | Breach of Contract | Trial: 2011 Report: 2009 |
| <u>Ellman Holdings (Baird)</u> v. Alan Ellman and Jon Garito | American Arbitration Association | Winston & Strawn LLP | Post-Acquisition Dispute | Trial: 2011 Report: 2011 |
| Northwest Product Design Group v. <u>Homax Products, Inc.</u> Case No. 07-2-00040-9 | Superior Court of Washington In and For Whatcom County | Greer, Burns & Crain, Ltd. | Breach of Contract | Dep: 2010 Report: 2010 |
| <u>Viskase Companies, Inc.</u> v. World Pac International, AG et al. Case No. 09 C 5022 | U.S. District Court, Northern District of Ohio, Eastern Division | Jenner & Block LLP | Patent Infringement | Dep: 2010 Report: 2010 |
| Triangle Restaurants, Inc., Kareco, Inc. Dikran Karek, and Lozik Karek v. <u>ERP Operating Limited Partnership, First American Title Insurance, et al.</u> Case No. EC 050081 | Superior Court of the State of California for the County of Los Angeles North Central District - Burbank | Wildman Harrold Allen & Dixon | Breach of Contract | Dep: 2010 Disclosure: 2010 |
| <u>Empire Today, LLC</u> v. National Floors Direct, Inc. et al. Case No. 1:08-CV-11999-JLT | U.S. District Court District of Massachusetts Boston Division | Wildman Harrold Allen & Dixon | Trade Secret | Trial: 2010 Report: 2010 |
| Emerald Casino, Inc. Debtor: Frances Gecker Trustee v. <u>Donald Flynn and others</u> Case No. 08 B 22977  08 A 00972 | U.S. Bankruptcy Court for the Northern District of Illinois Eastern Division | K&L Gates LLP | Valuation Litigation | Dep: 2010 Report: 2010 |
| The Estate of William Bass, Deceased, Edward Bass, Lyle Streicher and Northwestern Medical Faculty Foundation v. <u>Melvin L. Katten, Katten Muchin Zavis & Rosenman, et al.</u> Case No. 04 L 4640 | Circuit Court of Cook County, Illinois, County Department, Law Division | Williams Montgomery & John Ltd. | Trust & Estate and Legal Malpractice | Dep: 2010 Report: 2010 |
| <u>Learning Curve Brands,</u> Inc. v. Munchkin, Inc. Case No. 3:09-cv-416 | U.S. District Court for the Western District of Wisconsin | Michael Best & Friedrich LLP | Patent Infringement | Dep: 2010 Report: 2010 |
| Alex Trevino, et al. v. <u>Wisconsin Electric Power Company, Associated Electric & Gas Insurance Services, Energy Insurance Mutual Limited, United States Fire Protection, Ace American Insurance and ABC Insurance</u> Case No. 09 CV 002218 | State of Wisconsin, Circuit Court, Milwaukee County | Patton & Ryan LLC | Personal Injury | Dep: 2010 Report: 2010 |
| Kevin M. Moore v. <u>Exelon Corporation</u> and KHB Group Case No. 04 L 13071 | Circuit Court of Cook County, Illinois, County Department, Law Division | Pugh, Jones, Johnson & Quandt | Breach of Contract | Dep: 2010 Report: 2010 |

underline indicates client

# Mark J. Hosfield
## Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---|---|---|---|---|
| Huizenga Managers Fund, LLC v. A.R. Thane Ritchie, et al. Case No. 07 CH 09626 | Circuit Court of Cook County, Illinois, County Department, Chancery Division | Sidley & Austin LLP | Breach of Contract and Investment Funds | Trial: 2010 Dep: 2010 Report: 2010 |
| Thomson, Inc. v. Gemstar – TV Guide International, Inc., Gemstar Development Corp., and StarSight Telecast, Inc. Case No. 29D02-0808-PL-001004 | State of Indiana Hamilton County Superior Court | Barnes & Thornburg LLP | Breach of Contract and Patent Infringement | Report: 2010 |
| Buetow, et al. v. ALS Enterprises, et al. Case No. 07-CV-03970 (RHK/JJK) | U.S. District Court District of Minnesota | Merchant & Gould P.C. | Class Action Dispute | Report (2): 2010, 2009 |
| Illinois Central Railroad Company, d/b/a Canadian National Railway Company v. Kiewit Western Company and Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra/Metropolitan Rail Case No. 04 L 11965 | Circuit Court of Cook County, Illinois, County Department, Law Division | SmithAmundsen LLC | Construction Cost Dispute | Dep: 2010 Report: 2009 |
| GSI Commerce Solutions, Inc. v. BabyCenter, LLC | Jams Arbitration | Butler, Fitzgerald, Fiveson & McCarthy P.C. | Breach of Contract | Trial: 2010 Report: 2010 |
| Rebecca R. O'Hair et al. v. The Edgar County Bank & Trust Co. Case No. 2005-CH-32 | Circuit Court for the Fifth Judicial Circuit of Illinois, Edgar County, Paris, Illinois | Richard L. James - Attorney at Law | Breach of Contract and Investment Trust | Trial: 2010 Dep: 2009 Report: 2009 |
| Mary Freedom, The Freedom Family Trust v. Forest Knoll Construction, Frankfort Farms LLC, Robert G. Cimo, Jr. Case No. 07 CH 25884 | Circuit Court of Cook County Illinois County Department Chancery Division | Swanson, Martin & Bell LLP | General Commercial Dispute | Dep: 2009 |
| Black Flag Brands, LLC v. Bridgeview Aerosol, LLC v. McLaughlin Gormley King Company Case No. 65 181 Y 00257 08 | American Arbitration Association | Kirkland & Ellis LLP | Breach of Contract | Trial: 2009 Dep: 2009 Report: 2009 |
| KBA-Giori, North American, Inc. v. Muhlbauer, Inc. and Tema GmbH Case No. 08-cv-34-HCM-FBS | U.S. District Court for the Eastern District of Virginia, Norfolk Division | Brinks Hofer Gilson & Lione | Patent Infringement | Trial: 2009 Dep: 2009 Report: 2009 |
| Appleton Papers Inc. v. Andritz BMB AG, and Andritz, Inc. Case No. 07-CV-1416 | State of Wisconsin: Circuit Court: Outagamie County | Michael Best & Friedrich LLP | Breach of Contract | Dep: 2009 Report: 2009 |
| Re-Source America, Inc. v. Corning, Inc. Case No. 07-CV-6048 | U.S. District Court Western District of New York | Nixon Peabody LLP | Breach of Contract | Dep: 2008 Report: 2008 |
| Golden Harvest Seeds, Inc. v. Monsanto Company, et al. Cause No: 04CC-003839 | Circuit Court of St. Louis County, Missouri | Dorsey & Whitney LLP | Breach of Contract | Report: 2008 |

