THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WACKER DRIVE EXECUTIVE SUITES, LLC**, on behalf of itself, individually, and on behalf of all others similarly situated,<br><br>                    **Plaintiff,**<br><br>      v.<br><br>**JONES LANG LASALLE AMERICAS (ILLINOIS), LP,**<br><br>                    **Defendant.** | Case No. 1:18-cv-5492<br><br>Magistrate Judge Sunil R. Harjani |

**JOINT STATUS REPORT FOR
OUTSTANDING DISCOVERY**

Pursuant to the Court's September 23, 2020 Order (Dkt. No. 123), Plaintiff Wacker Drive Executive Suites, LLC ("WDES") and Defendant Jones Lang LaSalle Americas (Illinois), LP ("JLL") (collectively, "the Parties") respectfully submit the following Joint Status Report, which includes Plaintiff's and Defendant's report on outstanding discovery to be completed and a proposed schedule for the completion of discovery:

1. Plaintiff filed this lawsuit on August 13, 2018. (Dkt. No. 1).

2. On May 28, 2019, the Court denied JLL's Motion to Dismiss. (Dkt. No. 54.)

3. On July 19, 2019, the Parties submitted a Joint Initial Status Report and Competing Discovery Proposals. (Dkt. No 60.) While WDES and JLL each sought bifurcation of discovery, the Parties disagreed on how the bifurcation should be done. (*Id.* at 4-6.) At the status hearing on July 31, 2019, the Court denied "the parties' request to bifurcate discovery" and ordered that "[w]ritten discovery shall be issued by 8/30/2019." (Dkt No. 61.) The Court's July 31, 2019 ruling did not limit in any way the Parties' ability to take discovery.

1

4. On January 31, 2020, Plaintiff filed a Motion for Class Certification. (Dkt. No. 105). After several extensions based on the Chief Judge's COVID-19-related continuances of civil case deadlines, (*see* Dkt Nos. 116, 119 and 121), the Motion for Class Certification was fully briefed on August 14, 2020. (*See* Dkt Nos. 105, 125, and 132.)

5. JLL also filed a Motion to Exclude the Expert Testimony of Dr. Robert Kaestner on June 12, 2020. (Dkt. No. 126.) The Motion to Exclude was fully briefed on August 28, 2020. (*See* Dkt Nos. 126, 132, and 133.)

6. On September 23, 2020, the Court issued a Memorandum Opinion and Order denying both Plaintiff's Motion for Class Certification and Defendant's Motion to Exclude the Expert Testimony of Dr. Robert Kaestner, without prejudice, and requesting that the Parties submit this Joint Status Report. (Dkt. Nos. 134, 135.)

7. To date, the following discovery has taken place:

   a. The parties participated in the mandatory initial discovery program;

   b. The parties issued requests for document production and interrogatories, and JLL issued requests for admission, in August 2019;

   c. The Parties provided discovery responses and produced documents in September 2019 and have produced supplemental responses and documents through the progression of this case;

   d. In November 2019, Plaintiff issued subpoenas to the three unions at issue in this lawsuit: International Union of Operating Engineers Local 399; Service Employees International Union, Local 1; and Teamsters Local 705 (the "Unions"). In November and December 2019, the three unions produced documents responsive to the subpoenas.

   e. Defendant took the depositions of Larry Grossman, Amy Grossman, in her

capacity as both a lay witness and WDES's corporate representative, and WDES's expert witnesses, Robert Kaestner and James Raisher; and

f. Plaintiff took the depositions of Frank Falzone, JLL's corporate representative, Stephen Zsigray, and JLL's expert witness, Mark Hosfield.

8. **WDES's Proposal**:

   a. The Court has given WDES leave to file a renewed Motion for Class Certification, and specifically, for WDES to further brief the conspiracy issue and RICO enterprise issue central to its Motion for Class Certification. (Dkt. No. 134). The Parties previously agreed to table ESI discovery until after the completion of class certification – as such, no ESI discovery from JLL has been completed to date and, specifically, JLL has not produced responses to requested email searches. WDES believes that the outstanding discovery that must be completed to answer these critical questions may include, but is not limited to:

      i. A 30(b)(6) deposition of an individual at JLL knowledgeable about the servers used by the company, in light of JLL's statements that it does not possess the servers containing its emails;

      ii. ESI discovery including, amongst other things, JLL's internal and external communications regarding the union-only rule;

      iii. Subpoenas to entities including, but not limited to, representatives from the three labor unions at issue in this suit for the production of witnesses;

      iv. The deposition of the individual for JLL responsible for overseeing all buildings managers for JLL properties in the Chicago Loop; and

      v. Documents and depositions from the landlords of the buildings at issue

3

      managed by JLL.

  b. As the next stages of discovery involve subpoenas and identification of the owners and custodians of documents and ESI, WDES at this time cannot state exactly when it can complete discovery related to the RICO conspiracy issue sufficient to resubmit its Motion for Class Certification. Additional subpoenas, depositions, and document requests might be warranted, depending on what is uncovered during the next stages of discovery. Accordingly, WDES proposes that 90 days after the submission of this Joint Status Report (December 29, 2020), the Parties reconvene before the Court to provide an update on the status of discovery and propose deadlines for future discovery.

  c. WDES agrees with JLL's request that additional briefing on class certification should be limited to the commonality issue identified by the Court, and should consist of a supplemental brief by WDES and a supplemental response by JLL.