underline indicates client

13

# Mark J. Hosfield
## Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---|---|---|---|---|
| Chicago United Industries, Ltd et al. v. City of Chicago, et al. Case No. 05 C 5011 | U.S. District Court, Northern District of Illinois, Eastern Division | City of Chicago's City Corporate Counsel's Office | Vendor Dispute | Dep: 2008 Report: 2008 |
| Michael A. Downs v. Rosenthal Collins Group, LLC, Dreadnought Partners, LLC, Knot LLC, J. Robert Collins, Leslie Rosenthal and Andrew Rosenthal Case No. 04 CH 11729 | Circuit Court of Cook County, Illinois County Department, Chancery Division | Sperling & Slater P.C. | Employment Contract Dispute | Trial: 2008 Dep: 2007 Report: 2007 |
| Cooper Tire and Rubber Co. v. John Booth Farese, et al Case No. 3:02cv210-P-A | U.S. District Court for the Northern District of Mississippi Western Division | Smith & Fawer LLC | Securities Stock Drop from Disparagement | Dep: 2008 Report: 2008 |
| Sendtec, Inc., a Delaware Corporation v. Cosmetique, Inc., an Illinois Corporation | U.S. District Court Middle District of Florida Tampa Division | Zuckerman Spaeder LLP | Breach of Contract | Report: 2008 |
| Mohawk Industries, Inc. and Shaw Industries, Inc. v. Interface, Inc. Case No. 4:07-CV-212-HLM | U.S. District Court for the Northern District of Georgia Rome Division | Kilpatrick Stockton LLP | False Marking | Dep: 2008 Report: 2008 |
| The First Years, Inc. and Learning Curve Brands, Inc. v. Munchkin, Inc. Case No. 07-C-0558-C | U.S. District Court, Western District of Wisconsin | Michael Best & Friedrich LLP | Patent Infringement | Dep: 2008 Report: 2008 |
| Transtar Holdings #2, LLC, Claimant v. A.M. Castle & Co., Respondent Case No. 14 180 Y 00334 08 | American Arbitration Association | Schiff Hardin & Waite LLP | Post-Acquisition Dispute | Trial: 2008 Dep: 2008 Report: 2008 |
| Ryan Kavanaugh v. Michael Sitrick, individually and as Trustee of the Michael and Nancy Sitrick Trust; Does 1-20 Case No. BC 359968 | Superior Court of the State of California, County of Los Angeles | Bell Boyd & Lloyd LLP, K&L Gates LLP | Fraud Investigation and General Commercial Damages | Trial: 2008 Dep: 2007 Report: 2007 |
| Willamette Management Associates, Inc. v. Robert S. Socol, Scott Levine, Susan Gould, Andrew Ward, and Stout Risius Ross, Inc. Case No. 04 CH 20961 | Circuit Court of Cook County, Illinois, County Department Chancery Division | Katten Muchin Zavis & Rosenman LLP | Employment Contract Dispute and Valuation | Dep: 2007 Report: 2007 |
| Dow Agrosciences LLC and University of Florida Research Foundation, Inc. v. Whitmire Micro-Gen Research Laboratories, Inc. Case No. 1:06-cv-1140-DFH-TAB | U.S. District Court Southern District of Indiana, Indianapolis Division | Barnes & Thornburg LLP | Patent Infringement | Dep: 2007 Report: 2007 |
| Lovejoy, Inc. v. Corning Incorporated Case No. 1:04-CV-02405 | U.S. District Court for the Northern District of Illinois Eastern Division | Seyfarth Shaw LLP | General Commercial Dispute | Report: 2007 |
| Ben Venue Laboratories, Inc. v. Hospira, Inc. Case No. 1:05 CV 1787 | U.S. District Court, Northern District of Ohio, Eastern Division | Marshall Gerstein & Borun LLP | Patent Infringement | Dep: 2007 Report: 2007 |

underline indicates client

# Mark J. Hosfield
## Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---------|-------|----------|------|-----------|
| JDL Development Interests, LLC and Dearborn Maple Venture LLC v. SCI Illinois Services, Inc. Case No. 51 115 Y 0089 06 | American Arbitration Association | Wildman Harrold Allen & Dixon | Breach of Contract | Trial: 2007 Dep: 2007 Report: 2007 |
| Cytologix Corporation v. Ventana Medical Systems, Inc. Case No. 01-10178-RWZ, Case No. 00-12231-RWZ | U.S. District Court for the District of Massachusetts | Kirkland & Ellis LLP | Patent Infringement and Antitrust | Dep: 2007 Report: 2007 |
| Gerald Forsythe, Michelle R. Fawcett, Marsha Fournier, Monica Breslow, Melissa S. Forsythe, and John W. Salyer, Jr., Plaintiffs v. Black Hills Corporation, a South Dakota Corporation, Daniel P. Landguth, Everett E. Hoyt, David R. Emery, Mark T. Thi Case No. 04 C 5361 | U.S. District Court, Northern District of Illinois, Eastern Division | Davis Graham & Stubbs LLP | Post-Acquisition Dispute | Dep: 2007 Report: 2007 |
| Independent Trust Corporation v. Fidelity National Title Insurance Company of New York Case No. 05 C 05749 | U.S. District Court, Northern District of Illinois, Eastern Division | Sperling & Slater P.C. | Fraud Investigation and General Commercial Damages | Dep: 2007 Report: 2007 |
| River Plate Family Partnership, et al. v. Northern Trust Bank of Florida, N.A. Case No. 05-18328 | Circuit Court of the 11th Judicial Circuit, in and for Miami Dade County, Florida | Holland & Knight LLP | Securities Account Management Damages | Dep: 2007 Report: 2007 |
| Chethana Chandrupatla, Plaintiff v. Toyota Motor Corporation, Toyota Motor Company, Ltd, Toyota Motor Sales, USA, Inc. Toyota Technical Center, USA, Inc. Higgins Road Sales, Inc. Woodfield Lexus and Kazimierz Koziol Case No. 03 L 008370 | Circuit Court of Cook County Illinois, Law Division | Donohue Brown Mathewson & Smyth LLC | Personal Injury Damages | Dep: 2006 Report: 2006 |
| David Conney, M.D., Plaintiff v. The Northern Trust Company, Defendant Case No. 03cv3325 | State of Wisconsin, Circuit Court, Dane County | Michael Best & Friedrich LLP | Securities Account Management Damages | Trial: 2006 Report: 2006 |
| Steven J. Shepherd, Daryl W. Shepherd and Douglas R. Wedding v. Galileo International, Inc. Case No. 13 489Y 01313 05 | American Arbitration Association | Morgan Lewis & Bockius LLP | Employment Contract Dispute | Trial: 2006 Report: 2006 |
| Michael J. Revord v. One Mezzanine Capital Corporation, f/k/a Banc One Mezzanine Corporation Case No. 05C-02-226 PLA | Circuit Court for New Castle County, Delaware | Winston & Strawn LLP | Employment Contract Dispute | Dep: 2006 Report: 2006 |