9. **JLL's Proposal:**

  a. The Court's Order denying class certification without prejudice only addresses commonality, particularly the threshold question of "whether JLL imposed a union-only requirement *pursuant to an agreement or conspiracy between JLL and the Unions*." (Dkt. No. 135 at 6, 14) (emphasis added). The Court denied Plaintiff's motion without prejudice "[i]n light of the potential for WDES to collect evidence supporting commonality during further discovery, which has not yet closed." *Id.* at 14. The Court specifically found that "[d]iscovery communications between JLL and the Unions may be useful in making the commonality determination." *Id.*

  b. From August 2019 until class certification briefing was completed on August

14, 2020, Plaintiff had a full and unfettered opportunity to take the discovery it believed it needed to meet its burden on its Motion for Class Certification. The Court did not bifurcate discovery, and WDES did not raise any discovery disputes with this Court. JLL produced more than 6,000 pages of documents responsive to Plaintiff's discovery requests, answered Plaintiff's interrogatories, and presented the witnesses Plaintiff sought to depose.

c. Further, Plaintiff subpoenaed the three unions at issue, requesting all correspondence and documents between the unions and JLL regarding labor relations at any of the buildings at issue, access to any of the buildings at issue, tenants' use of nonunion movers and/or nonunion contractors at the buildings at issue, and the lawsuit. (*See* Exhibits A, B, and C.) These subpoenas would have uncovered any communications between JLL and the three unions regarding the union-only rule. Notably, WDES did not attach any documents produced by the Unions to its Motion for Class Certification, because none showed any evidence of an agreement between JLL and the Unions. Nor did WDES seek to take the depositions of the Unions regarding the union-only rule, although there was ***nothing*** precluding WDES from doing so.

d. Plaintiff also issued a Rule 30(b)(6) Deposition Notice to JLL. (Ex. D.) Although Plaintiffs set out 12 topics for depositions, Plaintiffs inexplicably did not include a topic about communications between JLL and the Unions regarding the union-only rule.

e. Against this background, giving WDES a second bite at the apple with respect to meeting its burden under Rule 23 would be inconsistent with the discovery schedule in the case. Accordingly, JLL respectfully requests that the Court

       decide the Motion for Class Certification based on the record that WDES presented to this Court after having ample opportunity to do whatever discovery WDES thought it needed to do.

f. However, if this Court allows additional discovery prior to ruling on the Motion for Class Certification, it should be limited to the sole issue that the Court identified in its September 23, 2020 ruling, *i.e.*, "whether JLL imposed a union-only requirement *pursuant to an agreement or conspiracy between JLL and the Unions*." (Dkt. No. 135 at 6, 14) (emphasis added). That discovery should be limited to corporate representative depositions of the Unions and document requests to JLL limited to communications between JLL and the Unions between August 13, 2014 and the present. JLL should not have to prepare and present a second corporate representative for deposition after already having done so. There is no reason that this limited discovery cannot be completed in 42 days. Given the extensive resources that the Parties have put into class certification briefing, and because this Court's ruling on class certification will dictate how much additional discovery is needed, JLL submits that any remaining discovery should be tabled until after the Court rules on class certification.

g. Finally, JLL requests that additional briefing on class certification should be limited to the commonality issue identified by the Court, and should consist of a supplemental brief by WDES and a supplemental response by JLL.

Dated: September 30, 2020

Respectfully submitted,

| | |
|---|---|
| **WACKER DRIVE EXECUTIVE SUITES, LLC** | **JONES LANG LASALLE AMERICAS (ILLINOIS), LP** |
| */s/ Anna M. Ceragioli* | */s/ Scott T. Schutte* |
| One of Its Attorneys | One of Its Attorneys |

Ryan F. Stephan
James B. Zouras
Anna M. Ceragioli
STEPHAN ZOURAS, LLP
100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60601
Tel: 312.233.1550
Fax: 312.233.1560
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aceragioli@stephanzouras.com

Howard W. Foster
Matthew A. Galin
FOSTER PC
150 N. Wacker Drive, Suite 2150
Chicago, Illinois 60606
Tel: 1.312.726.1600
hfoster@fosterpc.com
mgalin@fosterpc.com

Aaron R. Walner
THE WALNER LAW FIRM LLC
555 Skokie Boulevard, Suite 250
Northbrook, Illinois 60062
Tel: 1.312.371.2308
awalner@walnerlawfirm.com
walner@walnerlawfirm.com

*Attorneys for Plaintiff*

Philip A. Miscimarra
Scott T. Schutte
Stephanie L. Sweitzer
Kevin F. Gaffney
Heather J. Nelson
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
5th Floor
Chicago, IL 60601
Tel: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
scott.schutte@morganlewis.com
stephanie.sweitzer@morganlewis.com
kevin.gaffney@morganlewis.com
heather.nelson@morganlewis.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on the 30th day of September, 2020, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to the following attorneys of record for Defendant:

Philip A. Miscimarra
Scott T. Schutte
Stephanie L. Sweitzer
Kevin F. Gaffney
Heather J. Nelson
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
5th Floor
Chicago, IL 60601
Tel: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
scott.schutte@morganlewis.com
stephanie.sweitzer@morganlewis.com
kevin.gaffney@morganlewis.com
heather.nelson@morganlewis.com

*Attorneys for Defendant*

/s/ Anna M. Ceragioli