underline indicates client

# Mark J. Hosfield
## Testimony Experience

| *Lawsuit* | *Court* | *Law Firm* | *Type* | *Testimony* |
|---|---|---|---|---|
| Jay D. Vanier; Kathleen A. Vanier; and Sharon L. Sperte, Claimants, v. <u>Western Star Ag. Resources, Inc.; Star E-2, LLC; Star G, Inc.; John ("Jack") K. Vanier; Joyce V. Hale; and Jerry D. Vanier and Carole Wells Vanier</u><br>Case No. CV2004-022592 | Arbitration Proceedings Conducted by Order in Maricopa County Arizona Superior Court | Wildman Harrold Allen & Dixon | Valuation Litigation | Report: 2006 |
| <u>American Roller Company, LLC,</u> v. Foster-Adams Leasing, LLP, Foster-Adams LLP, Russell M. Foster, and Larry H. Adams<br>Case No. 05-3014 | U.S. District Court, Northern District of Illinois, Eastern Division | Goldberg Kohn Ltd. | Post-Acquisition Dispute and Valuation | Dep: 2006<br>Report: 2006 |
| American Union Insurance v. <u>Gregory Shepard, Merrick Hayes, and Patrick Busch</u><br>Case No. 04-CH-11 | Court of the Eleventh Judicial Circuit McLean County, State of Illinois | Sidley & Austin LLP | Fraud Investigation and General Commercial Damages | Dep: 2006<br>Report: 2006 |
| Deborah Eaves, William O'Hara, and David Tegart v. <u>Earthlink, Inc.</u><br>Case No. 05-CV-97274 | Superior Court of Fulton County, State of Georgia | Hunton & Williams LLP | Class Action | Dep: 2006<br>Report: 2006 |
| <u>Kmart Corporation</u> v. Capital One Bank<br>Case No. 03-0055092-CK | State of Michigan, in the Circuit Court for the County of Oakland | Kirkland & Ellis LLP | Breach of Contract | Dep (2): 2006, 2005<br>Report: 2005 |
| <u>Olson & Hierl, Ltd.</u> Plaintiff/Counter-Defendant v. Nova Solutions, Inc. Defendant/Counter-Plaintiff<br>Case No. 03 L 1706 | Circuit Court of Cook County, Illinois Law Division | Wildman Harrold Allen & Dixon | Legal and Accounting Malpractice | Dep: 2006<br>Report: 2006 |
| Nahmad, Lankau and Weinberger, P.A. v. <u>Northern Trust Bank of Florida N.A.</u><br>Case No. 04-21409-CIV-MORENO/Garber | U.S. District Court Southern District of Florida Miami Division | Holland & Knight LLP | Securities Account Management Damages | Trial: 2006<br>Dep: 2005<br>Report: 2005 |
| Pomerantz, et al., v. <u>Northern Trust Bank of Florida N.A., et al.</u><br>Case No. 02-015246 | Broward Circuit Court | Holland & Knight LLP | Securities Account Management Damages | Dep: 2005<br>Report: 2005 |
| <u>Toysrus.com LLC, et al.</u> v. Amazon.com, et al.<br>Case No. PAS-C-96-04 | Superior Court of New Jersey Chancery Division Passaic County | Wildman Harrold Allen & Dixon | Contract Dispute | Trial: 2005<br>Dep: 2005<br>Report: 2005 |
| Victor Arias, et al. v. <u>Deloitte & Touche LLP, et al.</u><br>Case No. 1340004477 | Jams Arbitration | Sidley Austin Brown & Wood LLP | Valuation | Trial: 2005<br>Dep: 2005<br>Report: 2005 |
| <u>E.I. DuPont De Nemours and Company</u> v. Cardinal Health 200, Inc. BBA U.S. Holdings, Inc. and BBA Nonwovens Simpsonville, Inc.<br>Case No. 3:03-0848 | U.S. District Court Middle District of Tennessee Nashville Division | Bartlit Beck Herman Palenchar & Scott LLP | Patent Infringement and Contract Dispute | Dep: 2005<br>Report: 2005 |

underline indicates client

# Mark J. Hosfield
## Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---------|-------|----------|------|-----------|
| J.B. Hunt Transport, Inc. v. BNSF Railway Company<br>Case No. 71 181 Y 00490 04 | American Arbitration Association | Crowell & Moring LLP | Contract Dispute | Trial: 2005<br>Dep: 2005<br>Report: 2005 |
| EVI U. Chamness v. Northern Trust Bank of Florida<br>Case No. 03-001939-12 | Circuit Court of the 17th Judicial Circuit In and For Broward County, Florida | Holland & Knight LLP | Securities Account Management Damages | Dep: 2005<br>Report: 2005 |
| Christian Turner, et al. v. Equity Residential Properties Trust, ERP Operating Limited Partnership, Equity Residential Properties Management Limited Partnership, and Does 1-100<br>Case No. CV-808619 | Superior Court of the State of California for the County of Santa Clara | Luce, Forward, Hamilton & Scripps LLP | Class Action | Dep: 2005<br>Declaration: 2005 |
| Marsh USA, Inc. and Marsh McLennan Companies, Inc. v. James S. Wylie and Palmer & Cay, Inc.<br>Case No. 03-C-3597 | U.S. District Court for the Northern District of Illinois | Winston & Strawn LLP | Employment Contract Dispute | Dep: 2005<br>Report: 2005 |
| Whirlpool Properties, Inc., and Whirlpool Corp. v. LG Electronics, USA and LG Electronics, Inc.<br>Case No. 1:03-CV-414 | U.S. District Court for the Western District of Michigan, Southern Division | Leydig Voit & Mayer Ltd. | Trademark | Dep: 2004<br>Report: 2004 |
| Grand Vehicle Works Holdings Corporation v. Thomas Frey and Richard Fish<br>Case No. 03 C 7948 | U.S. District Court, Northern District of Illinois, Eastern Division | Perkins Coie LLP | Employment Contract Dispute | Dep: 2004<br>Report: 2004 |
| Bryant H. Prentice III v. Jack Berger, et al.<br>Case No. 00 CH 08930 | Circuit Court of Cook County, Illinois, Chancery Division | Lord Bissell & Brook | Real Estate and Contract Dispute | Dep: 2004<br>Report: 2004 |
| Marsh USA, Inc. v. Kendall Empey and Palmer & Cay, Inc.<br>Case No. 03-CI-05682 | Commonwealth of Kentucky, Jefferson Circuit Court, Division Nine | Winston & Strawn LLP | Employment Contract Dispute | Trial: 2004<br>Dep: 2004<br>Report: 2004 |
| TTR Enterprises Inc. et al., Claimants v. Deloitte & Touche, LLP, et al. Respondents<br>Case No. 11 Y 136002122 | Arbitration | Sidley Austin Brown & Wood LLP | Valuation | Dep: 2004<br>Report: 2004 |
| Tammy Yates, v. Equity Residential Properties<br>Case No. CA 02-14116 AB | Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida | Wildman Harrold Allen & Dixon | Class Action | Trial: 2004<br>Dep: 2004<br>Report (2): 2004, 2003 |
| Karl Schmidt Unisia, et al. v. Fort Wayne Pistons, LLC, et al.<br>Case No. 02D01-0101-CP-78 | State of Indiana, County of Allen in The Allen Superior Court | Sidley Austin Brown & Wood LLP | Post-Acquisition Dispute and ERISA Accounting | Dep: 2004<br>Report: 2004 |
| Unisource Worldwide, Inc. v. Chester Carrara, et al. and Midland Paper Company<br>Case No. 1:03-cv-01015-MMM | U.S. Distrct Court for the Central District of Illinois | Winston & Strawn LLP | Breach of Non-Compete Agreement | Report (2): 2004, 2003 |

underline indicates client

# Mark J. Hosfield
# Testimony Experience

| *Lawsuit* | *Court* | *Law Firm* | *Type* | *Testimony* |
|---|---|---|---|---|
| Marsh USA, Inc. and Marsh & McLennan Companies, Inc. v. Brent Vickery, et al. Case No. 03-13161-M | 298th Judicial District Court, Dallas County, Texas | Winston & Strawn LLP | Employment Contract Dispute | Dep: 2004 Report: 2004 |
| Marsh USA, Inc. and Marsh & McLennan Companies, Inc. v. Alejandra Evans and Palmer & Cay of District of Columbia, LLC. Case No. 1:03cv01757 (gk) | U.S. District Court for the District of Columbia | Winston & Strawn LLP | Employment Contract Dispute | Dep: 2004 Report: 2004 |
| James Holden and Christine Holden, Claimants, v. Deloitte & Touche, LLP, et al., Respondents Case No. 51 Y 168 00590 01 | Arbitration | Sidley Austin Brown & Wood LLP | Valuation | Trial: 2004 Dep: 2004 Report: 2004 |
| Systems Modeling Corporation v. Rockwell Software, Inc. | Arbitration | Quarles & Brady LLP | Dealer Termination and Breach of Contract | Trial: 2004 Dep: 2004 Report: 2004 |
| Bonneville Sports v. Polaris Industries | Arbitration | Kirkland & Ellis LLP | Breach of Contract | Trial: 2004 Dep: 2004 Report: 2004 |
| DSC v. Solo Cup Corp. | Arbitration | Katten Muchin Zavis & Rosenman LLP | Breach of Contract | Trial: 2004 Dep: 2004 Report: 2004 |
| Reade Griffith v. Citadel Investment Group, LLC Case No. 50 T11600629 02 | Arbitration | Winston & Strawn LLP | Employment Contract Dispute | Trial: 2004 Report: 2004 |
| Vigortone AG Products, Inc., formerly known as Provimi Acquisition Corporation v. PM Ag Products, Inc. Case No. 99C7049 | U.S. District Court, Northern District of Illinois, Eastern Division | Winston & Strawn LLP | Post-Acquisition Dispute | Trial: 2004 Dep: 2003 Report: 2003 |
| Convergys Corporation v. United States Cellular Case No. 51 Y 181 00791 03 | Arbitration | Howrey Simon Arnold & White, LLP | Breach of Contract | Trial: 2003 Report: 2003 |
| Hamilton Stores v. Delaware North | Arbitration | Kirkland & Ellis LLP | Valuation | Trial: 2003 Report: 2003 |
| Houston Wire & Cable Company v. Alltel Distribution, Inc. Case No. 01 CH 02185 | Circuit Court of Cook County, Illinois, Law Division | Seyfarth Shaw LLP | Post-Acquisition Dispute | Dep: 2003 Report: 2003 |
| Beloit Liquidating Trust v. PriceWaterhouseCoopers | Circuit Court, Milwaukee County, Wisconsin | Sidley Austin Brown & Wood LLP | Accounting Malpractice | Trial: 2003 Dep: 2003 Report: 2003 |
| Lynn E. Spitler v. Jenner Biotherapies, Inc. and Hayden Leason, et al. Case No. C 01-04394 WHA ARB | U.S. District Court for the Northern District of California | Keker & Van Nest, LLP, Wildman, Harrold, Allen & Dixon | Valuation and General Commercial Damages and Stock Valuation | Trial: 2003 Dep: 2002 Report (2): 2003, 2002 |

# Mark J. Hosfield
## Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---|---|---|---|---|
| Spectra Resources v. <u>National Steel Corp. & National Steel Corp. v. Spectra Resources, Inc., Louis Huber and William Wadlow</u><br>Case No. 4 00CV01816TIA | U.S. District Court for the Eastern District of Missouri, Eastern Division | Williams & Connelly LLP | Fraud Investigation and General Commercial Damages | Dep: 2003<br>Report: 2002 |
| BJ Services Company v. <u>Halliburton Energy Services, Inc.</u><br>Case No. H-00-0948 | U.S. District Court for the Southern District of Texas Houston Division | Bartlit Beck Herman Palenchar & Scott LLP | Patent Infringement | Trial: 2002<br>Dep: 2001<br>Report: 2001 |
| <u>Michael Labaj</u> v. Cosmos Manufacturing<br>Case No. 98L14473 | Circuit Court of Cook County | Robert Langendorf & Associates | Personal Injury/ Wrongful Death | Dep: 2002<br>Report: 2002 |
| <u>Dow Chemical Company</u> v. Fireman's Fund<br>Case No. N. 99 CV 10427 | U.S. District Court, Eastern District of Michigan, Northern Division | Mayer Brown & Platt LLP | Environmental Claim and Insurance Claim | Dep: 2002<br>Report: 2002 |
| <u>Anthony Gold, Software Communications & Hanson & Conners</u> v. Ziff Davis Communications 2nd deposition<br>Case No. 88 CH 10953 | Circuit Court of Cook County | Winston & Strawn LLP | Breach of Contract and Business Value Damages | Trial: 1999<br>Dep (5): 2002, 1999 (2), 1998, 1996<br>Report (4): 2002, 1999, 1998, 1996 |
| Ronald Peterson, et al. v. <u>BASF Corporation</u><br>Case No. C2-97-295 | State of Minnesota, County of Norman, District Court, Ninth Judicial District | Faegre & Benson LLP | Class Action | Trial: 2001<br>Dep: 2000<br>Report: 2000 |
| Combustion Power Company Ltd, National Power Company, Inc. v. <u>International Combustion Ltd, Rolls Royce Industrial Power</u><br>Case No. AAA #50T 110 0001501 | Arbitration | King & Spalding LLP | Breach of Contract and Power Plant Construction | Trial: 2001<br>Report: 2001 |
| <u>Daiwa Special Asset Corp.</u> v. James H. Desnick, MD<br>Case No. 00 Civ. 3856 | U.S. District Court, Southern District of New York | Weil, Gotshal & Manges LLP | Fraud Investigation and General Commercial Damages | Dep: 2001<br>Report: 2001 |
| Packaging Resources v. <u>Aurora Foods</u> | Arbitration | Winston & Strawn LLP | Post-Acquisition Dispute | Dep: 2001<br>Report: 2001 |
| <u>Rickey Poole and Kimberly Poole</u> v. Direct Transit, Inc.<br>Case No. 00 L 10279 | Circuit Court of Cook County, Illinois , Law Division | Robert Langendorf & Associates | Personal Injury/Wrongful Death | Dep: 2001<br>Report: 2001 |
| <u>Norcross Safety Products Co.</u> v. Siebe Sellers | Arbitration | Bartlit Beck Herman Palenchar & Scott LLP | Post-Acquisition Dispute | Dep: 2001<br>Report: 2001 |
| Frank E. Peters and Marta Chaikovska v. <u>The Northern Trust Company</u><br>Case No. 92 C 1647 | U.S. District Court for the Northern District of Illinois, Eastern Division | Wildman Harrold Allen & Dixon | Fraud Investigation and General Commercial Damages | Dep: 2001<br>Report: 2001 |

underline indicates client

# Mark J. Hosfield
# Testimony Experience

| *Lawsuit* | *Court* | *Law Firm* | *Type* | *Testimony* |
|---|---|---|---|---|
| Technology Solutions Company v. <u>Northrop Grumman Corporation</u> Case No. 93 L 7421 | Circuit Court of Cook County, Illinois, County Department Law Division | Wildman Harrold Allen & Dixon | Breach of Contract | Trial: 2001 Dep: 2000 Report: 2000 |
| <u>IPSCO Steel, Inc.</u> v. Mannesmann Dematic Corporation Case No. 3:99-CV-90095 | U.S. District Court, Southern District of Iowa , Central Division | Kirkland & Ellis LLP | Construction Claim and Breach of Contract | Dep: 2001 Report: 2001 |
| <u>Intertech Resources, Inc.</u> v. Vital Signs, Inc. Case No. 94C 5758 | U.S. District Court for the Northern District of Illinois, Eastern Division | Marshall Gerstein & Borun LLP | Patent Infringement | Trial: 1997 Dep: 2000, 1996 Report: 2000, 1997, 1996 |
| Ashley River Industries, Inc. and Coastal Marine Enterprises v. <u>Mobile Oil Corporation</u> Case No. 2:98-2964-11 | U.S. District Court for the District of South Carolina, Charleston Division | Hunton & Williams LLP | Environmental Claim | Dep: 2000 Report: 2000 |
| <u>Den-Mat Corporation</u> v. Bisco, Inc. Case No. CV-97-8985JMI | U.S. District Court for the Central District of California | Marshall O'Toole Gerstein Murray & Borun LLP | Patent Infringement | Dep: 1999 Report: 1999 |
| <u>Lawyers Title Insurance Corporation</u> v. Dearborn Title Corporation, Eileen Rasulis, and First Midwest Bank Case No. 94 C 3277 | U.S. District Court, Northern District of Illinois, Eastern Division | Wildman Harrold Allen & Dixon | Fraud Investigation and General Commercial Damages | Trial: 1999 Dep: 1997 Report (2): 1999, 1997 |
| Procter & Gamble Company v. <u>Paul Stoneham</u> Case No. A9805557 | Court of Common Pleas, Hamilton County, Ohio | Kirkland & Ellis LLP | Employment Contract Dispute | Dep: 1999 Report: 1999 |
| Bradley D. Mellot v. <u>International Data Response Corporation</u> Case No. 51 M 168 00179 | American Arbitration Association | | Employment Contract Dispute | Dep: 1999 Report: 1999 |
| <u>Pharmacy Buying Group of America, Inc.</u> v. AmeriSource Corporation Case No. 98-C-0094 | U.S. District Court for the Eastern District of Wisconsin | Montgomery, McCracken, Walker & Rhoads LLP | Breach of Contract | Dep: 1999 Report: 1999 |
| <u>Stepan Company</u> v. Winter Panel Corporation Case No. 95 C 0762 | U.S. District Court, Northern District of Illinois, Eastern Division | Wildman Harrold Allen & Dixon | Breach of Contract | Dep: 1999 Report: 1999 |
| <u>Lid Associates</u> v. Charles Dolan and Cablevision System Services Corporation Case No. 95 L 16680 | Circuit Court of Cook County, Illinois, Law Department | Canel Davis & King | Breach of Fiduciary Duty | Trial: 1999 Dep (2): 1999, 1998 Report: 1998 |
| Thornwood, Inc. v. <u>JF+A Properties</u> Case No. 98MR28 | Circuit Court of Lake County, Illinois | Figliulo & Silverman PC | Real Estate and Breach of Contract | Dep: 1999 Report: 1999 |
| Associated Dock Enterprises, et al. v. <u>Western Traction Company, et al.-supplemental hearing on offsets</u> Case No. A068907/A073664 | Sonoma County Court California | Bowman & Brooke LLP | Breach of Contract | Trial (2): 1999, 1998 Dep: 1998 Report: 1998 |

underline indicates client

# Mark J. Hosfield
# Testimony Experience

| *Lawsuit* | *Court* | *Law Firm* | *Type* | *Testimony* |
|---|---|---|---|---|
| <u>John Brown</u> v. Ag Processing<br>Case No. 8:CV96-000612 | U.S. District Court for the District of Nebraska | Lord Bissell & Brook | Breach of Contract and Construction Dispute | Dep: 1999<br>Report: 1999 |
| <u>John Morrell & Co.</u> v. Purina Mills<br>Case No. CV96-30039 | Circuit Court of Jackson County, State of Missouri | Husch & Eppenberger LLC | Breach of Contract | Dep: 1999<br>Report: 1999 |
| SK Hand Tool Corporation and Corcoran Partners, LTD. v. <u>Dresser Industries, Inc.</u><br>Case No. 96 L 14246 | Circuit Court of Cook County, Illinois, Law Department | Bartlit Beck Herman Palenchar & Scott LLP | Fraud Investigation and Post-Acquisition Dispute | Trial: 1998<br>Dep: 1998<br>Report: 1998 |
| Navistar International Transportation v. <u>Freightliner and American La France</u><br>Case No. 96C6922 | U.S. District Court, Northern District of Illinois, Eastern Division | Sidley Austin Brown & Wood LLP | Trademark | Dep: 1998<br>Report: 1998 |
| Helm Tomatos v. <u>Alfa Laval</u><br>Re- arbitration of old case | American Arbitration Association | Cooley Godward LLP Wildman Harrold Allen & Dixon | Breach of Contract and Business Value Damages | Trial (2): 1998, 1993<br>Report (2): 1998, 1993 |
| TW Recreational Services, Inc. v. <u>Firehole Entertainment Corp.</u><br>Case No. DV-97-163 | Montana Eighteenth Judicial District Court, Gallatin County | Law Offices of Michael Lilly | Breach of Contract | Dep: 1998<br>Report: 1998 |
| The Marley Company v. <u>FE Petro</u><br>Case No. 3-97-CV-70025, 3-97-CV-70071 | U.S. District Court for the Southern District of Iowa | Marshall O'Toole Gerstein Murray & Borun LLP | Patent Infringement | Dep: 1998<br>Report: 1998 |
| <u>Daniel McLean and Francis Butler</u> v. Alloyd, Windpoint, et al.<br>Case No. 95 CH 1422 | Circuit Court of Cook County Illinois, Chancery Division | Seyfarth Shaw LLP | Post-Acquisition Dispute and Valuation | Trial: 1998<br>Dep: 1998<br>Report: 1998 |
| <u>Eugene Horbach</u> v. Alvis Kaczmarek and One Three Six, Inc. f/k/a/ Shred Pax Corp.<br>Case No. 95 C 5180 | U.S. District Court for the Northern District of Illinois, Eastern Division | Wildman Harrold Allen & Dixon | Breach of Contract | Dep: 1998<br>Report: 1998 |
| <u>Procyon Pharmaceuticals</u> v. Alexis Corp. | Arbitration | Kirkland & Ellis LLP | Breach of Contract | Trial: 1997<br>Report: 1997 |
| <u>National Steel</u> v. S.M. Wilson<br>Case No. 94-L-20 | Circuit Court, Third Judicial Circuit, Madison County, Illinois | Williams & Connolly LLP | Valuation | Dep: 1997<br>Report: 1997 |
| <u>Avery Dennison Corp.</u> v. Huntsman Film Products Corp.<br>Case No. 5:96 CV 1893 | U.S. District Court, Northern District of Ohio | Brand & Novak Ltd. | Breach of Contract | Dep: 1997<br>Report: 1997 |
| <u>Rival Company</u> v. Sunbeam Corporation<br>Case No. 95-1179-CV-W-SOW | U.S. District Court Northern District of Illinois Eastern Division | McDermott Will & Emery LLP | Patent Infringement | Dep: 1997<br>Report: 1997 |

underline indicates client

# Mark J. Hosfield
# Testimony Experience

| *Lawsuit* | *Court* | *Law Firm* | *Type* | *Testimony* |
|---|---|---|---|---|
| Stoughton Trailers, Inc. v. Henkel Corporation<br>Case No. 96-C-580-C | U.S. District Court for the Western District of Wisconsin | Quarles & Brady LLP | Breach of Contract | Dep: 1997<br>Report: 1997 |
| Bulley & Andrews v. First Bank & Trust Company of Illinois, et al.<br>Case No. 51 110 00245 95 | American Arbitration Association | Jenner & Block LLP | Construction Claim | Trial: 1997<br>Report: 1997 |
| Leaf River Rural Cellular Telephone Co. v. Contel Cellular of Illinois<br>Case No. 92-CH-9 | Circuit Court of the Sixteenth Judicial Circuit, DeKalb County, IL | | Breach of Contract | Dep: 1996<br>Report: 1996 |
| David M. Whittaker v. Thomas Jaspers, et al.<br>Case No. 2-92-09349 | U.S. Bankruptcy Court, Southern District of Ohio, Eastern Division | | Bankruptcy | Dep: 1996<br>Report: 1996 |
| Severin (Henry) v. AMR Corp<br>Case No. 95 C 2249 | U.S. District Court, Northern District of Illinois, Eastern Division | Sidley Austin Brown & Wood LLP | Personal Injury/ Wrongful Death | Dep: 1996<br>Report: 1996 |
| Truck Components, Inc. and Gunite Corporation v. K-H Corporation, Hayes Wheels International, Inc. and Kelsey Hayes Company<br>Case No. 94-C 50250 | U.S. District Court for the Northern District of Illinois, Western Division | Butzel Long | Environmental Claim | Dep: 1996<br>Report: 1996 |
| Uta Dhlamini (Masilo) v. AMR Corp.<br>Case No. 95 C 1023 | U.S. District Court for the Northern District of Illinois, Eastern Division | Sidley Austin Brown & Wood LLP | Personal Injury/ Wrongful Death | Dep: 1996<br>Report: 1996 |
| Financial Marketing Services, Inc. v. Hawkeye Bank & Trust of Des Moines<br>Case No. CL 65697 | Iowa District Court for Polk County | | Breach of Contract | Trial: 1996<br>Dep: 1996<br>Report: 1996 |
| S. David Stuhlberg, et al. vs. Intermedics Orthopedics, Inc., et al.<br>Case No. 94 C 4805 | U.S. District Court for the Northern District of Illinois, Eastern Division | | Breach of Contract | Trial: 1996<br>Dep: 1996<br>Report: 1996 |
| Fru-Con Construction v. Southwestern Bell Redevelopment Corp. II | Arbitration - St. Louis, MO | Greensfelder Hemker & Gale P.C. | Construction Claim | Trial: 1996<br>Report: 1996 |
| Jacqueline Lavite v. Laurence Wagoner, Dunn and Bradstreet, Inc., et. al.<br>Case No. 92-L-739 | Circuit Court, Third Judicial Circuit, Madison County, Illinois | | Employment Contract Dispute | Dep: 1996<br>Report: 1996 |
| Fru-Con Construction v. Home Insurance Company<br>Case No. 4:93CV2220CAS | U.S. District Court, Eastern District of Missouri Eastern Division | Greensfelder Hemker & Gale P.C. | Construction Claim | Dep: 1996<br>Report: 1996 |
| AT&T, Commonwealth Edison, IL Bell and Universities Research v. Elgin Salvage & Supply, Gordon Roth, Jerome Roth and Harold Siegle<br>Case No. 94-C-1685 | U.S. District Court, Northern District of Illinois, Eastern Division | Sidley Austin Brown & Wood LLP | Environmental Claim | Dep: 1996<br>Report: 1996 |

underline indicates client

# Mark J. Hosfield
# Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---|---|---|---|---|
| Renee Busse, et. al, v. <u>Paul L. Boyer</u><br>Case No. 93-L-61 | Circuit Court, Third Judicial Circuit Madison County, Illinois | | Employment Discrimination | Dep: 1996<br>Report: 1996 |
| Dubuque Racing Association, Ltd v. <u>Dubuque Casino Belle, Inc.</u><br>Case No. 49379 | Iowa District Court for Dubuque County | | Breach of Contract | Trial: 1996<br>Dep: 1996<br>Report: 1996 |
| Industrial Specialty Chemicals, Inc. v. <u>Cummins/Fleetguard</u><br>Case No. 94-C-5378 | U.S. District Court, Northern District of Illinois, Eastern Division | Seyfarth Shaw LLP | Breach of Contract | Dep: 1995<br>Report: 1995 |
| Linda A. Brewer v. Robert N. Brewer<br>Case No. 95-D-118 | Circuit Court of Illinois, First Judicial Circuit, Williamson County | | Valuation | Dep: 1995<br>Report: 1995 |
| Edward Lowe Industries, Inc. v. <u>Oil-Dri Corporation of America and Marcal Paper Mills, Inc.</u><br>Case No. 94 C 7568 | U.S. District Court for the Northern District of Illinois | Wildman Harrold Allen & Dixon | Patent Infringement | Dep: 1995<br>Report: 1995 |
| Del Ricco Bros. Construction, Inc. v. <u>Cole Taylor Bank, formerly known as Cole Taylor/Ford City</u><br>Case No. 91 L 9604 | Circuit Court of Cook County, Illinois, Law Division | Katten Muchin Zavis & Rosenman LLP | Breach of Contract | Dep: 1995<br>Report: 1995 |
| McCartin McAuliffe Mechanical Contractor, Inc. v. <u>Midwest Gas Storage, Inc.</u><br>Case No. 11C01-9403-CP-053 | Circuit Court of Indiana | Kirkland & Ellis LLP | Construction Claim | Trial: 1996<br>Dep: 1995<br>Report: 1995 |
| Florence Pollack as Trustee of the Trust of Bernard Pollack, and James Pollack v. <u>Jenner and Block</u><br>Case No. 91-38986 CA 01 | Circuit Court of Dade County, Florida, 11th Judicial Circuit | Hill Ward & Henderson | Legal and Accounting Malpractice | Dep: 1995<br>Report: 1995 |
| Wendell D. Busch, Dale J. Champoux, Stewart J. Fluent, Marlyn J. Jerke, Thomas E. Van Veldhuizen, David Wolf and David J. Otis, v. <u>Doerfer Engineering, a Division of Container Corporation America, an Affiliate of Jefferson Smurfit Corporation</u><br>Case No. 73842 | Iowa District Court, Black Hawk County | | Employment Contract Dispute | Dep: 1995<br>Report: 1995 |
| Oliver (Kazehara) v. <u>USAir, Inc.</u><br>Case No. 1: 94-CV-9004 | U.S. District Court for the Northern District of Ohio, Eastern Division | Dombroff & Gilmore P.C. | Personal Injury/ Wrongful Death | Trial: 1995<br>Dep: 1995<br>Report: 1995 |
| <u>Akzo Chemical</u> | Arbitration | Wildman Harrold Allen & Dixon | Breach of Contract | Trial: 1994<br>Report: 1994 |
| <u>Medco</u> v. Fujisawa, Inc. | U.S. District Court for the Northern District of Illinois, Eastern Division | Jones Day Reavis & Pogue | Patent Infringement | Trial: 1994<br>Report: 1994 |

underline indicates client

# Mark J. Hosfield
## Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---------|-------|----------|------|-----------|
| Consolidated Lewis Investment Corp v. Heller Financial, Inc. & Hibernia National Bank<br>Case No. 86-10256 | U.S. Bankruptcy Court, Middle District of Louisiana | | Real Estate and Contract Dispute | Dep: 1994<br>Report: 1994 |
| Alice Adams, as Special Administrator to the Estate of Deborah Adams v. Michael Reese Health Plan<br>Case No. 89 L 10619 | Circuit Court of Cook County, Illinois | | Personal Injury/ Wrongful Death | Dep: 1994<br>Report: 1994 |
| Mid American Construction v. Schal | Arbitration | | Bankruptcy | Dep: 1994<br>Report: 1994 |
| Sidney and Marilyn Nudelman v. USAir, Inc., et al.<br>Case No. 1:92-CV-9020 | U.S. District Court for the Northern District of Ohio, Eastern Division | Dombroff & Gilmore P.C. | Personal Injury/ Wrongful Death | Dep: 1994<br>Report: 1994 |
| Estate of Thoral J. Mitchell and Virginia Rini Mitchell v. USAir, Inc., et al.<br>Case No. 1:92-CV-9008 | U.S. District Court for the Northern District of Ohio, Eastern Division | Dombroff & Gilmore P.C. | Personal Injury/ Wrongful Death | Dep: 1994<br>Report: 1994 |
| Richard Lawson v. USAir, Inc., et al.<br>Case No. 1:92-CV-9002 | U.S. District Court for the Northern District of Ohio, Eastern Division | Dombroff & Gilmore P.C. | Personal Injury/ Wrongful Death | Dep: 1994<br>Report: 1994 |
| Kendra St. Charles v. USAir, Inc., et al.<br>Case No. 1:92-CV-9002 | U.S. District Court for the Northern District of Ohio, Eastern Division | Dombroff & Gilmore P.C. | Personal Injury/ Wrongful Death | Trial: 1994<br>Dep: 1994<br>Report: 1994 |
| The Libman Company v. Vining Industries, Inc.<br>Case No. 93-CV-2283 | U.S. District Court, Central District of Illinois | Marshall O'Toole Gerstein Murray & Borun LLP | Trademark | Trial: 1994<br>Dep: 1994<br>Report: 1994 |
| Raymond Paskus v. Turner Construction | Circuit Court of Cook County, Illinois | | Personal Injury/ Wrongful Death | Dep: 1994<br>Report: 1994 |
| Allenson v. Hoyne Savings & Loan<br>Case No. 90 CH 10351 | Circuit Court of Cook County | Krislov & Associates LLP | Class Action | Dep: 1994<br>Report: 1994 |
| Miyano Machinery, Inc. v. Dick Zonar | Cook County Circuit Court, Law Division | | Breach of Contract | Trial: 1994<br>Report: 1994 |
| American Environmental v. 3-J Insurance Agency<br>88 L 0226 | Circuit Court of DuPage County, Illinois | Querrey & Harrow Ltd. | Breach of Contract | Trial: 1994<br>Dep: 1993<br>Report: 1993 |
| Northwestern Memorial Hospital v. Fisher Imaging Systems<br>Case No. 87 L 24508 | Circuit Court of Cook County, Illinois | Gardner Carton & Douglas LLP | Breach of Contract | Dep: 1993<br>Report: 1993 |
| Jacobs Engineering v. West Grand Corp, American Bio-Synthetics, Bell Aromatics,<br>Case No. 90 CV 01553 | State of Wisconsin, Circuit Court, Milwaukee County, Civil Division | Stein Ray & Conway LLP | Construction Claim | Dep: 1993<br>Report: 1993 |
| Sandoval v. U.S. Dismantlement | Circuit Court of Cook County | | Personal Injury/ Wrongful Death | Dep: 1992<br>Report: 1992 |

# Mark J. Hosfield
## Testimony Experience

| Lawsuit | Court | Law Firm | Type | Testimony |
|---------|-------|----------|------|-----------|
| Pelletech v. <u>Norwest Bank</u> | State Court, Manitowoc Wisconsin | Quarles & Brady LLP | Breach of Contract | Trial: 1993<br>Dep: 1992<br>Report: 1992 |
| TSC v. <u>NCH Promotional Services</u><br>Case No. 91 L 903 | Circuit Court of Lake County, Illinois | Kirkland & Ellis LLP | Breach of Contract | Trial: 1993<br>Dep: 1992<br>Report: 1992 |
| Applied Resources, Inc. v. <u>Electronic Display Systems, dba EDS, a Division of Chief Industries, Inc.</u><br>Case No. 90-2370-V | U.S. District Court for the District of Kansas | | Breach of Contract | Trial: 1992<br>Dep: 1992<br>Report: 1992 |
| F.E. Moran v. U.S. Fire Protection and F.E. Moran, Inc. v. <u>Gregg Huennekens</u><br>Case No. 87 L 03279, 87 L 13940 | Circuit Court of Cook County, Illinois | Wildman Harrold Allen & Dixon | Employment Contract Dispute | Trial: 1992<br>Dep: 1992<br>Report: 1992 |
| David Ensminger v. <u>Northwest Hospital and Susan M. Burhop, R.N.</u><br>Case No. 85 L 19113 | Circuit Court of Cook County, IL, Law Division | | Personal Injury/ Wrongful Death | Dep: 1991<br>Report: 1991 |
| Berner Matter | Illinois | | | Dep: 1991<br>Report: 1991 |
| Dale Smith v. <u>United Cab Company</u> | Circuit Court of Cook County, Illinois | | Personal Injury/ Wrongful Death | Dep: 1991<br>Report: 1991 |
| MBL (USA) Corp v. <u>Frederick Diekman</u><br>Case No. 80 CH 9021 | Circuit Court of Cook County, Illinois | Arvey Hodes Costello & Burman | Breach of Contract and Valuation | Dep: 1991<br>Report: 1991 |
| Heartbeat v. <u>Canbra Foods</u> | Federal Court, San Francisco | Sidley & Austin LLP | Trademark | Trial: 1990<br>Dep: 1990<br>Report: 1990 |
| Bertram Coleman v. <u>Sevko, Inc.</u> | Circuit Court of Cook County, Illinois | Rudnick & Wolfe LLP | Breach of Contract | Dep: 1990<br>Report: 1990 |
| <u>Cornbelt Meats</u> v. Omeco Boss | Minnesota | | Breach of Contract | Dep: 1990<br>Report: 1990 |
| <u>Broad Vogt & Conant</u> v. Harnischfeger Industries | American Arbitration Association | Jaffe, Raitt, Heuer Weiss P.C. | Construction Claim | Trial: 1990<br>Dep: 1990<br>Report: 1990 |
| Capplanco Eleven, Inc. v. <u>Xerox</u><br>Case No. 88 C 9565 | U.S. District Court Northern District of Illinois Eastern Division | Foss, Schuman, Drake & Barnard | Breach of Contract | Trial: 1990<br>Dep: 1990<br>Report: 1990 |
| <u>Mellon Stuart</u> v. Horowitz Matthews | American Arbitration Association | Rudnick & Wolfe LLP | Construction Claim | Trial: 1990<br>Report: 1990 |
| <u>Michigan Adams Partnership</u> v. Borg Warner | American Arbitration Association | Foss, Schuman, Drake & Barnard | Breach of Contract and Real Estate | Trial: 1989<br>Report: 1989 |
| Chicago Export v. <u>Teledyne</u><br>Case No. 82 CH 4870 | Circuit Court of Cook County, Illinois | | Breach of Contract | Dep: 1989<br>Report: 1989 |

underline indicates client

# Mark J. Hosfield
## Testimony Experience

| *Lawsuit* | *Court* | *Law Firm* | *Type* | *Testimony* |
|---|---|---|---|---|
| Marion Health Center v. Rossetti | State Court in Iowa | | Construction Claim | Dep: 1989<br>Report: 1989 |
| Gerson Electric v. Honeywell | Federal Court Chicago | Rooks Pitts & Poust | Breach of Contract | Trial: 1989<br>Dep: 1989<br>Report: 1989 |
| Wallace Business Forms v. Sun Microsystems | U.S. District Court, Northern District of Illinois, Eastern Division | Leydig Voit & Mayer Ltd. | Trademark | Dep: 1989<br>Report: 1989 |
| Superior Construction v. Michigan City Sanitary District | American Arbitration Association | Michael S. Bergerson Law Office | Construction Claim | Dep: 1989<br>Report: 1989 |
| Laura Jean Skogg v. Jim Hinchey | State Court Green Bay Wisconsin | | Valuation | Trial: 1989<br>Dep: 1989<br>Report: 1989 |
| Calumet Construction v. Metropolitan Sanitary District of Chicago<br>Case No. 86 CH 10599 | Circuit Court of Cook County, Illinois Law Division | O'Brien, O'Rourke, Hogan & McNulty | Construction Claim | Dep: 1988<br>Report: 1988 |

underline indicates client

Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated, v. Jones Lang LaSalle Americas (Illinois), LP

Exhibit 2

Documents Considered in Forming Opinions

| Beginning Bates | Ending Bates | Description |
|---|---|---|
| | | **Legal Pleadings** |
| | | Plaintiff's Motion for Rule 23 Class Certification, dated January 31, 2020 |
| | | Defendant's Objections and Answers to Plaintiff's First Set of Interrogatories, dated September 5, 2019 |
| | | Amended Class Action Complaint, dated September 6, 2019 |
| | | Plaintiff Wacker Drive Executive Suites, LLC's Response to Defendant's First Set of Interrogatories, dated September 27, 2019 |
| | | Plaintiff Wacker Drive Executive Suites, LLC's Response to Defendant's First Set of Requests for Admission, dated September 27, 2019 |
| | | Plaintiff Wacker Drive Executive Suites, LLC's First Supplemental Response to Interrogatory No. 4 of Defendant's First Set of Interrogatories, dated February 11, 2020 |
| | | |
| | | **Depositions and Exhibits Thereto** |
| | | Deposition of Robert Kaestner, Ph.D., dated February 21, 2020 |
| | | Deposition of Stephen Zsigray, dated December 20, 2019 |
| | | Deposition of Larry A. Grossman, dated January 6, 2020 |
| | | Deposition of Amy Lynn Grossman, dated January 27, 2020 |
| | | Deposition of Amy Lynn Grossman, dated February 24, 2020 |
| | | Deposition of James Raisher, dated March 18, 2020 |
| | | |
| | | **Expert Reports** |
| | | Expert Opinion Report of Robert Kaestner, dated January 31, 2020 |
| | | Expert Opinion Report of James Raisher, dated January 31, 2020 |
| | | |
| | | **Academic Publications and Articles** |
| | | Thieblot, A.J. "The fall and Future of Unionism in Construction," Journal of Labor Research, Spring 2001 |
| | | Allen, Steven G. "Developments in Collective Bargaining in Construction in the 1980s and 1990s," Contemporary Collective Bargaining in the Private Sector, 1994 |
| | | Allen, Steven G. "Further Evidence on Union Efficiency in Construction," Industrial Relations, Spring 1988 |
| | | Bilginsoy, Cihan. "Union Wage Gap in the U.S. Construction Sector: 1983-2007," Industrial Relations, Summer 2013 |
| | | Blanchflower, David G. and Bryson, Alex. "What Effect Do Unions have on Wages Now and Would Freeman and Medoff Be Surprised?," Journal of Labor Research, Summer 2004 |
| | | Belman, Dale and Voos, Paula B. "Union Wages and Union Decline: Evidence from the Construction Industry," Industrial & Labor Relations Review, 2006 |
| | | Real Capital Markets 2019 Office Investor Sentiment Report, dated June 2019 |
| | | Rothstein, Matthew, "Even with growing rents tenant improvements are eating into landlord margins," dated July 7, 2019 |
| | | |
| | | **Additional Documents Produced** |
| | | cps_00013.dat |
| | | union-wage-differential-defendant.do |
| | | union-wage-differential-defendant-corrected-5-22-20.do |
| | | Cook County Prevailing Wage Rates, posted July 15, 2019 |
| | | Illinois Department of Labor Prevailing Wage Rates for July 2019 |
| | | Bureau of Labor Statistics Employer Costs for Employee Compensation, dated December 18, 2019 |
| | | |
| | | **Publicly Available Documents** |
| | | https://www.bloomberg.com/profile/company/0130817D:US |
| | | https://www.regus.com/investors/company-profile |
| | | https://www.bisnow.com/national/news/office/tenant-improvements-outweighing-rent-growth-smaller-margins-99738 |
| WACKER DRIVE_000001 | | |
| WACKER DRIVE_000009 | WACKER DRIVE_000013 | |
| WACKER DRIVE_000036 | WACKER DRIVE_000049 | |
| WACKER DRIVE_000050 | WACKER DRIVE_000070 | |
| WACKER DRIVE_000346 | WACKER DRIVE_000347 | |
| WACKER DRIVE_000365 | WACKER DRIVE_000366 | |
| WACKER DRIVE_000367 | WACKER DRIVE_000369 | |
| WACKER DRIVE_000428 | WACKER DRIVE_000452 | |
| WACKER DRIVE_000486 | WACKER DRIVE_000496 | |
| WACKER DRIVE_000591 | WACKER DRIVE_000602 | |
| WACKER DRIVE_015165 | | |
| JLL0003494 | JLL0003539 | |
| JLL00000803 | JLL00000825 | |

Exhibit 2

**Wacker Drive Executive Suites, LLC, on behalf of itself, individually, and on behalf of all others similarly situated, v. Jones Lang LaSalle Americas (Illinois), LP**
**Documents Considered in Forming Opinions**

| Beginning Bates | Ending Bates | Description |
|---|---|---|
| JLL00001050 | JLL00001067 | |
| JLL00001078 | JLL00001121 | |
| JLL00001129 | JLL00001139 | |
| JLL00001138 | JLL00001139 | |
| JLL00001140 | JLL00001143 | |
| JLL00001144 | JLL00001172 | |
| JLL00001818 | JLL00001821 | |
| JLL00002619 | JLL00002646 | |